TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PUSHKAL MISHRA (Cal. Bar No. 298695)
Special Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (714) 338-3503
    E-mail: pushkal.mishra@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), *et al.*,<br><br>        Defendants. | No. 5:26-cv-00322-SSS-RAO<br><br>**DEFENDANTS' OPPOSITION TO APPLICATION FOR LEAVE TO FILE CERTAIN DECLARATIONS UNDER PSEUDONYM, FOR LIMITED INTERIM PROTECTIVE ORDER, AND TO FILE DOCUMENTS UNDER SEAL**<br><br>Honorable Sunshine Suzanne Sykes |

Defendants oppose "APPLICATION for Leave to file Certain Declarations Under Pseudonym, for Limited Interim Protective Order, and to File Documents Under Seal," ECF No. 36, and "APPLICATION to file document *(Declarations in Support of Motion for Preliminary Injunction)* under seal," ECF No. 37 (together, "Application"), for the reasons set forth below, *inter alia*.

***First***, Plaintiffs' papers in support of their outstanding Motion for Preliminary Injunction, including the unredacted declarations, were required to be served on Defendants no later than March 10, 2026—i.e., 31 days before the April 10, 2026 hearing date for that motion. *See* C.D. Cal. L.R. 6-1 (requiring a 31-day notice for mail service of "the notice of motion"); C.D. Cal. L.R. 7-5 (requiring that "[m]oving papers" must "be served and filed with the notice of motion," including [t]he evidence upon which the moving party will rely in support of the motion). Plaintiffs picked that date even though they had not yet met and conferred with Defendants on the motion. *See, e.g.*, C.D. Cal. L.R. 7-3 (requiring such a conference "at least 7 days prior to the filing of the motion"); ECF No. 25 at 11-12 (the Court's Standing Order, requiring "counsel contemplating filing of any motion" to "first contact opposition counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution"); *id.* at 12 (providing that "[p]er Local Rule 7-3, if parties are unable to reach a resolution that eliminates the necessity for a hearing," then "counsel for the moving party must include a declaration, under penalty of perjury" regarding the circumstances surrounding the meet-and-confer). Plaintiffs knew how to contact the U.S. Attorney's Office and indeed contacted it—a day before filing the motion—to inform it that they would file the motion the next day and "will serve the motion . . . electronically per C.D. Cal. Local Rules 65-1 and 6-1 . . . ." Ex. A at 2 (a true and correct copy of that email thread) (emphasis omitted). That service was ineffective, moreover, since there was no agreement to accept it electronically. Local Rule 6-1 establishes the timing for service of a motion, but does nothing to alter the service rules.

***Second***, Plaintiffs claim that the "facts"—circumstances laid bare in the declarations by those Applicants—are also "central to the litigation at hand . . . ." *Id.* at 3.

Yet Plaintiffs then turn around and assert that "[t]he redactions do not contain anything of substantive relevance to the motion . . . ." Ex. B at 2 (a true and correct copy of the email exchange between the parties' counsel related to an extension of the briefing schedule). But that is plainly wrong. The Plaintiffs' Application is premised on protecting the identification of the Applicants. *See, e.g.*, Application at 4-5. And those circumstances are inherently tied to the identity of the Applicants, the testifying parties who aver to those circumstances as being "true and correct," on which basis the Plaintiffs request the immediate issuance of mandatory coercive relief against the Defendants. Indeed, their identities are critical to Defendants' investigation into the "facts" averred to as "true and correct" in those declarations and their defense, both in terms of refuting the accuracy of those averments and in assembling opposing evidence.

As but just one example, the "Declaration of A.A.A.A.," whoever they might be, is extensive—stretching over 17 pages and 57 paragraphs. *See generally* ECF No. 34-10. Yet Defendants are now left to prepare their opposition to the motion—4 days past Plaintiffs' 31-day deadline to serve the motion papers, with no meaningful notice of the identity of the mysterious declarant-Applicant "A.A.A.A." and others. Moreover, Applicants have not and do not intend to "share their true identities confidentially . . . with Defendants' attorneys" unless this Court first issues "an appropriate protective order." Application at 7; *see also* Ex. B at 2 ("We will share the unredacted versions with you once the Court enters the requested protective order."). That continues to compound the prejudice to Defendants, who have a right to present a defense, rather than being required to accept the Applicants' allegations as true with no defense permitted—indeed, right from the get-go in opposing the pending motion—which Plaintiffs fail to appreciate. *See id.* ("Defendants face no risk of prejudice. . . . Defendants can litigate *at every stage* of this action without impediment." (emphasis added)).

Defendants respectfully request that the Court deny the Application.

Respectfully submitted,

Dated: March 14, 2026

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Pushkal Mishra*
PUSHKAL MISHRA
Special Assistant United States Attorney

Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for Defendants, certifies that the memorandum of points and authorities contains 742 words, which complies with the word limit of Local Rule 11-6.1.

Dated: March 14, 2026

*/s/ Pushkal Mishra*
PUSHKAL MISHRA