TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PUSHKAL MISHRA (Cal. Bar No. 298695)
Special Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (714) 338-3503
    E-mail: pushkal.mishra@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., *et al*.,<br><br>        Plaintiffs,<br><br>        v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), *et al*.,<br><br>        Defendants. | No. 5:26-cv-00322-SSS-RAO<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME TO OPPOSE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR JUDICIAL NOTICE**<br><br>[Declaration of Pushkal Mishra and Proposed Order filed concurrently]<br><br>Honorable Sunshine Suzanne Sykes<br>United States District Judge |

### *EX PARTE* APPLICATION TO EXTEND TIME TO OPPOSE

Pursuant to Local Rule 7-19 and this Court's procedures, Defendants respectfully apply ex parte for an order establishing their deadline to **April 20, 2026** (or such other time as the Court deems just and reasonable) for Defendants to oppose Plaintiffs' Motion for Preliminary Injunction ("Motion"), ECF No. 34, and Request for Judicial Notice, ECF No. 35.

**Urgency**. Plaintiffs seek sweeping preliminary relief through their vast Motion for Preliminary Injunction—asking this Court to immerse itself in the day-to-day control and administration over the premises and the personnel of Adelanto immigration detention center, effectively overriding the Executive Branch's broad discretion over "arrang[ing] for appropriate places of detention for [non-citizens] detained pending removal or a decision on removal" under 8 U.S.C. 1231(g)(1). *See* Proposed Order at 2-12, ECF No. 34-1; *see also Bell v. Wolfish*, 441 U.S. 520, 548 (1979) ("[J]udicial deference is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.").

Plaintiffs seek this broad threshold mandatory injunctive relief, which goes to the ultimate merits rather than simply preserving the status quo, even though they have (1) failed to serve complete papers underlying their Motion, (2) failed to meet and confer with Defendants prior to filing that Motion, (3) unilaterally set an unreasonably short hearing and opposing briefing on an enormously voluminous set of motion papers that Plaintiffs have been working on for weeks following the initial filing of their Complaint, and (4) Defendants' response to the Complaint, currently due on April 20, 2026, has not yet been filed. Plaintiffs' procedural maneuver effectively compresses the Defendants' response period to the underlying Complaint and forces substantive litigation of the complex merits even before threshold jurisdictional and statutory defenses can be resolved. Because preliminary injunctions are "an extraordinary remedy" requiring a clear showing of

entitlement—*Winter v. NRDC*, 555 U.S. 7, 22 (2008), the Court should defer consideration of the Motion until proper briefing and service is completed.

Plaintiffs' papers in support of their outstanding Motion for Preliminary Injunction, including the unredacted declarations, were required to be served on Defendants no later than March 10, 2026—i.e., 31 days before the April 10, 2026 hearing date for that motion. *See* C.D. Cal. L.R. 6-1 (requiring a 31-day notice for mail service of "the notice of motion"); C.D. Cal. L.R. 7-5 (requiring that "[m]oving papers" must "be served and filed with the notice of motion," including [t]he evidence upon which the moving party will rely in support of the motion). Plaintiffs picked that date even though they had not yet met and conferred with Defendants on the motion, which was filed as a noticed motion under Local Rule 6-1 rather than as a TRO-and-PI application. *See, e.g.*, C.D. Cal. L.R. 7-3 (requiring such a conference "at least 7 days prior to the filing of the motion"); ECF No. 25 at 11-12 (the Court's Standing Order, requiring "counsel contemplating filing of any motion" to "first contact opposition counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution"); *id.* at 12 (providing that "[p]er Local Rule 7-3, if parties are unable to reach a resolution that eliminates the necessity for a hearing," then "counsel for the moving party must include a declaration, under penalty of perjury" regarding the circumstances surrounding the meet-and-confer). Plaintiffs knew how to contact the U.S. Attorney's Office and indeed contacted it—a day before filing the Motion—to inform it that they would file the motion the next day and "will serve the motion . . . electronically per C.D. Cal. Local Rules 65-1 and 6-1 . . . ." Decl. of Pushkal Mishra ("Mishra Decl."), Ex. A at 2 (emphasis omitted).[1] That service was ineffective, however, since there was no agreement to accept it electronically under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Local Rule 6-1 establishes the timing for service of a motion, but does not alter the underlying service rules.

