UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-00322-SSS-RAOx | Date | March 19, 2026 |
|---|---|---|---|
| Title | L.T. et al. v. U.S. Immigration and Customs Enforcement (ICE) et al. | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO MEET AND CONFER AND SUBMIT STATUS REPORT [DKT. NOS. 36, 37]**

Before the Court is Plaintiffs' Application for Leave to File Under Pseudonyms, a Limited Protective Order, and to File Under Seal.  [Dkt. Nos. 36, 37, "Application" or "App."].[1]  Defendants filed their Opposition to the Application on March 14, 2026.  [Dkt. No. 41, "Opposition" or "Opp."].

Defendants have also filed an Ex Parte Application to Extend Time to Oppose Plaintiffs' Motion for Preliminary Injunction.  [Dkt. No. 42, "Ex Parte App."].  Plaintiffs oppose the Ex Parte Application.  [Dkt. No. 45, "Opposition to Ex Parte"or "Ex Parte Opp."].

---

[1] Plaintiffs' submissions for these applications appear to be duplicates.  As such, the Court treats the two submissions as a single Application.

## I.    BACKGROUND

On February 5, 2026, the Court granted Plaintiffs' Application for Leave to File Under Pseudonym for two individuals upon determining that there was good cause to proceed under pseudonyms.  [Dkt. No. 28; *see also* Dkt. Nos. 13, 14].

Later, on March 6, 2026, Plaintiffs filed a Motion for Preliminary Injunction. [Dkt. No. 34, "Motion for Preliminary Injunction" or "PI Motion"].  The Motion for Preliminary Injunction seeks classwide relief to remedy allegedly unlawful conditions at the Adelanto ICE Processing Center.  [*See generally id.*].  The hearing on the Motion for Preliminary Injunction is set for April 10, 2026, and Defendants currently face a deadline to file an Opposition by March 20, 2026.

On March 6, 2026, Plaintiffs also filed the instant Application that seeks to permit four additional individuals to proceed under pseudonyms: A.A., A.A.A.A., A.K., and E.M.  [App. at 6].  Because the circumstances alleged by these four individuals present substantially similar, if not identical, concerns as those already permitted to proceed under pseudonyms, the Court is inclined to grant the Application as to this request.

However, granting this request encompasses only part of the relief requested by Plaintiffs.  The remainder of the Application includes interrelated requests associated with the declarations submitted by these four individuals in support of the pending Motion for Preliminary Injunction.  [*See generally* PI Motion]. Plaintiffs seek to file portions of these individuals' declarations under seal as well as seek the Court to issue a corresponding protective order to prevent Defendants' attorneys from disclosing their names or other identifying details.  [App. at 13–14].

This current status has caused a bind in which Defendants are expected to respond to the Motion for Preliminary Injunction without adequate information, while Plaintiffs cannot disclose the identities of the declarants without a protective order in place.

The Court has read and considered each of the parties' briefings associated with Plaintiffs' Application as well as Defendants' Ex Parte Application. Although the Court is inclined to grant Plaintiffs' request to permit the four individuals to proceed under pseudonym, the Court has concerns regarding the disclosure of their identities to Defendant without an appropriate protective order.

The Court's Civil Standing Order requires that parties must file "proposed orders setting forth the relief or action sought and a brief statement of the rationale

for the decision with appropriate citations." [Dkt. No. 25 at 3]. Though Plaintiffs included a Proposed Order for the Application, there is no Proposed Protective Order. [*See* Dkt. No. 36-1].

The Court expects the parties to meet and confer regarding a proposed protective order. Should the parties not agree upon such order, either party may file an appropriate motion to bring such matter properly before the Court which would necessarily include such proposed protective order.[2] It is not the duty of the Court to draft such an order in the first instance.

## II.   CONCLUSION

Consistent with the discussion above, the Court **DIRECTS** the parties to meet and confer on the following issues: (1) whether the parties' dispute regarding the briefing schedule may be resolved by stipulation; and (2) whether the parties can agree upon a proposed protective order. Parties are to submit a Joint Status Report as to those two issues by **March 20, 2026, at 11:00 A.M**. The Court hereby **SETS** a status conference for **March 20, 2026, at 1:00 P.M.** via videoconference.

Should the parties resolve issues prior to the status conference, the Court **ORDERS** the parties include a statement in the Status Report indicating as such. In that case, the Court will vacate the status conference.

Finally, the Court **STAYS** the March 20, 2026 deadline for Defendants to file their Opposition to the Motion for Preliminary Injunction until further order by the Court.

**IT IS SO ORDERED.**

---

[2] Should the parties bring any subsequent request for a protective order, that matter should be brought to the Magistrate Judge.