UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-00322-SSS-SPx | Date | April 6, 2026 |
|---|---|---|---|
| Title | *L.T. et al. v. U.S. Immigration and Customs Enforcement (ICE) et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING MOTION TO FILE AMICUS BRIEF [DKT. NO. 44]**

Before the Court is a Motion to File Amicus Brief filed by Amicus Curiae State of California.  [Dkt. No. 44, "Motion"].  The Motion is unopposed.

A "district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  Courts generally grant requests to participate as amicus curiae where the requesting party "has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).  "The touchstone is whether the amicus is helpful, and there is no requirement that amici must be totally disinterested." *Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 12, 2019) (citations omitted).

Here, the State of California asserts that it has a "strong interest in this litigation" given the "disturbing reports of conditions of confinement, including deaths and due process concerns, within immigration detention facilities in California." [Motion at 3].  Because the proposed amicus brief contains unique

information regarding the role of the California Attorney General in reviewing and reporting on conditions of confinement in facilities at the core of this case, the Court finds that the proposed brief would be useful and relevant to this action.

As such, the Motion is **GRANTED**.  Given the Court will consider the proposed amicus brief to the extent found useful, Defendants may submit a responsive brief to the Amicus Brief **no later than April 9, 2026**.

**IT IS SO ORDERED.**