PUBLIC COUNSEL
REBECCA BROWN (SBN 345805)
rbrown@publiccounsel.org
SOPHIA WRENCH (SBN 354416)
swrench@publiccounsel.org
AMELIA PIAZZA (SBN 342473)
apiazza@publiccounsel.org
VANESSA RAE YOUNG (SBN 352693)
vyoungviniegra@publiccounsel.org
ELIZABETH HERCULES-PAEZ (SBN 320944)
eherculespaez@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Attorneys for Plaintiffs*
Additional Counsel Listed on Following Page

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., SEVAK MESROBIAN, JOSE MAURO SALAZAR GARZA, AND J.M., on behalf of themselves and all others similarly situated; COALITION FOR HUMANE IMMIGRANT RIGHTS, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JAIME RIOS, Acting Director of Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, <br><br> Defendants. | Case No. 5:26-cv-00322-SSS-SPx <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION CLASS ACTION** <br><br> **Date:** April 10, 2026 <br> **Time:** 2:00 p.m. <br> **Ctrm:** 2, 2nd Floor <br> 3470 12th Street <br> Riverside, CA 92501 <br> Hon. Sunshine Sykes |

IMMIGRANT DEFENDERS LAW CENTER
ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
CARSON ADRIANNA SCOTT (SBN 337102)
cscott@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
634 S. Spring Street, 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

COALITION FOR HUMANE IMMIGRANT RIGHTS
CARL BERGQUIST (*pro hac vice*)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

ADAM REESE (SBN 362898)
areese@chirla.org
2533 West Third Street, Suite 101
Los Angeles, CA 90057
Tel: 213-353-1333

WILLKIE FARR & GALLAGHER LLP
NICHOLAS REDDICK (SBN 288779)
nreddick@willkie.com
STEPHEN HENRICK (SBN 310539)
shenrick@willkie.com
ALYXANDRA VERNON (SBN 327699)
avernon@willkie.com
JACOB KARIM (SBN 340376)
jkarim@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Tel: 415-858-7400

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT..................................................................................................... 2

    A.    PLAINTIFFS HAVE STANDING TO PURSUE THEIR CLAIMS. ...... 2

    B.    CHIRLA HAS ORGANIZATIONAL STANDING. ............................. 4

    C.    PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS. .......... 4

        1.    The conditions at Adelanto are punitive. ........................................ 4

        2.    The medical care at Adelanto is indisputably inadequate. ............ 7

        3.    Defendants' conduct violates the Administrative Procedure Act.  8

    D.    PLAINTIFFS DO NOT SEEK A "SWEEPING" INJUNCTION......... 10

III.  CONCLUSION ............................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*United States ex rel. Accardi v. Shaughnessy*,
   347 U.S. 260 (1954)...............................................................................................1, 9

*Armstrong v. Brown*,
   732 F.3d 955 (9th Cir. 2013) .........................................................................................2

*Avirmed v. U.S. Dep't of Homeland Sec.*,
   2025 WL 1953230 (S.D. Cal. July 16, 2025) ......................................................9, 10

*Bell v. Wolfish*,
   441 U.S. 520 (1979).........................................................................................................6

*Bennett v. Spear*,
   520 U.S. 154 (1997).........................................................................................................8

*Brown v. Plata*,
   563 U.S. 493 (2011).........................................................................................................8

*Church of Scientology of Cal. v. United States*,
   920 F.2d 1481 (9th Cir. 1990) ......................................................................................9

*Demery v. Arpaio*,
   378 F.3d 1020 (9th Cir. 2004) ...................................................................................6, 7

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
   140 S. Ct. 1891 (2020)....................................................................................................8

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*,
   489 U.S. 189 (1989).........................................................................................................2

*Doe v. Becerra*,
   732 F. Supp. 3d 1071 (N.D. Cal. 2024) .....................................................................5

*Emami v. Nielsen*,
   365 F. Supp. 3d 1009 (N.D. Cal. 2019) .....................................................................9

*FCC v. Fox Television Stations, Inc.*,
   556 U.S. 502 (2009).........................................................................................................9

*Flores v. Barr*,
   934 F.3d 910 (9th Cir. 2019) .........................................................................................6

*Fraihat v. U.S. ICE*,
   16 F.4th 613 (9th Cir. 2021) .....................................................................................4, 5

*Geo Group, Inc. v. Newsom*,
50 F.4th 745 (9th Cir. 2022) (en banc) ...........................................................................2

*Gordon v. Cnty. of Orange*,
888 F.3d 1118 (9th Cir. 2018) ........................................................................................7

*Graves v. Arpaio*,
2008 WL 4699770 (D. Ariz. Oct. 22, 2008).................................................................6

*Graves v. Arpaio*,
623 F.3d 1043 (9th Cir. 2010) ........................................................................................3

*Helling v. McKinney*,
509 U.S. 25 (1993)............................................................................................................3

*Hernandez v. Sessions*,
872 F.3d 976 (9th Cir. 2017) ....................................................................................2, 10

*Hoptowit v. Ryan*,
682 F.2d 1237 (9th Cir. 1982) ....................................................................................7, 8

*Immigrant Defenders Law Ctr. v. Noem*,
145 F.4th 972 (9th Cir. 2025) .........................................................................................4

*Jones v. Blanas*,
393 F.3d 918 (9th Cir. 2004) ......................................................................................4, 5

*Keenan v. Hall*,
83 F.3d 1083 (9th Cir. 1996) ..........................................................................................6

*King v. Cnty. of L.A.*,
885 F.3d 548 (9th Cir. 2018) ...........................................................................................5

*Logue v. United States*,
412 U.S. 521 (1973)..........................................................................................................2

*Minneci v. Pollard*,
565 U.S. 118 (2012)..........................................................................................................2

*Pablo Sequen v. Albarran*,
810 F. Supp. 3d 1084 (N.D. Cal. 2025) ....................................................................5, 6

*Ruiz v. ICE*,
2026 WL 851980 (N.D. Cal. Mar. 27, 2026)..........................................................7, 10

*Rumsfeld v. Padilla*,
542 U.S. 426 (2004)..........................................................................................................2

*Stone v. City & Cnty. of S.F.*,
968 F.2d 850 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992)....................1, 6

iii

*Torres v. U.S. Dep't of Homeland Security*,
    411 F. Supp. 3d 1036 (C.D. Cal. 2019) .................................................................8, 9

*United States v. New Mexico*,
    455 U.S. 720 (1982).................................................................................................2

*Vasquez Perdomo v. Noem*,
    148 F.4th 656 (9th Cir. 2025) ...............................................................................10

*West v. Atkins*,
    487 U.S. 42 (1988)...................................................................................................2

*Wilson v. Seiter*,
    501 U.S. 294 (1991)..................................................................................................8

*Zadvydas v. Davis*,
    533 U.S. 678 (2001)..................................................................................................4

*Zheng v. Marin*,
    2026 WL 508490 (C.D. Cal. Feb. 24, 2026)......................................................5, 7

**Statutes**

5 U.S.C. § 704 .................................................................................................................9

8 U.S.C. § 1231(g)(1).....................................................................................................2

Consolidated Appropriations Act, 2022, Pub. L. 117-103, Div. F, Tit. II, 136 ............9

**Other Authorities**

*Adelanto ICE Facility, Demanding Accountability and Answers*, U.S. Congresswoman Judy Chu
    (June 17, 2025), https://chu.house.gov/mediacenter/press-releases/reps-chu-sanchez-takano-
    kamlager-dove-and-rivassuccessfully-gain..............................................................4

*Adelanto ICE Facility Is Fifth Incident Since September*, LAist (Mar. 31, 2026),
    https://laist.com/news/mexican-man-death-adelanto-ice-facility-fifth-incident-since-september 1

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx

## I.    INTRODUCTION

The Constitution requires Defendants to provide life's basic necessities, *i.e.*, food, potable water, soap, and medical care, to the people they detain. Defendants' Performance-Based National Detention Standards ("PBNDS") implement these constitutional mandates. But at the Adelanto ICE Processing Center ("Adelanto"), these standards are not followed—food is inedible, water is undrinkable, and adequate medical care is not provided.

Defendants do not dispute this, submitting only a conclusory declaration from Rosa Quevedo ("Quevedo Decl.") that explains what the operating standard *should* be but that says little about *actual* compliance. *E.g.*, Quevedo Decl. ¶¶ 49, 51 (explaining food and water quality standards, but failing to address the deficiencies with compliance). Instead, Defendants focus their efforts on shifting blame to The GEO Group ("GEO"), which operates Adelanto at Defendants' direction. Defendants' theory is that because GEO manages the day-to-day operations at Adelanto, only GEO is responsible for complying with the Constitution and the PBNDS. Of course, Defendants cite no precedent permitting this abdication of constitutional responsibility, nor do they explain why this Court should hold that Defendants have no obligation to follow their own standards, a proposition soundly rejected by *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267-68 (1954).

The expert and fact testimony demonstrating the need for injunctive relief stand unrefuted. Medical neglect remains ongoing and, tragically, another person has died.[1] Defendants urge that the Court should not interfere with the unconstitutional operation of Adelanto. But this Court is well within its power to remedy the unlawful, systemic issues there. *See Stone v. City & Cnty. of S.F.*, 968 F.2d 850, 861 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992) ("Federal courts possess

---

[1] Anthony Victoria, *Mexican Man's Death in Adelanto ICE Facility Is Fifth Incident Since September*, LAist (Mar. 31, 2026), https://laist.com/news/mexican-man-death-adelanto-ice-facility-fifth-incident-since-september.

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx

whatever powers are necessary to remedy constitutional violations because they are charged with protecting these rights."); *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (ongoing "subpar medical" care requires injunctive relief as the "harms … will continue to occur needlessly on a daily basis").

## II.    ARGUMENT

## A.    PLAINTIFFS HAVE STANDING TO PURSUE THEIR CLAIMS.

Defendants argue that because GEO, not Defendants, oversees the day-to-day operation, administration, and maintenance of Adelanto, Plaintiffs' injuries are traceable to and redressable only by an injunction against GEO, not Defendants. Opp. at 4-10. But as the entities detaining Plaintiffs, Defendants have a constitutional obligation to provide for their "basic human needs," including "food, clothing, shelter, [and] medical care…." *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). Defendants cannot abdicate this duty and pass it onto GEO. *West v. Atkins*, 487 U.S. 42, 56 (1988) ("Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody…."); *Armstrong v. Brown*, 732 F.3d 955, 957 (9th Cir. 2013) (government entities "cannot shirk obligations … under federal law by housing [plaintiffs] in facilities operated by [third-parties]"); *cf.* 8 U.S.C. § 1231(g)(1) (DHS must "arrange for appropriate places of detention"). Any other rule would allow the federal government to contract out its constitutional responsibilities of care in limitless form and shirk all constitutional responsibility purely by engaging private actors.[2]

---

[2] The cases Defendants do cite—*Geo Group, Inc. v. Newsom*, 50 F.4th 745 (9th Cir. 2022) (en banc), *United States v. New Mexico*, 455 U.S. 720, 736-38 (1982), *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), *Logue v. United States*, 412 U.S. 521 (1973), and *Minneci v. Pollard*, 565 U.S. 118 (2012)—are inapposite. Those cases merely say the federal government can engage private contractors.

- 2 -

Framed like this, Defendants' standing arguments fall apart. The issue is not what GEO's role is at Adelanto, but what obligations Defendants owe Plaintiffs and whether those obligations are being met. Under the Fifth Amendment, Defendants must provide non-punitive conditions and adequate medical care, neither of which is occurring, *infra* III.A-B. Likewise, under the Rehabilitation Act, Defendants must provide disabled Plaintiffs meaningful access to benefits, which is not occurring, Mot. at 17-18. And finally, under the Administrative Procedure Act ("APA"), Defendants must follow their own regulations, which, again, is not occurring, *infra* III.C. In each instance, Defendants' actions (or inactions) have caused Plaintiffs' harm, and an injunction ordering Defendants to comply with the Constitution and federal law— which is all Plaintiffs ask for, *infra* IV—would remedy this harm. As such, Plaintiffs have standing to pursue their claims.

Finally, Defendants' ripeness argument is baseless. Plaintiffs do not take issue with speculative harms—they seek an injunction to remedy *ongoing* inhumane conditions at Adelanto. **Right now** the water is dirty and undrinkable; the facilities are filthy; food is spoiled; clothing is dirty; soap is inconsistently available; and prompt medical care and disability accommodations are not provided. *See* Mot. at 2-3 (collecting cites); Second Declaration of L.T. ("L.T. Decl.") ¶¶ 3-9; Second Declaration of Mesrobian ("Mesrobian Decl.") ¶¶ 5-18; *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("demonstrably unsafe drinking water" could show harm without need to "wait[] for an attack of dysentery"); *Graves v. Arpaio*, 623 F.3d 1043, 1047 (9th Cir. 2010) (ongoing inhumane conditions represent concrete harms). Not only is this proved across the 23 declarations submitted in support of Plaintiffs' motion, it is corroborated by contemporaneous investigations by members of

Congress and the State of California.[3] The Quevedo Declaration does not contest these ongoing harms. *Supra* pp. 1.

## B.    CHIRLA HAS ORGANIZATIONAL STANDING.

Defendants contend CHIRLA lacks standing. Opp. at 11. But the conditions at Adelanto have increased call volumes to CHIRLA, impacting its ability to screen prospective clients' legal claims, and have impaired CHIRLA's representation. Declaration of Nicolas Thompson-Lleras ¶¶ 28-30; Declaration of Angelica Salas ¶¶ 31-34. This diversion of resources and impairment of core business activities establishes standing. *See Immigrant Defenders Law Ctr. v. Noem*, 145 F.4th 972, 988 (9th Cir. 2025) (diversion of resources establishes organizational standing).

## C.    PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS.

### 1.    The conditions at Adelanto are punitive.

Under the Fifth Amendment, Defendants cannot subject Plaintiffs, who are civil detainees, to punitive conditions. *E.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Defendants agree. Opp. at 11. Defendants also agree that *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004) creates the applicable standard. *See* Opp. at 11. Because conditions at Adelanto are "more restrictive than" prison, they are presumptively unconstitutional and are punitive because they are intended to punish, have no legitimate purpose, and are excessive. *Jones*, 93 F.3d at 932 (cleaned up).

***The Jones Presumption.*** In a cursory footnote, Opp. at 12 n.6, Defendants contend that *Fraihat v. U.S. ICE*, 16 F.4th 613, 648 (9th Cir. 2021), prevents the *Jones* presumption from applying to immigration cases. *Fraihat* does no such thing. Rather, there, the court declined to decide whether the *Jones* presumption extended to federal

---

[3] *See* Brief of Amicus Curiae the State of California, Dkt. 44-1; *Reps. Chu, Sánchez, Takano, Kamlager-Dove, and Rivas Successfully Gain Access to Adelanto ICE Facility, Demanding Accountability and Answers*, U.S. Congresswoman Judy Chu (June 17, 2025), https://chu.house.gov/mediacenter/press-releases/reps-chu-sanchez-takano-kamlager-dove-and-rivassuccessfully-gain.

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx

immigration detention and held that, regardless, the presumption could not be applied as there was no record evidence to compare the overall conditions of the immigration detention facility to prison conditions. *Id.* at 648-49; *see also Doe v. Becerra*, 732 F. Supp. 3d 1071, 1080 & n.2 (N.D. Cal. 2024) (holding "[t]he logic of *Jones* … applies with equal force in the immigration context"); *Pablo Sequen v. Albarran*, 810 F. Supp. 3d 1084, 1128 (N.D. Cal. 2025) (applying *Jones* presumption to immigration detention). Additionally, the circumstances in *Fraihat* are not present here. Plaintiffs have submitted extensive testimony comparing the deplorable conditions at Adelanto to those of prisons, *see* Mot. at 11 (collecting cites), giving this Court ample grounds to apply the *Jones* presumption.

Defendants fail to respond to this testimony and thus concede application of the *Jones* presumption. *Zheng v. Marin*, 2026 WL 508490, at *3 (C.D. Cal. Feb. 24, 2026) (deeming failure to respond as concession that preliminary injunction should issue). Defendants therefore bear the burden of proving "(1) legitimate, non-punitive interests justifying the conditions of … confinement and (2) that the restrictions imposed … [are] not excessive in relation to these interests." *King v. Cnty. of L.A.*, 885 F.3d 548, 557 (9th Cir. 2018). They show neither.

***No Legitimate Interest Justifies the Excessive Conditions.***[4] Defendants urge in opposition that the conditions at Adelanto are not punitive because they are necessary to "maintain[] jail security" and "most critically [to] effective[ly] manage[] … [the] facility," Opp. at 13 (citing *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). As support, Defendants cite Plaintiffs' criminal histories, which they describe as "extensive" and "severe," to suggest more robust security is needed.

But Plaintiffs' criminal histories have no bearing on whether they are entitled to humane, non-punitive conditions. Indeed, under longstanding precedent, the *only*

---

[4] Defendants argue that they have "legitimate, non-punitive government interest[s] in detention." Opp. at 13. Plaintiffs do not argue to the contrary—they take issue with the *conditions* of that detention.

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx

relevant question is whether the conditions are "inherent [in the] discomfort of confinement" *or* so excessive that they must be intended to punish. *See Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (citing *Bell*, 441 U.S. at 537). The inhumane conditions at Adelanto are not inherent in the discomfort of confinement. Plaintiffs lack access to clean water, clean facilities, sanitary food, appropriate bedding, clean clothing, medical care, soap, adequate sleep accommodations, and outdoor spaces. Courts have found these basic necessities essential to provide "safe and sanitary conditions," *Flores v. Barr*, 934 F.3d 910, 915 (9th Cir. 2019), and deprivation of these conditions is beyond the discomfort inherent in confinement. *Pablo Sequen*, 810 F. Supp. 3d at 1127-31 (punitive conditions demonstrated by cold temperatures, continuous lighting, lack of beds, mattresses, blankets, hygiene supplies and clean clothing; and failure to provide prompt emergency medical care and medical intake to ensure continuity of care); *cf. Bell*, 441 U.S. at 537, 543, 557-58 (searches and shared housing are inherent discomforts). Indeed, courts have repeatedly found comparable conditions illegitimate under the more demanding Eighth Amendment standard, *see Keenan v. Hall*, 83 F.3d 1083, 1089-92 (9th Cir. 1996) (lack of exercise; ventilation; access to soap, clean linens, and sanitary food and water; and constant illumination violated Eighth Amendment as these conditions deprived plaintiff of "the minimal civilized measure of life's necessities"); *Graves v. Arpaio*, 2008 WL 4699770 (D. Ariz. Oct. 22, 2008) (same), meaning they *must* be illegitimate under the Fifth Amendment, *Stone v. City & County of San Francisco*, 968 F.2d 850, n.10 (9th Cir. 1992) (pretrial detainees entitled to greater constitutional rights than prisoners), and therefore cannot serve legitimate interests.

Further, undisputed expert testimony establishes the conditions are untethered to Defendants' stated interests—security and facility management, Opp. at 13. *See* Adams Decl. ¶¶ 45, 57, 69, 82, 94, 104, 114, 122, 136, 149 (no penological purpose for harsh conditions). Notably, these interests appear to be pretextual. Defendants are on record stating the true purpose of the conditions is to punish and deter illegal entry,

- 6 -

a point Defendants do not dispute and an interest that *is not legitimate*. *See* Mot. at 12; *Demery*, 378 F.3d at 1030-31 (retribution and deterrence are "not legitimate … governmental objectives").

***Alternative, Less Harsh Methods Exist.*** Defendants appear to cite their operating standards, the PBNDS, as proof that Adelanto operates pursuant to set standards. Opp. at 13. But standards are only as good as their enforcement, which the record shows Defendants are not doing. *See* Mot. at 2-3 (collecting cites); *cf.* Quevedo Decl. ¶¶ 49, 52-54, 58-71, 73 (failing to provide evidence that clean water, food, clothing, and bedding are available, among other conditions). And Defendants' citation to the PBNDS proves that alternative, less harsh methods could be used to ensure "jail security" and "effective management of … [the] facility." Opp. at 13.

### 2. The medical care at Adelanto is indisputably inadequate.

Because Plaintiffs are civil detainees, the Fifth Amendment governs, and the Court employs an objective standard to determine whether medical care is adequate. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120, 1122-25 (9th Cir. 2018).

Adequate medical care requires "a system of ready access to medical care," through which patients can alert medical staff to their problems, and staff can diagnose and treat those problems or refer patients to others who can. *Hoptowit v. Ryan*, 682 F.2d 1237, 1253 (9th Cir. 1982). This requires medical screenings to identify individuals' health needs and risk factors; systems to support continuity of care, including provision of necessary medications and medical devices; timely responses to routine or emergent health care needs; and adequate and qualified staff. *Ruiz v. ICE*, 2026 WL 851980, at *7 (N.D. Cal. Mar. 27, 2026) (collecting cases).

A "system of ready access" does not exist at Adelanto, Mot. at 5-7, 15-17 (detailing long wait times, failure to provide medications, failure to timely respond to medical emergencies, and failure to adequately screen detainees), a point Defendants do not rebut. On this basis alone, Plaintiffs have shown likely success on the merits. *Zheng*, 2026 WL 508490, at *3. Regardless, Defendants' conclusory rebuttals—first,

that Plaintiffs "received care, just not on their preferred timeline," and second, that Plaintiffs need only receive "life's necessities," Opp. at 14—do not move the needle. *First*, Plaintiffs did not and *still* are not receiving care. Mot. at 5-7; Decl. of L.T. ¶¶ 3-9 Mesrobian Decl. ¶¶ 5-13. *Second*, the "life's necessities" language, taken from *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), describes the higher Eighth Amendment standard, which does not govern this case. But even if it did, failure to provide timely medical care, adequate intake, and adequate staff *does* constitute a deprivation of "life's necessities." *Hoptowit*, 682 F.2d at 1253; *Brown v. Plata*, 563 U.S. 493, 501-03 & n.3 (2011) (overcrowding caused severe backlog for medical treatment and increased risk for transmission of infectious illness, which evidenced "systemwide deficiencies in the provision" of adequate medical care). The Court need only look to the multiple deaths that have occurred to find a deprivation of "life's necessities" at Adelanto.

### 3.    Defendants' conduct violates the Administrative Procedure Act.

The APA establishes a "presumption of judicial review" of agency action. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1905 (2020). Despite this presumption, Defendants incorrectly argue their decision not to comply with their own standards is not final or arbitrary.

*First*, a final agency action "marks the consummation of the agency's decision-making process," from which "legal consequences … flow." *Bennett v. Spear*, 520 U.S. 154, 156 (1997). Defendants argue their recent "good" rating of Adelanto is not final action because GEO, not Defendants, is bound by the PBNDS. But the PBNDS are *Defendants'* rules, which *Defendants* applied when awarding Adelanto a "good" rating. As the author and enforcer of these standards, Defendants are obligated to follow them.[5] *E.g.*, *Torres v. U.S. Dep't of Homeland Security*, 411 F. Supp. 3d 1036,

---

[5] Defendants make a misplaced agency discretion argument. Opp. at 18-19. Plaintiffs are not arguing that Defendants must issue rules confining their discretion, only that they must *follow* the rules and regulations already issued, here, the PBNDS.

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx

1068-69 (C.D. Cal. 2019) (DHS and ICE must follow the PBNDS and failure to do so constitutes "final agency action"); *Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1019-20 (N.D. Cal. 2019) (agencies must follow their own rules and guidelines) (collecting cases). Their decision to repopulate Adelanto without adequate staff and then, in an annual congressionally-mandated performance evaluation, bless the facility's operation despite the predictable and well-documented deficient conditions plainly contravenes the PBNDS, Mot. at 19, to Plaintiffs' detriment. This is a final agency action reviewable under 5 U.S.C. § 704.

*Second*, it is contrary to law and arbitrary and capricious for an agency to disregard its own regulations and policies. *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1487 (9th Cir. 1990) ("Pursuant to the *Accardi* doctrine, an administrative agency is required to adhere to its own internal operating procedures."). Plaintiffs identified numerous PBNDS violations at Adelanto, Mot. at 20-21, all of which should have prohibited a "good" rating. Failing to respond to these issues, Defendants focus their analysis on the changed rating, urging it is a "new policy" entitled to deference under *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009). Opp at 19-20. But Plaintiffs do not take issue with the downgrading, they take issue with the evaluation itself, which was plainly arbitrary given the ongoing and well-documented violations of the PBNDS, Mot. at 20-22. Plaintiffs merely ask the Court to require Defendants to follow their own standards, as required by *Accardi*. *E.g.*, *Torres*, 411 F. Supp. 3d at 1068-69 (agency must follow its own regulations).[6]

---

Regardless, Congress has mandated congressional oversight of detention facilities to ensure PBNDS compliance, and thus this review is not committed to Defendants' discretion. *See* Consolidated Appropriations Act, 2022, Pub. L. 117-103, Div. F, Tit. II, 136 Stats. 322-23.

[6] Defendants argue they are not subject to the Rehabilitation Act and that Plaintiffs fail to satisfy the relevant standard. But "because of their responsibility … overseeing conditions of immigration detention," *Avirmed v. U.S. Dep't of Homeland Sec.*, 2025

- 9 -

**D.      PLAINTIFFS DO NOT SEEK A "SWEEPING" INJUNCTION.[7]**

Finally, Defendants argue that Plaintiffs seek a "sweeping" injunction. Not so. To afford them the complete relief to which they are entitled, Plaintiffs seek an injunction that remedies systemic deficiencies at Adelanto. *See Vasquez Perdomo v. Noem*, 148 F.4th 656, 687 (9th Cir. 2025) (upholding a district-wide temporary restraining order as necessary to provide "complete" relief).

### III.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the [Proposed] Order Granting Plaintiffs' Motion for Preliminary Injunction.[8]

---

WL 1953230 (S.D. Cal. July 16, 2025), Defendants are subject to the Rehabilitation Act and Plaintiffs have met the standard as they show they were unable "to enjoy meaningful access to the benefits," *id.* at *5, Mot. at 18-19.

[7] Plaintiffs seek a prohibitory, rather than "mandatory injunction." *Hernandez v. Sessions*, 872 F.3d 976, 998 (9th Cir. 2017) (an injunction that "prevents future constitutional violations [is] a classic form of prohibitory injunction."). In evaluating a nearly identical injunction, the *Ruiz* court did not apply the mandatory injunction standard and such a standard makes little sense where, as here, all Plaintiffs seek is an injunction *prohibiting* Defendants from violating the Constitution and other federal law. But even if the mandatory injunction standard applies, Plaintiffs show that the law clearly favors their position.

[8] As detailed in their motion, Plaintiffs satisfy the other injunction factors. Mot. at 22-23. Neither of Defendants' contrary arguments, Opp. at 20-21, change the analysis.

- 10 -

Dated:  April 6, 2026

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

By:  /s/ Nicholas Reddick
Nicholas Reddick
Stephen Henrick
Alyxandra Vernon
Jacob Karim

PUBLIC COUNSEL

By:  /s/ Rebecca Brown
Rebecca Brown
Sophia Wrench
Amelia Piazza
Vanessa Rae Young
Elizabeth Hercules-Paez

IMMIGRANT DEFENDER LAW CENTER

By:  /s/ Alvaro M. Huerta
Alvaro M. Huerta
Carson Adrianna Scott
Alison Steffel

COALITION FOR HUMANE IMMIGRANTS RIGHTS

By:  /s/ Carl Bergquist
Carl Bergquist
Adam Reese

- 11 -
REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx

## PAGE COUNT CERTIFICATE

The undersigned counsel of record for Plaintiffs certifies that this Reply is 10 pages, which complies with this Court's standing order.

Dated:  April 6, 2026                    Respectfully Submitted,

                                        WILLKIE FARR & GALLAGHER LLP

                                        By:  /s/ Nicholas Reddick
                                             Nicholas Reddick
                                             Stephen Henrick
                                             Alyxandra Vernon
                                             Jacob Karim

                                        PUBLIC COUNSEL

                                        By:  /s/ Rebecca Brown
                                             Rebecca Brown
                                             Sophia Wrench
                                             Amelia Piazza
                                             Vanessa Rae Young
                                             Elizabeth Hercules-Paez

                                        IMMIGRANT DEFENDER LAW CENTER

                                        By:  /s/ Alvaro M. Huerta
                                             Alvaro M. Huerta
                                             Carson Adrianna Scott
                                             Alison Steffel

                                        COALITION FOR HUMANE
                                        IMMIGRANTS RIGHTS

                                        By:  /s/ Carl Bergquist
                                             Carl Bergquist
                                             Adam Reese

REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx