**OLLIN LAW**
Salomon Zavala, Esq. (Bar No. 243424)
Pascual Torres, Esq. (Bar No. 331290)
Email: *szavala@ollinlaw.org*
811 W. 7th Street, Suite 1200
Los Angeles, CA 90017
Telephone: (213) 413-0144
*Attorney for Clínica Victimológica de Análisis a Violaciones a Derechos Humanos (Victimology Clinic for the Analysis of Human Rights Violations) of the University of Guadalajara*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| L.T., SEVAK MESROBIAN, JOSE MAURO SALAZAR GARZA, AND J.M. on behalf of themselves and all others similarly situated; COALITION FOR HUMANE IMMIGRANT RIGHTS, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; JAIME RIOS, Acting Director of Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, <br><br> Defendants. | CASE NO. 5:26-cv-00322-SSS-RAO <br><br> **MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date: April 28, 2026 <br> Time: 10:00 a.m. <br> Judge: Hon. Sunshine Sykes |

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE
CASE NO. 5:26-cv-00322-SSS-RAO

*Clínica Victimológica de Análisis a Violaciones a Derechos Humanos* (Victimology Clinic for the Analysis of Human Rights Violations) of the University of Guadalajara ("University of Guadalajara"), a public university based in Guadalajara, Mexico, by and through undersigned counsel, moves for leave to appear as Amicus Curiae and file the proposed brief, attached hereto as <u>Exhibit 1</u>, in support of Plaintiffs' Motion for Preliminary Injunction, Dkt. 34. Plaintiffs indicated that they do not oppose this request. Defendants did not reply to counsel's inquiry about this filing.

ARGUMENT

### I.      Standard for Motion for Leave to Appear as Amicus Curiae

District courts have broad discretion to permit participation by amici curiae. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). An amicus brief is appropriate where the amicus offers a perspective that is useful to the Court and not fully developed by the parties. *See In re Roxford Foods Litig*, 790 F. Supp. 987, 997 (E.D. Cal. 1991). Amicus participation is particularly appropriate in cases involving requests for injunctive relief, where courts must consider the broader public interest beyond the immediate parties. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 931–32 (9th Cir. 2003). Courts have recognized that amicus briefs are especially valuable where the issues presented carry implications for non-parties and the public at large. *See Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2019 WL 6790682, at *4 (E.D. Cal. Dec. 12, 2019). Moreover, courts generally favor permitting amicus participation where the proposed submission is helpful and offers a perspective not fully developed by the parties. *See Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002).

### II.      Interest and Identity of Amicus Curiae

Amicus Curiae has a strong interest in this litigation. This case presents urgent and life-threatening conditions of civil immigration detention at the Adelanto ICE Processing Center (Adelanto), including allegations of systemic denial of medical care, exposure to unsafe and unsanitary conditions, and recent death in custody.

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE
CASE NO. 5:26-cv-00322-SSS-RAO

*Clínica Victimológica de Análisis a Violaciones a Derechos Humanos*, is an academic and research-based legal clinic, within the Doctoral Program in Human Rights at the University of Guadalajara. The Clinic is dedicated to the analysis, documentation, and legal interpretation of serious human rights violations, with a particular focus on structural violence, state responsibility in custodial contexts, and access to justice for vulnerable populations. The Clinic has participated in strategic human rights litigation at the international level, including the preparation of amicus curiae briefs before the inter-American human rights system in cases addressing state responsibility for harm in custody. Dr. Lucero Moreno Murguía, coordinator of the Clinic, is a legal scholar specializing in human rights, victimology, and structural violence, with experience in the inter-American human rights system and academic research focused on custodial harm, dignity, and state obligations.

While existing submissions, including those of governmental entities, provide important factual and policy perspectives, the proposed amicus brief provides a distinct and highly specialized analytical framework grounded in inter-American human rights law, international legal standards, and victimological analysis of structural violence in custodial settings like Adelanto. This perspective is not presented by the parties and is directly relevant to the Court's assessment of whether the challenged conditions constitute impermissible punishment and deliberate indifference under the Constitution. Given the gravity and urgency of the issues presented, Amicus Curiae respectfully submits that its participation will assist the Court in evaluating the full legal and human implications of the conditions at issue.

Amicus Curiae further demonstrates that the conditions alleged, including denial of medical care, exposure to unsanitary environments, and coercive practices, are not isolated incidents but manifestations of structural deficiencies that produce foreseeable and preventable harm. Through detailed comparative matrices and legal analysis, Amicus Curiae establishes a direct correspondence between U.S. constitutional

- 3 -

standards, such as deliberate indifference and impermissible punishment in civil detention, and international legal classifications of cruel, inhumane, or degrading treatment, and, in certain circumstances, torture by omission. This analytical framework provides the Court with a structured and comparative tool to evaluate the severity, systemic nature, and legal implications of the conditions at issue.

### III.   Good Cause

Good cause exists to permit the filing of the proposed amicus brief as this matter is set for hearing on Plaintiffs' Motion for Preliminary Injunction on April 28, 2026. In addition, recent developments, including a reported death in custody and ongoing allegations of serious and preventable harm within the Adelanto detention facility, have significantly heightened the urgency and gravity of the issues before the Court. These developments underscore the necessity of providing a comprehensive analytical framework, including international human rights standards and victimological analysis, to assist the Court in evaluating whether immediate injunctive relief is warranted.

Given the evolving factual context and the potential for irreparable harm, permitting the filing of this amicus brief will assist the Court without prejudicing any party. Denial of this Motion would deprive the Court of the opportunity to consider a distinct and highly specialized legal framework that is not otherwise presented in the existing briefing.

Moreover, allowing the filing of the proposed amicus brief will not prejudice any party, as it introduces no new claims or evidence and merely supplements the legal analysis already before the Court. The Court's consideration of the proposed amicus brief is particularly appropriate in light of the imminent determination on Plaintiffs' Motion for Preliminary Injunction, where a fully informed legal analysis is essential. Accordingly, the balance of considerations strongly favors granting this Motion.

## CONCLUSION

For the foregoing reasons, the University of Guadalajara, by and through undersigned counsel, respectfully requests this Honorable Court's leave to appear as Amicus Curiae and deem the proposed attached amicus brief filed.

Dated: April 21, 2026                    Respectfully submitted,

                                         _/s/ Salomon Zavala_
                                         Salomon Zavala

                                         Attorney for _Clínica Victimológica de Análisis a Violaciones a Derechos Humanos_ (Victimology Clinic for the Analysis of Human Rights Violations) of the University of Guadalajara

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2026, I caused the above document and its attachments to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification of such filing to all registered counsel.

*/s/ Salomon Zavala*
Salomon Zavala

MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE
CASE NO. 5:26-cv-00322-SSS-RAO