UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., SEVAK MESROBIAN, JOSE MAURO SALAZAR GARZA, AND J.M., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; COALITION FOR HUMANE IMMIGRANT RIGHTS,<br><br>               Plaintiffs,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, Senior Office Performing the Duties of the Director; JAIME RIOS, Acting Director of Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,<br><br>               Defendants. | Case No. 5:26-cv-00322-SSS (SPx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY INJUNCTION (Doc. # 77)** |

On June 1, 2026, Plaintiffs L.T., Sevak Mesrobian, Jose Mauro Salazar Garza, and J.M., on behalf of themselves and the class they seek to represent, along with Plaintiff the Coalition for Humane Immigrant Rights ("CHIRLA") (collectively, "Plaintiffs"), filed a renewed motion for a preliminary injunction ("Motion").

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs seek a preliminary injunction to remedy the unconstitutional conditions at the Adelanto ICE Processing Center ("Adelanto"). Plaintiffs contend that they have demonstrated a likelihood of success on the merits of their claims that:

1) Defendants have violated the Due Process Clause of the Fifth Amendment to the U.S. Constitution by imposing punitive conditions of confinement on Plaintiffs and the putative class;

2) Defendants have violated the Due Process Clause of the Fifth Amendment through their practice of failing to provide adequate medical care to Plaintiffs and the putative class;

3) Defendants have violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, as to the Subclass Plaintiffs and the proposed subclass of Plaintiffs with disabilities by failing to assess disability accommodation needs and provide reasonable accommodations; and

4) Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 706(2), by failing to comply with their own detention standards—specifically, by repopulating Adelanto without adequate staffing and awarding the facility a "good" rating in September 2025.

Plaintiffs further contend that they will suffer irreparable harm if the Court does not issue relief, that the balance of equities tips in their favor, and that the public interest lies in issuing a preliminary injunction.

The Court, having considered Plaintiffs' Motion and its accompanying papers, finds that Plaintiffs have demonstrated that they are likely to prevail on the merits of their claims; that they will suffer irreparable harm if the Court does not issue relief;

1

that the balance of equities tips in their favor; and that the public interest lies in issuing a preliminary injunction. Accordingly, the Court hereby GRANTS Plaintiffs' Motion and ORDERS as follows:

1)      Defendants are ORDERED to **<u>immediately</u>**:

a.      Provide 24-hour access to clean potable drinking water, including a plan to ensure the water is tested to ensure safety and to ensure that there is sufficient water supply for the needs of the detained population;

b.      Provide meals that contain a sufficient number of calories and are sufficiently nutritious and sanitary;

c.      Ensure adequate sanitation throughout the facility through, at minimum, daily cleaning procedures; consistent availability of soap and hygiene products; and the identification, treatment, and remediation of mold;

d.      Provide adequate protections for privacy in use of toilets and in showers, including modesty screens, consistent with the safety needs of the facility;

e.      Conduct headcounts of the detained population in a manner and at times that minimize disruption to the operation of the facility. Absent a reasonable basis, Defendants shall conduct no more than 2 counts between the hours of 9:00 a.m. and 8:00 p.m.  Unless there is a specific and documented security or other concern justifying a contrary practice, all counts are to be performed on an "out count" basis (meaning the detained population shall not be forced to return to their cells for each count). Counts conducted between 10:00 p.m. and 6:00 a.m. shall be performed in a manner designed to minimize intrusion on detained individuals while they are sleeping;

f.      Provide reasonable, consistent, and adequate access to adequate outdoor recreation spaces.  In the absence of documented security or other reasons necessitating a contrary practice, this shall include access to the yard (i.e., not the "mini-yard") for at least four hours a day;

PROP. ORDER GRANTING RENEWED MOTION FOR PRELIM. INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx

g.      Permit visits during the facility's business or operating hours (7:00 a.m. to 6:00 p.m.), that are not subject to automatic time limits unless visitation rooms reach capacity; and permit detained individuals and their families to use the restroom during the visit without the visit being subject to automatic cancellation;

h.      Permit contact visits that allow for physical contact such as hugging and holding hands throughout the visit.

2)      Defendants are enjoined from isolating people in the Special Housing Unit, Special Management Unit, or administrative segregation, absent a documented security concern that threatens the safety and security of the facility or staff or a request from a detainee to be placed in administrative segregation. Furthermore, any detainee placed in administrative segregation shall be given notice of why and an opportunity to contest the placement. Any segregation shall take into account the detained individual's mental and physical health and evaluate whether segregated housing is likely to worsen their health. If segregated housing would likely worsen the individual's mental and physical health, alternative remedies must be considered and segregated housing should only be used if absolutely necessary.

3)      Within 14 calendar days of this Order, Defendants are ORDERED to develop and file a **Remedial Plan** to implement comprehensive systems for medical care and disability accommodations at Adelanto.

a.      With respect to medical care, the **Remedial Plan** shall, at minimum, specify policies, procedures, staffing, and required training sufficient to ensure:

i.      Documented health intake screening for all detained individuals prior to placement in facility housing, performed by a Registered Nurse (RN) or other qualified medical provider, that is sufficient to identify and begin necessary treatment of those with mental or physical illness or injury; to ensure continuity of pre-detention

3

treatment and medication; and to recognize, segregate, and treat those with communicable diseases;

    ii.    Access to primary, secondary, and tertiary medical care for all detainees according to their health care needs, including timely treatment appropriate to the acuity of their conditions, consistent with established standards of care and required timelines for routine, urgent and emergent cases;

    iii.    Timely diagnostic testing, including procedures for prioritizing the urgency of laboratory orders (STAT, critical, urgent, routine) and required timeframes for review, communication to patients, and follow-up of results;

    iv.    Continuous provision of ordered medications, according to the prescribed dosage regimen, from the time of intake and throughout the period of detention, with immediate explanation to patients by a qualified medical provider of any medication changes; and

    v.    Provision of patients' rights materials, translated as appropriate, for all detained people that inform them of their rights as patients, including rights to confidentiality, informed consent, refusal of treatment, and access to medical records, and procedures for requesting medical attention.

    b.    With respect to disability accommodations, the **Remedial Plan** shall, at minimum, specify policies, procedures, staffing, and required training to ensure:

    i.    A system for identifying and tracking all detainees who are qualified individuals with disabilities, as that term is defined in Section 504 and its implementing regulations, including documented disability intake screening prior to placement in facility housing;

PROP. ORDER GRANTING RENEWED MOTION FOR PRELIM. INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx

  ii. A system for identifying and tracking the reasonable accommodations necessary for detainees with qualifying disabilities to participate in programs, services, and activities at the facility;

  iii. Provision of necessary reasonable accommodations, including but not limited to assistive devices and appropriate modifications to policies and procedures; and

  iv. Provision of disability-specific materials, translated as appropriate, for all detained people that inform them of their right to reasonable accommodations and procedures to request reasonable accommodations.

4) Pursuant to Federal Rule of Evidence 706 and the Court's inherent power to fashion remedies, the Court will appoint two qualified, independent, third-party monitors ("Independent Monitors") to aid the Court in monitoring implementation of this Order. One Independent Monitor will focus on systems for medical care and disability accommodations ("Medical Monitor"), and the other will focus on other conditions of confinement ("Conditions Monitor"). The Independent Monitors will:

  a. Be proposed by Plaintiffs, within 14 days of this order, and appointed by the Court;

  b. Be permitted to conduct unannounced, independent inspections of Adelanto, with reasonable access to facilities, records, staff, and detained people, including remote access to Defendants' electronic health record system, for purposes of forming expert opinions and informing the Court;

  c. Prepare reports for the Court and the Parties detailing their findings and recommendations;

  d. Assist the Court in ensuring implementation of this and subsequent Orders; and

  e. Perform other duties related to the implementation of this and subsequent Orders as defined by the Court.

5

5)      With respect to the **Remedial Plan**:

a.      Within 14 calendar days after their appointment or receipt of the **Remedial Plan**, whichever is later, the Medical Monitor shall review the Plan and provide feedback to the Court and the Parties regarding the Plan;

b.      Plaintiffs shall have 14 calendar days following receipt of the Medical Monitor's feedback to meet and confer with Defendants, and if necessary, submit feedback to the Court and Defendants regarding the adequacy of the Plan;

c.      The Court thereafter shall enter an Order adopting the Plan, as revised (if at all) by the Court.

6)      A grievance system shall be created whereby detained individuals can submit complaints or comments directly to the Independent Monitors. Detained individuals must have free access to this system, meaning they can submit complaints or comments via tablets and written grievances via locked boxes. Defendants must post information about how to use this system throughout the facility in English and Spanish to ensure detained individuals are aware of its existence, and all staff must be trained to answer questions about this system. Posters should note that the complaints or comments go directly to the Independent Monitors.

7)      Plaintiffs' counsel may bring individual instances of non-compliance with this Order to the attention of counsel for Defendants and, as relevant, to the Court if the concern is urgent or raises a serious risk of injury or medical harm, or if a putative class member has already raised the issue with Defendants and Defendants have not appropriately responded after a reasonable amount of time. Defendants are ordered to issue a substantive, written response to Plaintiffs' counsel within 14 days of receiving notice of any alleged non-compliance.

8)      Defendants are enjoined from retaliating in any form against the named Plaintiffs, any declarant, or any putative class member for complaining about any alleged violation of this Order, participating in this case, or otherwise asserting their

6

constitutional or statutory rights with respect to medical care, disability accommodations, and conditions at Adelanto. Defendants may not harass, intimidate, or threaten any such individuals, whether at Adelanto, in their immigration proceedings or in any other capacity.

9) Defendants are ORDERED to pay the Independent Monitors' reasonable rates for the services set forth above.

10) The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.

**IT IS SO ORDERED.**

Dated:

_____
SUNSHINE S. SYKES
United States District Judge

PROP. ORDER GRANTING RENEWED MOTION FOR PRELIM. INJUNCTION
Case No. 5:26-cv-00322-SSS-SPx