PUBLIC COUNSEL
REBECCA BROWN (SBN 345805)
rbrown@publiccounsel.org
SOPHIA WRENCH (SBN 354416)
swrench@publiccounsel.org
AMELIA PIAZZA (SBN 342473)
apiazza@publiccounsel.org
ELIZABETH HERCULES-PAEZ (SBN 320944)
eherculespaez@publiccounsel.org
BELINDA ESCOBOSA (SBN 214178)
bescobosa@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Attorneys for Plaintiffs*
Additional Counsel Listed on Following Page

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

L.T., SEVAK MESROBIAN, JOSE MAURO SALAZAR GARZA, AND J.M., on behalf of themselves and all others similarly situated; COALITION FOR HUMANE IMMIGRANT RIGHTS,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, Senior Office Performing the Duties of the Director; JAIME RIOS, Acting Director of Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Defendants.

Case No. 5:26-cv-00322-SSS-SPx

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

**CLASS ACTION**

Date: July 10, 2026
Time: 2:00 p.m.
Ctrm: 2, 2nd Floor
3470 12th Street
Riverside, CA 92501
Hon. Sunshine Sykes

IMMIGRANT DEFENDERS LAW CENTER
ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
CARSON ADRIANNA SCOTT (SBN 337102)
cscott@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
634 S. Spring Street, 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

COALITION FOR HUMANE IMMIGRANT RIGHTS
CARL BERGQUIST (*pro hac vice*)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

ADAM REESE (SBN 362898)
areese@chirla.org
2533 West Third Street, Suite 101
Los Angeles, CA 90057
Tel: 213-353-1333

WILLKIE FARR & GALLAGHER LLP
NICHOLAS REDDICK (SBN 288779)
nreddick@willkie.com
STEPHEN HENRICK (SBN 310539)
shenrick@willkie.com
ALYXANDRA VERNON (SBN 327699)
avernon@willkie.com
JACOB KARIM (SBN 340376)
jkarim@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Tel: 415-858-7400

*Attorneys for Plaintiffs*

## I. INTRODUCTION

Plaintiffs' case is straightforward. This case challenges the inhumane conditions of confinement resulting from uniform, facility-wide policies and practices implemented by Defendants that are applied indiscriminately to all detained individuals at Adelanto. Instead of addressing the central questions in this case, Defendants' opposition resorts to emphasizing peripheral factual differences among class members that have no bearing on the necessary inquiry. Courts have repeatedly rejected this tactic, recognizing that the existence of some individualized issues does not defeat class certification where, as here, common questions predominate and a class action remains the superior method of adjudication.

## II. ARGUMENT

This case is a quintessential class action — the type repeatedly affirmed by the Ninth Circuit in cases like *Parsons v. Ryan* and *Roman v. Wolf*, addressing systemic conditions of confinement that put a facility-wide class at substantial risk of serious harm. Defendants do not meaningfully distinguish these cases; rather, they oppose the motion on bases repeatedly rejected by the Ninth Circuit—i.e., that Individual Plaintiffs bring a series of unrelated grievances, and that the federal government is not responsible for constitutional violations against those in its custody. They are wrong on both counts. Both the Adelanto Class and the Disability Subclass satisfy the prerequisites for class certification, and both are classic 23(b)(2) classes. This Court should grant Plaintiffs' Renewed Motion for Class Certification in full.

### A. This Court Already Found That Plaintiffs Have Standing

The Court's determination that Plaintiffs have standing to bring their claims remains the law of the case. ECF 70, Order ("Order") at 9–11.[1] Less than six weeks ago, this Court found that Plaintiffs' claims were justiciable, concluding that the Individual Plaintiffs' injuries "are fairly traceable to Defendants," likely to be

[1] To the extent Defendants imply that Plaintiffs must affirmatively address Article III standing in their motion for class certification, *see* Mot. at 9, they cite no authority imposing that requirement.

redressed by a court order, and ripe for review. Order at 9-11. Defendants now reassert the same causation, redressability, and ripeness arguments this Court already rejected without citing intervening caselaw or new facts. *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). Defendants' arguments fail for the same reasons.

On **traceability**, this Court already recognized that contracting with GEO "does not relieve Defendants of their duties under the Constitution," and that causation exists even where "multiple links in the chain" connect Defendants' conduct to Plaintiffs' injuries. Order at 10-11; *see also, Roman v. Wolf*, 5:20-cv-00768-TJH-PVC, Dkt. 55, aff'd in part, 977 F.3d 935, 938 n.1 (9th Cir. 2020) (affirming conditions injunction at Adelanto against the government where GEO was not a party); *Zepeda Rivas v. Jennings*, 465 F. Supp. 3d 1028, 1036–37 (N.D. Cal. 2020), aff'd, 845 F. App'x 530, 535 (9th Cir. 2021); *Ruiz v. U.S. Immigr. & Customs Enf't.*, 2026 WL 391924, at *1 (N.D. Cal. Feb. 10, 2026). Defendants' authorities do not disturb that holding.[2]

On **redressability**, this Court found that a court order is "likely to address the conditions of confinement and medical care to which individual Plaintiffs might be entitled while at Adelanto." ECF 70, Order at 11. Indeed, GEO's actions are plainly not the "unfettered choices" at issue in *Lujan v. Defs. of Wildlife*, where the party to be enjoined had no power to compel non-parties to take the action plaintiffs wanted. 504 U.S. 555, 562, 568-71 (1992); *cf.* ECF 80-1, Quevedo Decl. ("Quevedo Decl.") ¶¶ 8-9 (ICE may address deficiencies "via a discrepancy report, a corrective-action plan, inspections and remedial measures, withheld payment, or contract termination."). And because Defendants' constitutional obligations are nondelegable,

[2] *U.S. v. Boyd*, *U.S. v. New Mexico*, and *GEO Group, Inc. v. Newsom* are Supremacy Clause cases delineating *states'* authority over federal contractors. 378 U.S. 39, 44-45 (1964); 455 U.S. 720, 734-35 (1982) 50 F.4th 745 (9th Cir. 2022) (en banc). *Logue v. U.S.*, *U.S. v. Orleans*, and *Ahn v. GEO Group, Inc.* analyze the federal government's liability for damages under the Federal Tort Claims Act, a statutory waiver of sovereign immunity not at issue here. 412 U.S. 521, 530 (1973); 425 U.S. 807, 816 (1976); 2024 WL 1258428 (E.D. Cal. Mar. 25, 2024). None of these cases involve violations of federal detained individuals' *constitutional* rights, and none address traceability.

they must ensure constitutional conditions regardless of what any contractor does. *See West v. Atkins*, 487 U.S. 42, 56 (1988); *see also* Order at 13.

On **ripeness**, this Court found that Plaintiffs' claims are ripe because they challenge "ongoing concrete harm due to their exposure to poor conditions of confinement." Order at 11; *see also Graves v. Arpaio*, 623 F.3d 1043, 1047 (9th Cir. 2010) (ongoing inhumane conditions represent concrete harms). Defendants do not and cannot dispute that the Individual Plaintiffs face "concrete, imminent harms."[3] *See, e.g.*, L.T. Decl. ¶¶ 12-19; Salazar-Garza Decl. ¶¶ 11, 21[4]; *see also Parsons*, 754 F.3d at 679 ("[I]nadequate health care in a [carceral facility] endangers every inmate"). Defendants' repackaged traceability argument fails once again.

**B. Plaintiffs' Proposed Classes Satisfy Rule 23(a)**

Defendants' Rule 23 arguments do not refute that the proposed classes are the exact types of classes that courts have repeatedly certified.

**1. Plaintiffs Have Established Numerosity.**

Defendants' own testimony affirms that Plaintiffs satisfy numerosity, stating that 1,592 individuals are detained at Adelanto as of May 2026.[5] *See* ECF 81, Defendants' Opp. to Plaintiffs Renewed Mot. for Class Cert. ("Opp.") at 16. Defendants' contention that Plaintiffs have not shown how many of the 1,592 detained individuals are "[actually] exposed to the specific harms alleged," Opp. at 7, is misplaced because *all detained individuals* at Adelanto are subject to the *facility-wide* issues described in both the complaint and the record before the Court. *See* ECF 74, First Amended Complaint ("FAC") ¶¶ 67–93; ECF 77, Plaintiffs' Renewed

---

[3] Sevak Mesrobian and J.M. have been released from Adelanto. *See Sevak v. Warden, APC DVA Complex, et al.*, No. 5:25-cv-02629-MAA, ECF 35 (C.D. Cal. May 27, 2026); *see also* J.M Decl. ¶ 2. As argued *infra* at section B.3., their claims are inherently transitory and so can continue to serve as Individual Plaintiffs.

[4] All citations to declarations hereinafter refer to declaration filed concurrently with ECF 75 and will be cited as "LAST NAME Decl."

[5] Plaintiffs' Motion reported over 1,700 individuals at Adelanto–not including Desert View Annex (DVA)--which is consistent with statistics ICE published in April. *See* U.S. Immigr. & Customs Enf't, *ICE Detention Statistics FY 2026 YTD* (Apr. 9, 2026), available at https://www.ice.gov/detain/detention-management; Mot. at 1, 9.

Motion for Preliminary Injunction ("PI") at 15–17; ECF 75, Plaintiffs' Renewed Mot. for Class Cert. ("Mot.") at 11–16, 21–25; *see also Parsons*, 754 F.3d at 678.

Regarding the Disability Subclass, Defendants ignore Plaintiffs' evidence that over 5% of immigrants ages 16–24 have a disability and over 19% of immigrants over 65 have a disability. Mot. at 19–20. Applied to the Adelanto population, even the lower number yields approximately eighty individuals.[6] While Plaintiffs bear the burden to show numerosity, it is telling that Defendants, who are required to identify individuals in their custody with disabilities, have not attested that the number of detained individuals with disabilities is fewer than forty.[7] However, courts have found joinder impracticable even for small classes where the class is composed of a vulnerable population. *See Pappas v. D.C.*, No. CV 19-2800 (RC), 2024 WL 11111298 at *4 (D.D.C. Mar. 14, 2024).

Finally, Defendants' argument that Adelanto's "inherently fluid" population is unascertainable and unmanageable fails.[8] The Ninth Circuit has confirmed that a "class[] membership [that] changes continually over time" *support*s numerosity. *A. B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 838 (9th Cir. 2022); *see also* Mot. at 11. As such, Courts regularly certify classes of detained individuals "who are now, or will in the future be, subjected to" inadequate conditions. *Parsons*, 754 F.3d at 678. The proposed classes are discrete and manageable because they are limited to those who are or will be detained at Adelanto, including those who have disabilities.

**2. The Proposed Classes Satisfy Commonality**

Plaintiffs satisfy commonality because their three claims allege "policies and practices of . . . systemic application [that] expose all" putative class members "to a

---

[6] Courts have consistently applied a general rule that numerosity is satisfied when a class includes at least forty members. *Alvarez v. MBTY, Inc.*, 331 F.R.D. 416 (2019). Also, "[c]lasses with under twenty people have been certified." *Daigle v. Shell Oil Co.*, 133 F.R.D. 600, 603 (D. Colo. 1990).

[7] *See* U.S. Immigr. & Customs Enf't, *Performance-Based National Detention Standards* (2011) [hereinafter PBNDS] at 348, https://www.ice.gov/doclib/detention-standards/2011/pbnds2011r2016.pdf.

[8] Courts in the Ninth Circuit have held that ascertainability does not apply in the context of Rule 23(b)(2). *See Al Otro Lado, Inc., v. McAleenan*, 423 F. Supp. 3d 848, 872 (2019) (collecting cases).

substantial risk of serious harm." *Parsons*, 754 F.3d at 676; *see also* Mot. at 11–15. Plaintiffs' claims are classically suited for class-wide resolution. *Parsons*, 754 F.3d at 676.

As a threshold matter, in support of their argument, Defendants misrepresent this Court's order, arguing that the Court agrees Plaintiffs' claims "will inherently require an individualized determination." Opp. at 8 (quoting Order at 12). But this Court was speaking about issuing a remedy extending to all those detained at Adelanto *prior to* certifying a class, not that this Court believes commonality does not exist. *See* Order at 12.

Nevertheless, Defendants' principal objection—i.e., that commonality fails because each detained individual's particular circumstances differs—rests on what the Ninth Circuit has called a "fundamental misunderstanding of *Wal-Mart* [and] plaintiffs' constitutional claims."[9] *Parsons,* 754 F.3d at 676; Opp at 14. In *Parsons*, the Ninth Circuit squarely rejected the argument that "conditions-of-confinement claims are inherently case specific and turn on many individual inquiries." *Id.* Where, as here, plaintiffs challenge a constellation of related policies exposing *all* detained individuals to a substantial risk of serious harm, commonality is satisfied regardless of whether individual class members have "different housing assignments, medical histories, and experiences."[10] Opp. at 8; *see also Parsons*, 754 F.3d at 678, 686. Defendants' failure to distinguish this controlling authority is fatal. *See* Opp. at 8–11.

The Ninth Circuit's decision in *Roman v. Wolf* is directly on point. In Roman, the "single . . . policy" at issue was "Adelanto's failure to implement" a range of

---

[9] In *Wal-Mart Stores, Inc. v. Dukes*, commonality was not satisfied because the plaintiffs did not show any corporate policy that would have dictated how managers across thousands of Wal-Mart stores across the country made adverse employment decisions. 564 U.S. at 338, 342, 355 (2011). Here, Plaintiffs challenge ICE's oversight of a single detention center.

[10] In fact, the district court in *Gomez Ruiz* followed *Parsons* and rejected Defendants' identical arguments, certifying a class based on "systemic policies and practices governing medical care [and] conditions of confinement" like those at Adelanto. No. 3:25-CV-09757-MMC, 2026 WL 851980, at *9 (N.D. Cal. Mar. 27, 2026); *see also Gomez Ruiz*, No. 3:25-CV-09757-MMC, ECF 39 at 9–11.

"necessary protective measures" during the COVID-19 pandemic. 977 F.3d at 939, 943. Surely the detained individuals at Adelanto had "different housing assignments, medical histories, and experiences," Opp. at 8, and still, the Ninth Circuit upheld provisional class certification for "*all* Adelanto detainees . . . not only those who are uniquely vulnerable" because *all* faced "substantial risk of serious harm," *Roman*, 977 F.3d at 944-945 (citing *Parsons*, 754 F.3d at 678, 689). The same is true here.

Defendants also wrongly argue that Plaintiffs' class definition is overbroad because it includes detained individuals who purportedly never experienced punitive conditions. Opp. at 9. Because Plaintiffs "challenge the overall conditions in which they [are] detained . . . [they] need not prove that every single class member was subjected to every single adverse condition to establish a custom or practice of unconstitutional conditions." *Pablo Sequen v. Albarran*, 810 F. Supp. 3d. 1084, 1123 (N.D. Cal. 2025) (cleaned up); *see also Parsons*, 754 F.3d at 678.

Nor can Defendants avoid commonality by characterizing Plaintiffs' injuries as "stem[ming] from GEO's independent operational choices." Opp. at 9. Defendants' own filings demonstrate that ICE controls the facility-wide policies and practices at issue. Quevedo Decl. ¶¶ 14, 16 (ICE/ERO is responsible for ensuring compliance with the PBNDS). Government entities cannot avoid their constitutional obligations to individuals in civil detention "under federal law by housing them in facilities operated by" third parties. *Armstrong v. Brown*, 732 F.3d 955, 957 (9th Cir. 2013).

**3. The Proposed Classes Satisfy Typicality**

The Individual Plaintiffs satisfy typicality because their claims "arise from the same course of conduct" and are "based on the same legal theory" as the claims of absent class members. *Parsons,* 754 F.3d at 685. Each Individual Plaintiff is detained at Adelanto, subject to the same facility-wide policies and practices, and alleges the same punitive conditions of confinement, inadequate medical care, and disability discrimination. *See* Mot. at 16.

Defendants' arguments against typicality all fail. They rely primarily on

irrelevant, cherry-picked facts, such as Individual Plaintiffs' criminal histories.[11] Opp. at 11-12. "It does not matter that the [individual] plaintiffs may have in the past suffered varying injuries or that they may currently have different health care needs." *Parsons*, 754 F.3d at 686. When class members "raise similar constitutionally based arguments," typicality is satisfied, notwithstanding minor distinctions between claims. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) *abrogated on other grounds by Nat'l TPS All. v. Noem*, 166 F.4th 739 (9th Cir. 2026).

Defendants contend that the relation-back doctrine does not apply to Plaintiffs J.M. and Mesrobian, who have been released from Adelanto, because Plaintiffs do not have transitory claims. Opp. at 7. This is irreconcilable with Defendants' statements that "Adelanto's detainee population is inherently fluid" and "the population 'turns over continually, with frequent arrivals and releases (by habeas or removal) and many short stays.'" *Id.* at 7–8; *see also Immigr. Ctr. for Women and Child. v. Noem*, No. 2:25-cv-09848-AB-AS, 2026 WL 1455004 at *21 (C.D. Cal. May 20, 2026) (rejecting Defendants' similar argument that the "'protracted timeline of immigration litigation'" means claims cannot be transitory). Perhaps aware of this contradiction, Defendants suggest—with no supporting authority—that the inherently transitory exception to mootness only applies when "*no* representative could remain in custody long enough to obtain certification." *Id.* at 18 (emphasis added). Meanwhile, *Torres* applied this doctrine in this exact situation, where purported class representatives had been released from Adelanto. 411 F. Supp. 3d 1036, 1056 (C.D. Cal 2019). Here, certification "relates back to the filing of the complaint" filed on January 26, 2026, when all Individual Plaintiffs were detained. *Pitts v. Terrible v. Herbst, Inc.*, 653 F.3d 1081, 1092 (9th Cir. 2011); ECF 1, Complaint ¶ 17.

Finally, Plaintiffs have not, as Defendants argue, shifted "the factual predicate

[11] Defendants' attempt to minimize the Individual Plaintiffs' experiences by arguing that their harms are either self-inflicted or not worth consideration because of their past criminal history, see Opp. at 6, are both offensive and legally infirm.

of each representative's claim[s]" between the Complaint and the FAC. *See* Opp. at 13. The changes in the FAC Defendants point to—for example, that Mr. Mesrobian has been chained to his hospital bed multiple times since filing the original complaint—do not change his claim regarding an inadequate system of medical care. If anything, these updated facts show that Individual Plaintiffs continue to suffer under the policies and practices this lawsuit challenges.

**4. The Proposed Class Representatives Satisfy Adequacy**

The Individual Plaintiffs testified that they do not "have any conflicts of interest with other class members" and will "prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998) *overruled on other grounds by Wal-Mart,* 564 U.S. at 338; Mot. at 17–18. This is sufficient to show adequacy. But Defendants invent new requirements—e.g., a showing "that the Individual Plaintiffs reviewed the complaint, understood the legal theories asserted or exercised any independent judgment over the litigation strategy." Opp. at 14. Another Central District court recently rejected these exact arguments,[12] noting that, as here, "Defendants cite no authority imposing such a rigorous standard." *Immigr. Ctr. for Women and Child.,* 2026 WL 1455004 at *28. Individual Plaintiffs need only show that they understand their duties and must be willing and able to perform them. *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 667 (C.D. Cal. 2009). Here, the Individual Plaintiffs have detailed their informed involvement in the class in sworn declarations submitted to the Court and declared that they will fairly and adequately protect the interests of the class.[13] *See generally* Mot. at 17–18.

[12] *Compare* ECF 81, Opp. at 14 ("'Nor is there any indication the Individual Plaintiffs reviewed the complaint, understood the theories asserted, or exercised independent judgment over the litigation.") *with Immigr. Ctr. for Women and Child.*, No. 2:25-cv-09848, ECF 39 at 20 ("There is also no indication that the Individual Plaintiffs reviewed the complaint, understood the legal theories asserted, or exercised any independent judgment over the litigation strategy.").

[13] As to Defendants' EAJA fees argument, the Ninth Circuit Appellate Commissioner has expressly rejected any obligation to share retainer agreements to establish that EAJA fees are appropriate. *See, e.g.*, *Zenhua Li v. Holder*, No. 07-72560 (9th Cir. 2012) (Order dated Jul. 2, 2012, motion to reconsider denied Aug. 30, 2012). Counsel are representing Plaintiffs *pro bono* and only seek reasonable attorneys' fees. ECF 74, FAC at 72.

### C. The Proposed Classes Satisfy Rule 23(b)

Plaintiffs' claims may be certified under either Rule 23(b)(2) or 23(b)(1). Defendants do not show that certification is inappropriate.

#### 1. The Proposed Classes Satisfy Rule 23(b)(2)

Plaintiffs' requested relief comports with Rule 23(b)(2) because "every [detained individual] in the proposed class is allegedly suffering the same (or at least a similar) injury and that injury can be alleviated for every class member by uniform changes in [facility-]wide [] policy and practice." *Parsons*, 754 F.3d at 689; *see also Roman*, 2020 WL 3869729, at *4 (certifying Adelanto class under (b)(2)). Plaintiffs complain of generally applicable punitive conditions, an ineffective medical system, and—for the subclass members—no functional system to identify and accommodate disabilities. These are not "fact specific grievances [that] demand individualized adjudication." Opp. at 15. Rather, the merits of Plaintiffs' claims turn on facility-wide policies and practices that Defendants continue to authorize.

Defendants' argument that 8 U.S.C. § 1252(f)(1) "bars class wide injunctive relief" has no merit. Section 1252(f)(1) "generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions." *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022). Those "specified statutory provisions" refer *only* to the operation of immigration laws found at 8 U.S.C. §§ 1221–1231, *see* 8 U.S.C. § 1252(f)(1), against which Plaintiffs do not seek to enjoin Defendants. Plaintiffs' claims would not, and could not, "reorder the operation of the detention statutes." Opp. at 17. In fact, reading § 1252(f)(1) as broadly as Defendants suggest would require this Court to find that the unconstitutional conditions of confinement at Adelanto are *required* for the operation of 8 U.S.C. §§ 1221–1231. Such a reading would be manifestly unjust and would violate the basic principle that statutes cannot violate the Constitution.

Finally, *Trump v. CASA, Inc.* is not a class action case and is inapplicable here.

*See* 606 U.S. 831 (2025). It is also materially distinguishable because Plaintiffs seek an injunction at a single detention facility in California, not a nationwide injunction.[14]

**2. The Proposed Classes Satisfy Rule 23(b)(1)**

Challenges to conditions of confinement have repeatedly been certified under (b)(1) because piecemeal lawsuits challenging the same facility-wide policies would result in inconsistent judgments and directives. *See, e.g.*, *Gray v. Cnty. of Riverside*, No. EDCV 13-00-444 CAP (Opx), 2014 WL 5304915, at *38 (C.D. Cal. Sept. 2, 2014). "[E]ither each of the policies and practices is unlawful as to every [detained individual] or it is not." *Parsons*, 754 F.3d at 678. As the record demonstrates, they clearly are.

## III. CONCLUSION

Plaintiffs respectfully request that this Court grant their Motion and certify the Adelanto Class and Disability Subclass.

[14] This Court should reject Defendants' argument that Plaintiffs' request for notice "fails with the motion itself" because, as argued supra, 8 USC § 1252(f)(1) and *CASA* do not apply here. 606 U.S. at 861; *see also* ECF 81, Opp. at 25. *See also* Fed. R. Civ. P. 23(c)(2)(A) advisory committee's note (2003) (explaining where notice is appropriate).

Dated: June 12, 2026

Respectfully Submitted,

IMMIGRANT DEFENDERS LAW CENTER

By: */s/ Carson Adrianna Scott*
Alvaro M. Huerta
Carson Adrianna Scott

Alison Steffel

PUBLIC COUNSEL

By: */s/ Rebecca Brown*
Rebecca Brown
Sophia Wrench
Amelia Piazza
Elizabeth Hercules-Paez
Belinda Escobosa

COALITION FOR HUMANE IMMIGRANT RIGHTS

By: */s/ Carl Bergquist*
Carl Bergquist
Adam Reese

WILLKIE FARR & GALLAGHER LLP

By: */s/ Nicholas Reddick*
Nicholas Reddick
Stephen Henrick
Alyxandra Vernon
Jacob Karim

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this Reply is ten pages or less, which complies with this Court's standing order.

Dated: June 12, 2026

Respectfully Submitted,

IMMIGRANT DEFENDERS LAW CENTER

By: */s/ Carson Adrianna Scott*
Alvaro M. Huerta
Carson Adrianna Scott

Alison Steffel

PUBLIC COUNSEL

By: */s/ Rebecca Brown*
Rebecca Brown
Sophia Wrench
Amelia Piazza
Elizabeth Hercules-Paez
Belinda Escobosa

COALITION FOR HUMANE IMMIGRANT RIGHTS

By: */s/ Carl Bergquist*
Carl Bergquist
Adam Reese

WILLKIE FARR & GALLAGHER LLP

By: */s/ Nicholas Reddick*
Nicholas Reddick
Stephen Henrick
Alyxandra Vernon
Jacob Karim