TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PUSHKAL MISHRA (Cal. Bar No. 298695)
Special Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (714) 338-3503
    E-mail: pushkal.mishra@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>        Defendants. | No. 5:26-cv-00322-SSS-SP<br><br>**DEFENDANTS' APPLICATION TO FILE UNDER SEAL IN RESPONSE TO THE COURT'S JULY 9, 2026 ORDER (ECF 97)**<br><br><br>Honorable Sunshine Suzanne Sykes<br>United States District Judge |

## I.   INTRODUCTION

Pursuant to Local Rules 79-5.1, 79-5.2, and 79-5.2.2, and in response to the Court's July 9, 2026 Order (ECF 97), Defendants respectfully apply to file under seal, for the Court's in-camera review, complete unredacted copies of Exhibits 1, 4, and 7 through 17 to the Declaration of Rosa Quevedo (ECF 80-2, 80-5, and 80-8 through 80-18), and to place on the public record versions of those exhibits bearing narrowly tailored redactions to preserve confidential, sensitive, and protected information. The redactions are narrowly drawn: They are limited to a private contractor's proprietary pricing, the names and signatures of individual, federal civilian personnel, law enforcement sensitive information, and Plaintiffs' identifying information—including the true names of the two Plaintiffs who proceed under pseudonym by this Court's own order. Sealing the fuller versions takes nothing from the public while giving the Court the complete record, especially considering that the case is still in the pleading stage and discovery obligations have not yet accrued.

## II.   LEGAL STANDARD

A party seeking to seal records attached to a dispositive motion must overcome the "strong presumption in favor of access to court records" by showing "compelling reasons" for secrecy. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The movant must articulate "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). Compelling reasons exist where court files "might have become a vehicle for improper purposes," including to "release trade secrets," *id.* at 1179, and the Ninth Circuit likewise protects individuals from the "risk of retaliatory physical or mental harm," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Sealing must be narrowly tailored to the sealable material. L.R. 79-5.2.2(a)(ii).

//

//

//

1

### III.    ARGUMENT[1]

The premise of the Court's Order—that Defendants filed exhibits "with redactions" without first obtaining approval, ECF 97—warrants a clarification as to two of the exhibits.[2] The versions of Exhibit 1 (the APC Contract, ECF 80-2) and Exhibit 4 (the 2025 ODO inspection report, ECF 80-5) attached to the Quevedo Declaration were not litigation copies that Defendants redacted to withhold anything from the Court or the public. They were publicly available, previously redacted versions of those documents—either substantially similar or identical to the versions ICE published for public access at the same links Plaintiffs located, cited, and hyperlinked in their operative complaint. *See* ECF 74 ¶ 32 n.18 (linking ICE's public copy of the APC Contract, available at https://www.ice.gov/doclib/foia/detFacContracts/70CDCR20D00000009_org_Adelanto DetFac_AdelantoCA.pdf); *id.* ¶ 139 n.140 (linking ICE's public copy of the 2025 Inspection Report, available at https://www.ice.gov/doclib/foia/odo-compliance-inspections/AdelantoProcessingCenterAdelantoCA-September-16-18-2025.pdf); *see also* Suppl. Quevedo Decl. ¶¶ 3–4 (filed concurrently). Indeed, the public version of Exhibit 4 that Defendants attached is identical to the one located at the link.

Defendants attached those public copies for the Court's convenience and ease of reference; any redactions they bear were not made for purposes of this litigation; ICE made them for other, earlier public disclosures, and the versions were already in the public domain—not redactions Defendants made for this filing without first obtaining the Court's approval. *Id.* ¶¶ 3–4. Because Plaintiffs themselves incorporated both of these specific versions of the documents by reference in the operative pleading, they were already part of the record—Defendants' attachment was merely a courtesy, not an effort to place

---

[1] Plaintiffs do not oppose the continued redaction of ECF 80-8 through 80-18 (Exs. 7 through 17), which protects the names and other personally identifiable information of Plaintiffs' clients. Plaintiffs do not take a position on whether Defendants satisfy the applicable sealing standards with respect to the information Defendants seek to seal.

[2] Defendants acknowledge that Exhibits 7 through 17 to the Declaration of Rosa Quevedo (ECF 80-8 through 80-18) should have been filed under seal in the first place. Defendants sincerely apologize to the Court for failing to do so.

2

anything new under seal as to those two exhibits. Defendants respectfully submit that filing the already-public exhibits, even in redacted form, did not require prior leave; indeed, courts do not compel the sealing or redaction of material that is already public. *See, e.g.*, *FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 22-cv-07148, 2023 WL 6237986, at *3 (N.D. Cal. Sept. 22, 2023) ("Information that is in the public domain is not sealable." (citing *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014))); *Gonzales v. Comcast Corp.*, No. 10-cv-01010, 2011 WL 4768021, at *2 (E.D. Cal. Oct. 7, 2011) ("[T]here is no basis to seal these documents as the subscriber information contained in the documents is already part of the public domain by the express action of Plaintiffs."); *June Medical Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022) ("Publicly available information cannot be sealed. In so holding, we align with the Supreme Court and our sister circuits." (collecting cases)).

Given the Court's order, ECF 97, Defendants now respectfully apply to file under seal, for the Court's in-camera review, complete unredacted copies of Exhibits 1, 4, and 7 through 17 to the Declaration of Rosa Quevedo (ECF 80-2, 80-5, and 80-8 through 80-18), and to place on the public record versions of those exhibits bearing only narrowly tailored redactions. The narrow-tailoring requirement is satisfied by definition here. The only content withheld from the public docket is the content the agency itself withholds from public release—individual personnel names and signatures, law enforcement sensitive information, and GEO Group's proprietary pricing. It would invert the presumption of access to compel Defendants to publish, through this litigation, the very information the public cannot obtain from the agency's own public release—least of all the identities of individual personnel and a private contractor's competitively sensitive pricing as well as relevant identifiers for the named Plaintiffs in this action.

**A.    Exhibit 1 (APC Contract, ECF 80-2)**

The incremental unredacted content warrants sealing for three independent compelling reasons. First, the contract sets out GEO Group's unit pricing, per-diem rates, and other financial terms—the confidential, proprietary commercial information of a

3

private contractor, the disclosure of which would reveal GEO Group's pricing to competitors and cause competitive harm. Suppl. Quevedo Decl. ¶ 6. The protection of such commercial information is a paradigmatic compelling reason. *See Kamakana*, 447 F.3d at 1179 (sealing appropriate to avoid "releas[ing] trade secrets"). Second, the contract identifies and bears the signatures of individual ICE and GEO Group personnel, whose names and signatures are personal to them and whose public exposure would implicate their privacy and safety—a particularly weighty concern given the current climate surrounding immigration-enforcement personnel. Suppl. Quevedo Decl. ¶ 6. Defendants propose to redact only those two categories. Third, as the Court is aware, Plaintiffs elected not to sue GEO Group as a defendant in this action, and therefore it is particularly important that its commercial information be protected from disclosure as a non-party.

**B.    Exhibit 4 (2025 ODO Inspection Report, ECF 80-5)**

Defendants propose to redact only personal identifying information—the names of individual inspectors and staff and any detainee identifiers—and law enforcement sensitive information. Suppl. Quevedo Decl. ¶ 7. Defendants do not seek to seal, and will not redact, the inspection's methodology, sample size, findings, or ratings—the substance the Court identified as material to its evaluation of the report. The Court will thus receive precisely the substantive content it wants, unredacted under seal and on the public record, with only individual identifiers withheld.

**C.    Exhibits 7 through 17 (Individual Immigration Records, ECF 80-8 through 80-18)**

These exhibits—Notices to Appear, custody and bond determinations, and removal orders—display the detainees' true names and Alien Registration Numbers, including the true names of Plaintiffs L.T. and J.M., who proceed under pseudonym by order of this Court. ECF 28. Filing them unredacted on the public docket would nullify the Court's pseudonym order and expose the detainees to the very "retaliatory physical or mental harm" the anonymity doctrine guards against. *Advanced Textile*, 214 F.3d at 1068. The Court has already found compelling reason to protect these Plaintiffs' identities, ECF 28,

and the same reason supports redacting the detainees' names, Alien Registration Numbers, and other identifiers here. Suppl. Quevedo Decl. ¶ 8.

## IV.    CONCLUSION

The redactions Defendants propose are supported by compelling reasons and are the narrowest possible. For these reasons, Defendants respectfully request that the Court grant this Application, permit Defendants to file the unredacted Exhibits 1, 4, and 7 through 17 under seal for the Court's in-camera review, and permit the public filing of those exhibits bearing the narrowly tailored redactions described above.

Respectfully submitted,

Dated: July 15, 2026

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section

*/s/ Pushkal Mishra*
PUSHKAL MISHRA
Special Assistant United States Attorney

Attorneys for Defendants