UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00322-SSS-SP | Date | July 16, 2026 |
| Title | *L.T., et al., v. United States Immigration and Customs Enforcement, et al.* | | |

Present: The Honorable     SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING, IN PART, PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY INJUNCTION [DKT. NO. 77]**

Before the Court is Plaintiffs' Renewed Motion for Preliminary Injunction. [Dkt. No. 77, Renewed Mot.]. Defendants Department of Homeland Security, Immigration and Customs Enforcement, Markwayne Mullin, Todd Lyons, Jaime Rios ("Defendants") oppose the motion. [Dkt. No. 87, Opp'n]. The Court has considered the parties' written and oral arguments, relevant legal authority, and record in this case.

Pursuant to Federal Rules of Civil Procedure 65(a) and 23, the Court finds that Plaintiffs have demonstrated they are likely to prevail—or at the least, raise serious questions—on the merits of their Fifth Amendment and Rehabilitation Act claims; that they will suffer irreparable harm if the Court does not issue preliminary injunctive relief; that the balance of equities tips strongly in their favor; and that the public interest lies in issuing a preliminary injunction. The Court also finds that the requirements for provisional class certification for purposes of issuing preliminary injunctive relief have been satisfied.

Accordingly, Plaintiffs' Renewed Motion for Preliminary Injunction is **GRANTED**. Defendants and their officers, agents, servants, employees, attorneys,

and other persons who are in active concert or participation with Defendants are **PRELIMINARY ENJOINED** as follows:

    (1)    Defendants are immediately ordered to ensure Plaintiffs and the detainees are provided the following:

        a.    24-hour access to clean potable drinking water;

        b.    Nutritious and sanitary meals that contain a sufficient number of calories;

        c.    Adequate sanitation throughout Adelanto ICE Processing Center East and West. At a minimum, Defendants must ensure that (1) the facility is cleaned daily; (2) soap and hygiene products are consistently available to detainees free of charge; and (3) mold is identified, treated, and remediated at the facility;

        d.    Adequate privacy to detainees when using the restroom or showering that is consistent with the safety needs of the facility;

        e.    Access to clean, sanitary, and temperature-appropriate clothing;

        f.    Access to clean, sanitary, and temperature-appropriate mattresses, pillows, and blankets;

        g.    Access to outdoor recreation spaces that must include individual access to the yard (i.e., not the "mini-yard") for at least four hours per day, seven days per week, unless there are documented security risks or reasons necessitating otherwise;

        h.    Visits during the facility's business hours. Visits must not be subject to time limits unless such visits interfere with normal operation of the facility or visitation rooms reach capacity. Detained individuals and their families must be allowed to use the restroom during visits without the visit being subject to automatic cancellation. Physical contact (e.g., hugging, holding hands, etc.) must be allowed during visitation absent a documented security risk justifying otherwise.

    (2)    **Headcounts:** Defendants must ensure headcounts are conducted in a manner and at times that minimize disruption to the operation of the facility.

---

a.    **9:00 A.M. to 8:00 P.M.:**  Absent a documented security risk or reasons necessitating otherwise, headcounts conducted between 9:00 A.M. and 8:00 P.M. must be performed on an out-count basis.  Out-count basis is defined as a headcount that occurs while detainees are temporarily outside their assigned housing or units.  No more than two headcounts may occur between 9:00 A.M. to 8:00 P.M.

b.    **8:01 P.M. TO 8:59 A.M.:**  Headcounts conducted between 8:01 P.M. to 8:59 A.M. must be performed in a manner designed to minimize intrusion on the detainees while they are sleeping.  No more than two headcounts can occur between 8:01 P.M. TO 8:59 A.M.

(3)    **Administrative Segregation:**  Defendants are enjoined from isolating detainees in the Special Housing Unit, Special Management Unit, or administrative segregation absent (1) a documented security concern that threatens the safety and/or security of the facility or staff, or (2) a request from a detainee to be placed in administrative segregation.  If a detainee is placed in administrative segregation, that detainee must be given notice of (1) the reasons why they have been placed in administrative segregation within 24 hours of their placement, and (2) the process by which they can contest such placement.

Any segregation must account for the detainee's mental and physical health and evaluate whether segregated housing is likely to worsen their health.  If segregation is likely to worsen a detainee's mental or physical health, alternative remedies must be considered and segregated housing should only be used if absolutely necessary.

(4)    **Remedial Plan:**  Within 14 calendar days of this order, Defendants are ordered to develop and file a remedial plan to implement comprehensive systems for medical care and disability accommodations at Adelanto Processing Center East and West.

a.    **Medical care:**  The remedial plan must specify policies, procedures, staffing, and required training sufficient to ensure the following:

i.    A documented health intake screening for all new detainees within eight hours of that person's arrival at the facility.  The health intake screening must be sufficient to (1) identify and begin necessary treatment of those with

physical or mental illnesses or injuries, (2) ensure continuity of pre-detention treatment and medication, and (3) recognize, segregate, and treat those with communicable diseases;

    ii.   Access to primary, secondary, and tertiary medical care for all detainees according to their health care needs. This includes timely treatment appropriate to the severity of their physical or mental conditions, consistent with the established standards of care and required timeliness for routine, urgent and emergent cases;

    iii.   Timely diagnostic testing (including procedures for prioritizing the urgency of laboratory orders) and required timeframes for review, communication to patients, and follow-up of results; and

    iv.   Continuous provision of ordered medications, according to the prescribed dosage regimen, from the time of intake and throughout the period of detention.  If there are any medications changes, a qualified medical provider must explain immediately to the detainee the reason for the change; and

    v.   Provision of patients' rights materials, translated as appropriate, for all detainees that inform them of their rights as patients, including rights to confidentiality, informed consent, refusal of treatment, access to medical records, and procedures for requesting medical attention.

   b.   **Disability accommodations:**  The remedial plan must also specify policies, procedures, staffing, and required training to ensure the following:

    i.   A system to identify and track all detainees who have qualifying disabilities, as defined by Section 504 of the Rehabilitation Act and its implementing regulations, upon intake and throughout the period of detention;

    ii.   A system for identifying and tracking the reasonable accommodations necessary for detainees with qualifying disabilities to participate in programs, services, and activities at the facility; and

---

       iii.        Disabled detainees are provided reasonable accommodations; and

       iv.        Provision of disability-specific materials, translate as appropriate, for all detainees that inform them of their right to reasonable accommodations and procedures to request reasonable accommodations.

(5) **Independent Monitors:** To ensure compliance with the remedial plan described in paragraph 4, Defendants are ordered to provide access to two qualified, independent, third-party monitors for the duration of this litigation or until terminated by court order. One independent monitor will observe and report on the systems for medical care and disability accommodations ("Medical Monitor"), and the other will focus on the conditions of confinement ("Conditions Monitor").

    a.    **Selection of independent monitors:** The parties are ordered to meet and confer regarding the selection of the independent monitors and file a written proposal within 14 days of this order identifying the proposed monitors. After receiving the parties' written proposal(s), the Court will then appoint the Medical and Conditions Monitors.

    b.    **Remedial plan review:** Within 14 days after their appointment or receipt of the remedial plan, whichever is later, the Medical Monitor must review the plan and provide feedback to the Court and the parties regarding the plan.

        The parties will have 14 days after receipt of the Medical Monitor's feedback to meet and confer, and if necessary, submit feedback to the Court regarding the adequacy of the remedial plan.

        The Court will then enter a separate order adopting a Remedial Plan based on the feedback from the Medical Monitor and the parties. That subsequent order will be incorporated by reference into this order.

    c.    **General duties:** The Medical and Conditions Monitors must prepare monthly reports for the Court and the parties detailing their findings and recommendations. The status reports are due on the 1st of every month.

---

    d.    **Permissions:** Defendants must ensure that the Medical and Conditions Monitors are able to conduct unannounced, independent inspections of Adelanto Processing Center East and West. Defendants must also ensure that the Medical and Conditions Monitors have reasonable access to Adelanto Processing Center East and West, any physical and electronic health records relevant to the implementation of this order, staff, and detainees. The Medical and Conditions Monitors must keep any medical records confidential to this case. If the Medical or Condition Monitors believe any medical records need to be filed on the public docket, that monitor must first consult with the parties' counsel to determine whether such documents need to be filed under seal as required under Local Rule 79-5.2.2.

    e.    **Duration:** The Medical and Conditions Monitors will be appointed for the duration of this litigation if and until (1) this preliminary injunction order is dissolved by this Court or an intermediate appellate court, (2) a permanent injunction is entered, or (3) if this action is dismissed.

    f.    **Grievance System:** Defendants are ordered to ensure there is a process by which detainees can submit complaints or comments directly to the Medical or Conditions Monitors. Detainees must have free access to this system. Detainees must be able to submit a complaint or comment through (1) a physical written grievance submitted directly to the monitor or a locked box that is only accessible by the Medical or Conditions' Monitors, or (2) through an electronic grievance submitted via a tablet that is only accessible by the Medical or Conditions Monitors.

Federal Defendant must post written information about how to use this system throughout the facility in English and Spanish. Defendants must also ensure that the same information is provided to a detainee upon their request. Posters should not that the complaints or comments go directly to (1) the monitor or a locked box or (2) through an electronic grievance.

Defendants must ensure that all staff are trained to answer any questions about this system from the detainees.

        CIVIL MINUTES—GENERAL        Initials of Deputy Clerk <u>iv</u>

g.    **Payment of Costs and/or Fees:**  Defendants must pay the Medical and Conditions Monitors' reasonable rates.

(6)    Defendants are enjoined from retaliating in any form against the named Plaintiffs, any declarant, or any class member for complaining about any violation of this order, participating in this case, or otherwise asserting their constitutional or statutory rights with respect to medical care, disability accommodations, and conditions at Adelanto ICE Processing Center East and West.  Defendants may not harass, intimidate, or threaten any such individuals, whether at Adelanto, in their immigration proceedings, or in any other capacity.

(7)    Federal Rule of Civil Procedure 65(c)'s bond requirement is waived.

Plaintiffs' request that the Class and Disability Subclass be provisionally certified is **GRANTED**.  The Class and Disability Subclass are defined as follows:

**Provisional Class:**  All people who are now, or who in the future will be, in the legal custody of the United States Immigration and Customs Enforcement and detained at the Adelanto ICE Processing Center East and West.

**Provisional Disability Subclass:**  All people who have disabilities within the meaning of the Rehabilitation Act and are now, or in the future will be, in the legal custody of the United States Immigration and Customs Enforcement and detained at the Adelanto ICE Processing Center East and West.

Plaintiffs L.T., J.M., Sevak Mesrobian, Jose Mesrobian, and Coalition for Humane Immigrant Rights are **PROVISIONALLY APPOINTED** the named representatives of the Provisional Class.

L.T., Sevak Mesrobian, and Jose Mauro Salazar Garza are **PROVISIONALLY APPOINTED** the named representatives of the Provisional Disability Subclass.

Public Counsel, Immigrant Defenders Law Center, Coalition for Humane Immigrant Rights, and Willkie Farr & Gallagher are **PROVISIONALLY APPOINTED** as class counsel for the Provisional Class and Provisional Disability Subclass.

All other relief sought by Plaintiffs but not addressed in this order is held in abeyance pending the Court's issuance of its full memorandum of decision on the

Renewed Motion for Preliminary Injunction and Plaintiffs' Renewed Motion for Class Certification.

**IT IS SO ORDERED.**

CIVIL MINUTES—GENERAL                    Initials of Deputy Clerk <u>iv</u>