UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-00322-SSS-SPx | Date | August 4, 2026 |
|---|---|---|---|
| Title | *L.T., et al. v. U.S. Immigration and Customs Enforcement, et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING DEFENDANTS' *EX PARTE* APPLICATION FOR STAY PENDING APPEAL [DKT. NO. 113]**

Before the Court is Defendants' *Ex Parte* Application for Stay Pending Appeal. [Dkt. No. 113, Appl.]. Plaintiffs oppose. [Dkt. No. 116, Opp'n]. Having reviewed the parties' arguments, relevant legal authority, and record in this case, the *Ex Parte* Application is **DENIED**.

On July 16, 2026, the Court granted, in part, Plaintiffs' renewed motion for a preliminary injunction. [Dkt. No. 104, Order]. The Court ordered Defendants to ensure that Plaintiffs and the class of detainees receive basic life necessities, adequate medical care, and are not being subjected to punitive conditions of confinement. [*See id.*]. The Court also ordered the parties to develop and file a remedial plan to address the inadequate medical care and any failures in providing disabled detainees reasonable accommodations. [*Id.* at 3–4]. The proposed remedial plan was due July 30, 2026. [*Id.* at 3].

On that date, Defendants applied *ex parte* to stay the preliminary injunction pending their appeal to the Ninth Circuit. [*See* Appl.]. Less than 24 hours later, Plaintiffs filed their opposition. [*See* Opp'n].

Here, even assuming the *Ex Parte* Application is procedurally proper, Defendants have not shown a stay is warranted. To obtain a stay pending appeal, Defendants must make a strong showing, among other things, that they are likely to succeed on the merits. *Nken v. Holder*, 556 U.S. 418, 427 (2009). In an attempt to carry this burden, Defendants largely repackage the same arguments they raised in their oppositions to the preliminary injunction motion and class certification motion. [*See* Dkt. Nos. 63, Opp'n Class Cer.; 87, Opp'n Prelim. Inj.]. As will be discussed in its forthcoming memorandum of decision, the Court found these arguments unavailing, which is evinced by the fact that it granted the preliminary injunction motion and provisionally certified the class and subclass.

For these reasons, the Court finds a stay pending appeal is not warranted and **DENIES** the *Ex Parte* Application.

**IT IS SO ORDERED.**