Plaintiffs claim that the "facts"—circumstances laid bare in the declarations by

---

[1] Previously, Plaintiffs had also served the U.S. Attorney's Office with the Summons and the Complaint. *See* ECF No. 33.

those declarants—are also "central to the litigation at hand . . . ." ECF No. 41 at 1-2 (citing ECF No. 36 at 3). Yet Plaintiffs later turned around and asserted that "[t]he redactions do not contain anything of substantive relevance to the motion . . . ." Mishra Decl., Ex. B at 3. But that is plainly wrong. Plaintiffs' request to file those declarations under pseudonym and under seal (ECF Nos. 36-37) is premised on protecting the identification of the declarants. *See, e.g.*, ECF No. 41 (citing ECF No. 36 at 4-5). And those circumstances are inherently tied to the identity of the declarants, the testifying parties who aver to those circumstances as being "true and correct," on which basis Plaintiffs request the immediate issuance of mandatory coercive relief against Defendants. Indeed, their identities are critical to Defendants' investigation into the "facts" averred to as "true and correct" in those declarations and their defense, both in terms of refuting the accuracy of those averments and in assembling opposing evidence.

As but just one example, the "Declaration of A.A.A.A.," whoever they might be, is extensive—stretching over 17 pages and 57 paragraphs. *See generally* ECF No. 34-10. Yet Defendants are now left to prepare their opposition to the motion—6 days past Plaintiffs' 31-day deadline to serve the motion papers, with no meaningful notice of the identity of the mysterious declarant-Applicant "A.A.A.A." and others. Moreover, Plaintiffs have not and do not intend to "share their true identities confidentially . . . with Defendants' attorneys" unless this Court first issues "an appropriate protective order." ECF No. 36 at 7; *see also* Mishra Decl., Ex. B at 3 ("We will share the unredacted versions with you once the Court enters the requested protective order."). That continues to compound the prejudice to Defendants, who have a right to present a defense, rather than being required to accept Plaintiffs' allegations as true with no defense permitted. *See id.* ("Defendants face no risk of prejudice. . . . Defendants can litigate *at every stage* of this action without impediment." (emphasis added)).

During their meet and confer to discuss extending the briefing schedule, Plaintiffs maintained that the Local Rule 7-3 meet-and-confer requirement does not apply to their Motion. Mishra Decl. ¶ 6. They are mistaken. Local Rule 7-3 requires "counsel

contemplating the filing of *any motion* must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3 (emphasis added). Plaintiffs' reliance on "C.D. Cal. Local Rules 65-1" does not help them: It distinguishes between "an *application* for a preliminary injunction," which is "made . . . by order to show cause" and filed with an application for a temporary restraining order (TRO)," and one that is instead (as here) made "by *notice of motion* filed and served as required by L.R. 6-1." C.D. Cal. L.R. 65-1. It is the latter—at issue here—to which Local Rule 7-3 attaches. *See* C.D. Cal. L.R. 7-3 (providing that "counsel contemplating the filing of *any motion* must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" (emphasis added)). This Court also sets forth detailed meet and confer requirement for "MOTIONS . . . ." Standing Order at 11-12 (emphasis in original), ECF No. 25. Indeed, it is abundantly clear that it "may strike or deny a motion . . . if counsel fails to meet and confer in good faith." *Id.* at 12.

That alone, in fact, warrants the Court denying (albeit without prejudice) the Motion. *See, e.g., Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC (MLGx), 2012 WL 123146, *2 (C.D. Cal. Jan. 13, 2012) (denying motion due to movant's failure to abide by Local Rule 7-3); *Total Access Payments, Inc. v. Maximum Bus. Innovations, Inc.*, No. CV 10-5475-GHK (RCX), 2010 WL 11552998, at *5 (C.D. Cal. July 29, 2010) ("In the event Plaintiff seeks preliminary injunctive relief, it SHALL comply fully with the Local Rules, including the meet and confer requirement in Local Rule 7-3, notwithstanding the fact that Local Rule 7–3 exempts 'applications for temporary restraining orders or preliminary injunctions' from the meet and confer requirement." (emphasis omitted)); *F19 Franchising, LLC v. Endo Fitness LL, LLC*, No. 223CV00185MEMFJC, 2023 WL 9319023, at *3 (C.D. Cal. Dec. 8, 2023) ("[T]he Court finds that the meet and confer requirement does apply to motions for contempt for violation of a TRO or a preliminary injunction, as such motions are not exempted from Local Rule 7-3, which covers all motions other than discovery motions and *applications*

*for* TROs or preliminary injunctions" (emphasis in original)); C.D. Cal. L.R. 7-2 (differentiating between "applications" and "motions"); C.D. Cal. L.R. 5-4.4.1 (same); C.D. Cal. L.R. 7-20 (same).

Finally, after filing the Complaint, the Petitioners took weeks to prepare their enormous set of preliminary injunction motion filings. In making those filings, which they provided exactly one day's notice of, they then attempted to prejudice the Defendants and prevent a fair adjudication of this matter by setting an unreasonably short schedule for the Defendants to oppose, privileging their own prolonged time to prepare the motion in secret, while disregarding and attempting to hamstring the Defendants' corresponding needs to present an opposition. In civil litigation, the Defendants have as much right to prepare a defense as the Plaintiffs have to present their claims, particularly where extraordinary mandatory injunctive relief is sought.

Accordingly, Defendants respectfully request that the Court set a <u>reasonable and fair opposition</u> briefing schedule for the Motion, and that the Court reject and not condone Plaintiffs' determined effort to circumvent the applicable rules in order to prevent a fair defense and a just result based on proper briefing. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995) (noting that the Federal and Local Rules "contemplate that regular noticed motions are most likely to produce a just result"). Defendants further request that the Court consolidate briefing schedules for the Motion and Defendants' contemplated Rule 12 motion.[2]

**Notice**: Defendants' counsel notified Plaintiffs' counsel of the date and substance of this application in the afternoon of March 16, 2026. Plaintiffs' counsel opposes this application.

**Plaintiffs' counsel's contact information**: Pursuant to Local Civil Rule 7-19,

---

[2] Defendants' contemplated Motion to Dismiss (MTD) is currently due on April 20, 2026. The Court could set that as the deadline for both the MTD as well as Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction. Rule 65 in fact gives this Court the discretion to "advance the trial on the merits and consolidate it with the hearing" for "a motion for a preliminary injunction." Fed. R. Civ. P. 65(a)(2).

Plaintiffs' counsel's contact information is set forth on their Complaint, but is copied below as well:

PUBLIC COUNSEL
REBECCA BROWN (SBN 345805)
rbrown@publiccounsel.org
SOPHIA WRENCH (SBN 354416)
swrench@publiccounsel.org
AMELIA PIAZZA (SBN 342473)
apiazza@publiccounsel.org
VANESSA RAE YOUNG
(SBN 352693)
vyoungviniegra@publiccounsel.org
ELIZABETH HERCULES-PAEZ
(SBN 320944)
eherculespaez@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

IMMIGRANT DEFENDERS LAW CENTER
ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
CARSON ADRIANNA SCOTT (SBN 337102)
cscott@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
634 S. Spring Street, 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

COALITION FOR HUMANE IMMIGRANT RIGHTS
CARL BERGQUIST (pro hac vice)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025
ADAM REESE (SBN 362898)
areese@chirla.org
2533 West Third Street, Suite 101
Los Angeles, CA 90057
Tel: 213-353-1333

WILLKIE FARR & GALLAGHER LLP
NICHOLAS REDDICK (SBN 288779)
nreddick@willkie.com
STEPHEN HENRICK (SBN 310539)
shenrick@willkie.com
ALYXANDRA VERNON (SBN 327699)
avernon@willkie.com
JACOB KARIM (SBN 340376)
jkarim@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Tel: 415-858-7400

Respectfully submitted,

Dated: March 16, 2026

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ Pushkal Mishra
PUSHKAL MISHRA
Special Assistant United States Attorney

Attorneys for Defendants

7

## **DECLARATION OF PUSHKAL MISHRA**

I, Pushkal Mishra, do hereby declare and state as follows:

1.      I am a Special Assistant U.S. Attorney at the U.S. Attorney's Office for the Central District of California (USAO). I am assigned to defend this action.

2.      I make this declaration based upon my personal knowledge. If called as a witness, I could and would competently testify thereto.

3.      Defendants' ex parte application is made under Local Civil Rule 7-19 for an order extending their deadline from March 20, 2026 deadline to April 20, 2026 (or such other time as the Court deems just and reasonable) for them to oppose Plaintiffs' Motion for Preliminary Injunction, ECF No. 34, and Request for Judicial Notice, ECF No. 35.

4.      Attached as Exhibit A hereto is a true and correct copy of that email I received from Daniel Beck, my supervisor at the USAO. The email is a correspondence between him and Plaintiffs' counsel Amelia Piazza between March 5, 2026 and March 6, 2026. In the email, Ms. Piazza informed Mr. Beck on March 5, 2026 that Plaintiffs "will serve the motion on you electronically per C.D. Cal. Local Rules 65-1 and 6-1 . . . ."

5.      Attached as Exhibit B hereto is a true and correct copy of that email exchange involving me and Plaintiffs' counsel (Vanessa Young Viniegra and Amelia Piazza) between March 13, 2026 and March 16, 2026. There, I proposed "a consolidated briefing schedule covering the pending motion as well as Defendants' intended motion to dismiss the Complaint," given "the service of the papers filed with the Court is not yet complete, and that the Local Rules process for filing a motion was not followed . . . ."

6.      On March 16, 2026, between approximately 11:00 a.m. and 11:30 a.m., Plaintiffs' counsel (including Ms. Piazza) and I conferred. Ms. Piazza informed me that Plaintiffs take the position that Local Rule 7-3's meet-and-confer requirement does not apply to their currently pending Motion for Preliminary Injunction. I also reminded Plaintiffs' counsel about the four redacted declarations in support of that Motion with which Defendants have not yet been served. Plaintiffs' counsel informed me that they will

1

serve it after the Court approves their outstanding application to file those declarations under seal, which I understood to mean ECF Nos. 36-37.

7.      During that meet-and-confer, I informed Plaintiffs' counsel that Defendants contemplate moving ex parte to seek an extension of the briefing schedule. To be sure, counsel discussed a three-week extension, instead of the four-weeks originally requested, and Plaintiffs' counsel informed me that she would get back to me.

8.      At or around 4:40 p.m. on March 16, 2026, I notified Plaintiffs' counsel of the date and substance of Defendants' ex parte application. Plaintiffs oppose the application.

9.      This is the first request for an extension of the deadline for Defendants to file an Opposition to the Motion for Preliminary Injunction.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 16, 2026 in Irvine, California.

/s/Pushkal Mishra
PUSHKAL MISHRA

2

# Exhibit A

**From:** Beck, Daniel (USACAC)
**Sent:** Friday, March 6, 2026 7:46 AM
**To:** Amelia Piazza <apiazza@publiccounsel.org>
**Cc:** Vanessa Young Viniegra <vyoungviniegra@publiccounsel.org>; Sophia Wrench <swrench@publiccounsel.org>; Elizabeth Hercules-Paez <eherculespaez@publiccounsel.org>; Rebecca Brown <rbrown@publiccounsel.org>; Vernon, Alyxandra <avernon@willkie.com>; Karim, Jacob <jkarim@willkie.com>; Henrick, Steve <shenrick@willkie.com>; Alvaro Huerta <ahuerta@immdef.org>; Carson Scott <cscott@immdef.org>; Alison Steffel <asteffel@immdef.org>; Carl Bergquist <cbergquist@chirla.org>; Adam Reese <areese@chirla.org>
**Subject:** RE: L.T., et al., v. U.S. Immigration and Customs Enforcement [5:26-cv-00322-SSS-RAO]

Hello Ms. Piazza – thanks for your email.  Actually I am definitely not an immigration case lawyer, but I generally do supervise most federal civil defense matters in this district, which such cases often fall under.

I understand you are saying you are filing a PI motion today, but I note that the government's time to enter an appearance and respond, relative to the service of the complaint in this action, has not run.

Thank you,

- Dan

**Daniel A. Beck | Assistant United States Attorney**
Chief, Complex and Defensive Litigation Section
United States Attorney's Office | Central District of California
300 N. Los Angeles Street, Suite 7516 | Los Angeles, CA 90012
T: (213) 894-2574 | F: (213) 894-7819 | daniel.beck@usdoj.gov

**From:** Amelia Piazza <apiazza@publiccounsel.org>
**Sent:** Thursday, March 5, 2026 10:47 AM
**To:** Beck, Daniel (USACAC) <Daniel.Beck@usdoj.gov>
**Cc:** Vanessa Young Viniegra <vyoungviniegra@publiccounsel.org>; Sophia Wrench <swrench@publiccounsel.org>; Elizabeth Hercules-Paez <eherculespaez@publiccounsel.org>; Rebecca Brown <rbrown@publiccounsel.org>; Vernon, Alyxandra <avernon@willkie.com>; Karim, Jacob <jkarim@willkie.com>; Henrick, Steve <shenrick@willkie.com>; Alvaro Huerta <ahuerta@immdef.org>; Carson Scott <cscott@immdef.org>; Alison Steffel <asteffel@immdef.org>; Carl Bergquist <cbergquist@chirla.org>; Adam Reese <areese@chirla.org>
**Subject:** [EXTERNAL] L.T., et al., v. U.S. Immigration and Customs Enforcement [5:26-cv-00322-SSS-RAO]

1

Dear Mr. Beck,

I understand that you are one of the AUSAs who often handles litigation regarding immigration matters for your office. If you are not the appropriate person to receive this message, kindly direct me to the appropriate person.

I am counsel for Plaintiffs in *L.T., et al., v. U.S. Immigration and Customs Enforcement, et al.*, Case No. 5:26-cv-00322-SSS-RAO in C.D. Cal. We filed our complaint on January 26, 2026. Proof of service on all Defendants was filed with the Court on February 20, 2026. I have attached these filings for your reference.

As of today, we have not received notice of appearance for any attorney on behalf of the United States. Tomorrow, Plaintiffs intend to file a Motion for Preliminary Injunction. **We will serve the motion on you electronically per C.D. Cal. Local Rules 65-1 and 6-1; please let us know if there should be additional recipients for service.**

I appreciate your time and prompt consideration, and I am available for a call tomorrow should you wish to discuss further. My number is 213-385-2977, ext. 203.

Sincerely,
Amelia

**Amelia Piazza**  |  she/her
*Staff Attorney  | Opportunity Under Law*

**Public Counsel**  |  610 S. Ardmore Ave., L.A., CA  90005
O: 213-385-2977, ext. 203  |  apiazza@publiccounsel.org

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete any version, response or reference to it.  Thank you.

# Exhibit B

**Mishra, Pushkal (USACAC)**

| | |
|---|---|
| **From:** | Amelia Piazza <apiazza@publiccounsel.org> |
| **Sent:** | Monday, March 16, 2026 9:55 AM |
| **To:** | Mishra, Pushkal (USACAC) |
| **Cc:** | Vanessa Young Viniegra; Sophia Wrench; Elizabeth Hercules-Paez; Rebecca Brown; Vernon, Alyxandra; Karim, Jacob; Henrick, Steve; Alvaro Huerta; Carson Scott; Alison Steffel; Carl Bergquist; Adam Reese; Nicholas" |
| **Subject:** | [EXTERNAL] Re: L.T. v. ICE, No. 26-00322: Joint Stipulation re Briefing Schedule |

Pushkal,

Given the current conditions at Adelanto, we cannot agree to your proposed schedule as it would result in undue delay in obtaining relief for our clients. We will agree to a one-week extension for your opposition, meaning your deadline to oppose the Motion for Preliminary Injunction would be March 27, 2026. Please let us know if you are amenable to that timing.

Best,
Amelia



**Amelia Piazza**  |  she/her
*Staff Attorney  |  Opportunity Under Law*

**Public Counsel**  |  610 S. Ardmore Ave., L.A., CA  90005
O: 213-385-2977, ext. 203  |  apiazza@publiccounsel.org

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete any version, response or reference to it.  Thank you.

**From:** Mishra, Pushkal (USACAC) <Pushkal.Mishra@usdoj.gov>
**Sent:** Monday, March 16, 2026 7:51 AM
**To:** Vanessa Young Viniegra <vyoungviniegra@publiccounsel.org>
**Cc:** Sophia Wrench <swrench@publiccounsel.org>; Elizabeth Hercules-Paez <eherculespaez@publiccounsel.org>; Rebecca Brown <rbrown@publiccounsel.org>; Amelia Piazza <apiazza@publiccounsel.org>; Vernon, Alyxandra <avernon@willkie.com>; Karim, Jacob <jkarim@willkie.com>; Henrick, Steve <shenrick@willkie.com>; Alvaro Huerta <ahuerta@immdef.org>; Carson Scott <cscott@immdef.org>; Alison Steffel <asteffel@immdef.org>; Carl Bergquist <cbergquist@chirla.org>; Adam Reese <areese@chirla.org>
**Subject:** RE: L.T. v. ICE, No. 26-00322: Joint Stipulation re Briefing Schedule

Good morning, Counsel:

Kindly let me know if Plaintiffs are amenable to the proposed schedule. If not, could we discuss further at 11 am? We could use the Teams link below for the meeting.

_____

# Microsoft Teams Need help?

## Join the meeting now

1

Meeting ID: 992 264 324 493

Passcode: aw2sA7Yj

_____

**Dial in by phone**

+1 202-235-7900,,989067914# United States, Washington

Find a local number

Phone conference ID: 989 067 914#

**Join on a video conferencing device**

Tenant key: teams@usao-cvi.usdoj.gov

Video ID: 514 941 524 9

More info

For organizers: Meeting options | Reset dial-in PIN

_____

Thank you,

Pushkal Mishra

Special Assistant U.S. Attorney

U.S. Attorney's Office | Central District of California

411 W 4th St Ste 8000, Santa Ana, CA 92701-4540

(714) 338-3503 | pushkal.mishra@usdoj.gov

_____

**From:** Mishra, Pushkal (USACAC)
**Sent:** Friday, March 13, 2026 5:28 PM
**To:** Vanessa Young Viniegra <vyoungviniegra@publiccounsel.org>
**Cc:** Sophia Wrench <swrench@publiccounsel.org>; Elizabeth Hercules-Paez <eherculespaez@publiccounsel.org>; Rebecca Brown <rbrown@publiccounsel.org>; Amelia Piazza <apiazza@publiccounsel.org>; Vernon, Alyxandra <avernon@willkie.com>; Karim, Jacob <jkarim@willkie.com>; Henrick, Steve <shenrick@willkie.com>; Alvaro Huerta <ahuerta@immdef.org>; Carson Scott <cscott@immdef.org>; Alison Steffel <asteffel@immdef.org>; Carl Bergquist <cbergquist@chirla.org>; Adam Reese <areese@chirla.org>
**Subject:** RE: L.T. v. ICE, No. 26-00322: Joint Stipulation re Briefing Schedule

Hi Vanessa,

Thank you for your reply.

Let me know your thoughts about the following schedule:

- Defendants' Motion to Dismiss (MTD) is currently due on April 20. We could pick that deadline for both the MTD as well as Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (PI Motion).

- Plaintiffs' Opposition to MTD and Reply ISO PI Motion could be due one or two weeks out—i.e., on April 27 or May 4.

- Defendants' Reply ISO MTD could be due a week out from Plaintiffs' Opposition to MTD.

2

If you are amenable to that, I can draft up a joint stipulation for your review and approval.

Thank you,

Pushkal

---

**From:** Vanessa Young Viniegra <vyoungviniegra@publiccounsel.org>
**Sent:** Friday, March 13, 2026 4:22 PM
**To:** Mishra, Pushkal (USACAC) <Pushkal.Mishra@usdoj.gov>
**Cc:** Sophia Wrench <swrench@publiccounsel.org>; Elizabeth Hercules-Paez <eherculespaez@publiccounsel.org>; Rebecca Brown <rbrown@publiccounsel.org>; Amelia Piazza <apiazza@publiccounsel.org>; Vernon, Alyxandra <avernon@willkie.com>; Karim, Jacob <jkarim@willkie.com>; Henrick, Steve <shenrick@willkie.com>; Alvaro Huerta <ahuerta@immdef.org>; Carson Scott <cscott@immdef.org>; Alison Steffel <asteffel@immdef.org>; Carl Bergquist <cbergquist@chirla.org>; Adam Reese <areese@chirla.org>
**Subject:** [EXTERNAL] RE: L.T. v. ICE, No. 26-00322: Joint Stipulation re Briefing Schedule

Hi Pushkal,

Thank you for your email.

In accordance with Local Rules 6-1 and 7-5, we mailed the notice of motion and supporting evidence to Defendants via mail 31 days before the hearing. We also emailed an electronic version to provide Defendants an opportunity to download the motion and supporting materials earlier.

We did not mail the unredacted declarations because we have a pending Application for Limited Interim Protective Order before the Court to ensure the declarants' names remain private and are only known to counsel. The redactions do not contain anything of substantive relevance to the motion—they merely conceal the names of the declarants and certain identifying facts from their personal backgrounds. We will share the unredacted versions with you once the Court enters the requested protective order.

We're happy to discuss your proposal on Monday. We're free 11am-12pm and 1-2 pm. It would also be helpful if you emailed your proposal given that a critical mass of our team won't be able to make the call and we'll need to discuss it with them.

Best regards,
Vanessa



**Vanessa Young Viniegra** | she/her/ella
*Attorney | Opportunity Under Law*

**Public Counsel** | 610 S. Ardmore Ave., L.A., CA 90005
c: 213-851-2089 | vyoungviniegra@publiccounsel.org

---

**From:** Mishra, Pushkal (USACAC) <Pushkal.Mishra@usdoj.gov>
**Sent:** Friday, March 13, 2026 1:07 PM
**To:** Amelia Piazza <apiazza@publiccounsel.org>
**Cc:** Vanessa Young Viniegra <vyoungviniegra@publiccounsel.org>; Sophia Wrench <swrench@publiccounsel.org>;

Elizabeth Hercules-Paez <eherculespaez@publiccounsel.org>; Rebecca Brown <rbrown@publiccounsel.org>; Vernon, Alyxandra <avernon@willkie.com>; Karim, Jacob <jkarim@willkie.com>; Henrick, Steve <shenrick@willkie.com>; Alvaro Huerta <ahuerta@immdef.org>; Carson Scott <cscott@immdef.org>; Alison Steffel <asteffel@immdef.org>; Carl Bergquist <cbergquist@chirla.org>; Adam Reese <areese@chirla.org>
**Subject:** L.T. v. ICE, No. 26-00322: Joint Stipulation re Briefing Schedule

Hi Amelia,

I'm a Special AUSA at the U.S. Attorney's Office (USAO). I am now assigned to represent Defendants in this action and have made an appearance.

I understand you contacted USAO on March 5, 2026, the day before filing Plaintiffs' Motion for Preliminary Injunction, informing it that you will serve the motion papers electronically. I also see that yesterday Plaintiffs filed a Proof of Service that the redacted papers were mailed to Defendants on March 10, 2026. Kindly note that Defendants have not been served with the complete unredacted motion papers filed with the Court and they have not yet consented to electronic service under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

Given that the service of the papers filed with the Court is not yet complete, and that the Local Rules process for filing a motion was not followed, are you amenable to a brief call today to discuss a joint stipulation regarding a consolidated briefing schedule covering the pending motion as well as Defendants' intended motion to dismiss the Complaint?

Thank you,

Pushkal Mishra
Special Assistant U.S. Attorney
U.S. Attorney's Office | Central District of California
411 W 4th St Ste 8000, Santa Ana, CA 92701-4540
(714) 338-3503 | pushkal.mishra@usdoj.gov

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete any version, response or reference to it.  Thank you.

4

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| L.T., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), *et al.*,<br><br>　　　　Defendants. | No. 5:26-cv-00322-SSS-RAO<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME TO OPPOSE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR JUDICIAL NOTICE**<br><br>Honorable Sunshine Suzanne Sykes<br>United States District Judge |

The Court, having considered Defendants' *ex parte* application, and finding good cause, hereby GRANTS the application and ORDERS as follows:

Defendants' deadline to respond to the Motion for Preliminary Injunction, ECF No. 34, and Request for Judicial Notice, ECF No. 35, is April 20, 2026.

**IT IS SO ORDERED**.

Dated: _____　　　　_____

　　　　　　　　　　　　　　　　HON. SUNSHINE SUZANNE SYKES
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE