UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00322-SSS-SP | Date | September 11, 2026 |
| Title | *L.T., et al., v. United States Immigration and Customs Enforcement, et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) FIRST AMENDED PRELIMINARY INJUNCTION ORDER**

For ease of reference, the Court issues this First Amended Preliminary Injunction Order, which includes the entire preliminary injunction order with any modifications made at the September 1, 2026, hearing and subsequent amendments. Attached as an exhibit is the redlined version of this order.

The First Amended Preliminary Injunction Order is as follows:

* * *

(1) Defendants are immediately ordered to ensure Plaintiffs and the detainees are provided the following:

a. 24-hour access to clean potable drinking water;

b. Nutritious and sanitary meals that contain a sufficient number of calories;

c. Adequate sanitation throughout Adelanto ICE Processing Center East and West. At a minimum, Defendants must ensure that (1) the facility is cleaned daily; (2) soap and hygiene products are consistently available to detainees free of charge;

and (3) mold is identified, treated, and remediated at the facility;

d. Adequate privacy to detainees when using the restroom or showering that is consistent with the safety needs of the facility;

e. Access to clean, sanitary, and temperature-appropriate clothing;

f. Access to clean, sanitary, and temperature-appropriate mattresses, pillows, and blankets;

g. Access to outdoor recreation spaces that must include individual access to the yard (i.e., not the "mini-yard") for at least four hours per day, seven days per week, unless there are documented security risks or reasons necessitating otherwise;

h. Visits during the facility's business hours. Visits must not be subject to time limits unless such visits interfere with normal operation of the facility or visitation rooms reach capacity. Detained individuals and their families must be allowed to use the restroom during visits without the visit being subject to automatic cancellation. Physical contact (e.g., hugging, holding hands, etc.) must be allowed during visitation absent a documented security risk justifying otherwise.

(2) **Headcounts:** Defendants must ensure headcounts are conducted in a manner and at times that minimize disruption to the operation of the facility.

a. **9:00 A.M. to 8:00 P.M.:** Absent a documented security risk or reasons necessitating otherwise, headcounts conducted between 9:00 A.M. and 8:00 P.M. must be performed on an out-count basis. Out-count basis is defined as a headcount that occurs while detainees are temporarily outside their assigned housing or units. No more than two headcounts may occur between 9:00 A.M. to 8:00 P.M.

b. **8:01 P.M. TO 8:59 A.M.:** Headcounts conducted between 8:01 P.M. to 8:59 A.M. must be performed in a manner designed to minimize intrusion on the detainees while they are sleeping. No more than two headcounts can occur between 8:01 P.M. TO 8:59 A.M.

(3) **Administrative Segregation:** Defendants are enjoined from isolating detainees in the Special Housing Unit, Special Management Unit, or administrative segregation absent (1) a documented security concern that threatens the safety and/or security of the facility or staff, or (2) a request from a detainee to be placed in administrative segregation. If a detainee is placed in administrative segregation, that detainee must be given notice of (1) the reasons why they have been placed in administrative segregation within 24 hours of their placement, and (2) the process by which they can contest such placement.

Any segregation must account for the detainee's mental and physical health and evaluate whether segregated housing is likely to worsen their health. If segregation is likely to worsen a detainee's mental or physical health, alternative remedies must be considered and segregated housing should only be used if absolutely necessary.

(4) **Remedial Plan:** Within 14 calendar days of this order, Defendants are ordered to develop and file a remedial plan to implement comprehensive systems for medical care and disability accommodations at Adelanto Processing Center East and West.

a. **Medical care:** The remedial plan must specify policies, procedures, staffing, and required training sufficient to ensure the following:

i. A documented health intake screening for all new detainees within eight hours of that person's arrival at the facility. The health intake screening must be sufficient to (1) identify and begin necessary treatment of those with physical or mental illnesses or injuries, (2) ensure continuity of pre-detention treatment and medication, and (3) recognize, segregate, and treat those with communicable diseases;

ii. Access to primary, secondary, and tertiary medical care for all detainees according to their health care needs. This includes timely treatment appropriate to the severity of their physical or mental conditions, consistent with the established standards of care and required timeliness for routine, urgent and emergent cases;

iii. Timely diagnostic testing (including procedures for prioritizing the urgency of laboratory orders) and

required timeframes for review, communication to patients, and follow-up of results; and

iv. Continuous provision of ordered medications, according to the prescribed dosage regimen, from the time of intake and throughout the period of detention. If there are any medications changes, a qualified medical provider must explain immediately to the detainee the reason for the change; and

v. Provision of patients' rights materials, translated as appropriate, for all detainees that inform them of their rights as patients, including rights to confidentiality, informed consent, refusal of treatment, access to medical records, and procedures for requesting medical attention.

b. **Disability accommodations:** The remedial plan must also specify policies, procedures, staffing, and required training to ensure the following:

i. A system to identify and track all detainees who have qualifying disabilities, as defined by Section 504 of the Rehabilitation Act and its implementing regulations, upon intake and throughout the period of detention;

ii. A system for identifying and tracking the reasonable accommodations necessary for detainees with qualifying disabilities to participate in programs, services, and activities at the facility; and

iii. Disabled detainees are provided reasonable accommodations; and

iv. Provision of disability-specific materials, translate as appropriate, for all detainees that inform them of their right to reasonable accommodations and procedures to request reasonable accommodations.

(5) **Independent Monitors:** To ensure compliance with this order (namely, paragraphs 1 through 4), Defendants are ordered to provide access to two qualified, independent, third-party monitors for the duration of this litigation or until terminated by court order. One independent monitor will observe and report on the systems for medical care and disability accommodations ("Medical Monitor"),

and the other will focus on the conditions of confinement ("Conditions Monitor").

a. **Selection of independent monitors:** The parties are ordered to meet and confer regarding the selection of the independent monitors and file a written proposal within 14 days of this order identifying the proposed monitors. After receiving the parties' written proposal(s), the Court will then appoint the Medical and Conditions Monitors.

b. **Remedial plan review:** Within 14 days after their appointment or receipt of the remedial plan, whichever is later, the Medical Monitor must review the plan and provide feedback to the Court and the parties regarding the plan.

The parties will have 14 days after receipt of the Medical Monitor's feedback to meet and confer, and if necessary, submit feedback to the Court regarding the adequacy of the remedial plan.

The Court will then enter a separate order adopting a Remedial Plan based on the feedback from the Medical Monitor and the parties. That subsequent order will be incorporated by reference into this order.

c. **General duties:** The Medical and Conditions Monitors must prepare monthly reports for the Court and the parties detailing their findings and recommendations. The status reports are due on the 1st of every month. The first report is due by October 1, 2026. The Medical and Conditions Monitors may file any additional reports if they deem it necessary to apprise the Court of a particular situation.

d. **Permissions:** Defendants must ensure that (1) the Medical and Conditions Monitors and any additional persons assisting the monitors are able to conduct unannounced, independent inspections of Adelanto Processing Center East and West; (2) the Court and its staff, including the United States Marshals have access to accompany the Medical and Conditions Monitors during any inspection, as needed; (3) the Medical and Conditions Monitors have reasonable access to (a) any relevant physical location within Adelanto Processing Center East and West, (b) any physical and electronic records relevant to the

implementation of this order, (c) staff, and (d) detainees; (4) the Medical and Conditions Monitors be allowed to bring into the facility any materials, items, or equipment needed to facilitate their inspections.

The monitors and any additional persons assisting the monitors must comply with Defendants' applicable security protocols and system configurations when accessing electronic records.

Within 24 hours of this order, Defendants must send an authorization letter to its officers, agents, employees, attorneys, and other persons at Adelanto Processing Center East and West that approves expedited security screening and entry into the facility within 10 minutes of arrival for any person authorized in this subsection. A copy of this letter must be placed at every entrance point.

The monitors must be allowed to have confidential conversations with (1) detainees that is inaudible to Defendants or the facility's staff; (2) family members; (3) and/or facility staff. Defendants must also ensure the monitors have access to a qualified interpreter upon request for translation assistance.

e. **Confidentiality:** The Medical and Conditions Monitors must keep any sensitive and/or medical records confidential to this case. If the Medical or Condition Monitors believe any records need to be filed on the public docket, that monitor must first consult with the parties' counsel to determine whether such documents need to be filed under seal as required under Local Rule 79-5.2.2.

f. **Access to Electronic Records:** Defendants must guarantee that the Medical and Conditions Monitors must have read-only, 24/7 access (on-site or remote) to any electronic records that will help facilitate their general duties.

Within 3 days of this order or on a date agreeable between Defendants and the monitors, Defendants must train the Medical and Conditions Monitors and any persons assisting the monitors on how to use any systems that house the electronic records.

g. **Duration:** The Medical and Conditions Monitors will be appointed for the duration of this litigation if and until (1) this preliminary injunction order is dissolved by this Court or an intermediate appellate court, (2) a permanent injunction is entered, or (3) if this action is dismissed.

h. **Comment System:** Defendants will implement a process by which detainees can submit comments directly to the Medical or Conditions Monitors. Detainees will have reasonable access to this system, subject to the facility's legitimate security and operational requirements. The system will be available to detainees at no cost. Detainees must be able to submit either

(1) a physical written comment submitted via locked box in their housing unit; or

(2) an electronic comment submitted confidentially to Plaintiffs' counsel via ~~a~~ tablet.

The comment system must be implemented within a reasonable time. Defendants will file a status report with the Court when the system is available. As an initial measure, Plaintiffs may provide their own secure boxes for detainees to place comments, which Defendants will place in each housing unit.

Plaintiffs' counsel must retrieve written comments from the locked boxes every 15 days, at a minimum. Plaintiffs must forward copies of all written and electronic comments to the Monitors and Defendants' counsel. Plaintiffs' counsel may categorize or prioritize comments for the Monitors' review. Comments and the identities of those who submit them must not be disclosed to the persons other than the Monitors or counsel.

Defendants will post written information about how to use this system in every housing unit in English and Spanish. The information should note that the comments (1) are not a substitute for the grievance system; (2) will not be reviewed by GEO or ICE; (3) not to expect a reply; (4) that the information is intended solely to help the parties' counsel and the monitors understand current conditions; (5) will not be investigated through this comment; and (6) does not exhaust any administrative complaint requirements required under other

federal or state laws (e.g., Prison Litigation Reform Act, etc.). The information should further indicate that this comment system does not replace the existing official grievance system—meaning, if a detainee seeks relief for a specific issue, that detainee must also submit an official grievance.

Defendants will also ensure that the information on how to submit a comment is provided to a detainee upon their request.

The parties will strive to agree on a one-page form to be provided to detainees to submit their written comments.

i. **Payment of Costs and/or Fees:** Defendants must pay the Medical and Conditions Monitors' reasonable rates. The monitors will submit their billing invoices to the Court and will be paid to Defendants upon court order.

j. ***Ex Parte* Communications:** The Medical and Conditions Monitors must be permitted to engage in *ex parte* communications in the following circumstances:

1. **The Court:** The Medical and Conditions Monitors are permitted to confer *ex parte* with the Court regarding any issue arising under or relating to the preliminary injunction order. All communications will be privileged and are not subject to discovery.

2. **The Parties:** The Medical and Conditions Monitors are allowed to communicate *ex parte* with the parties' counsel relating to the performance of their duties. Each party must designate the attorney who will serve as the primary contact for the Medical and Condition Monitors. The parties must provide that attorney's contact information to the Medical and Condition Monitors within 14 days of this order and must notify the Court of the parties' designee.

3. **Class Members or Their Representatives:** The Medical and Conditions Monitors must be allowed to speak with the Adelanto Class and Disability Subclass members or their representatives. The parties must meet and confer to draft a notice that will be disseminated to detainees in the Adelanto ICE Processing Center. The

notice must include the Medical and Condition Monitors' contact information, including their names and emails, so that a class members or their representative may report any compliance issues with the preliminary injunction order.

4. **Notice of *Ex Parte* Communications:** The Medical and Conditions Monitors must provide quarterly reports listing those persons involved in any *ex parte* communications, except those with the Court and the parties' primary contacts. The first quarterly report is due 90 days from the date of this order, and every 90 days after. Defendants are enjoined from retaliating in any form against the named Plaintiffs, any declarant, or any class member for complaining about any violation of this order, participating in this case, or otherwise asserting their constitutional or statutory rights with respect to medical care, disability accommodations, and conditions at Adelanto ICE Processing Center East and West. Defendants may not harass, intimidate, or threaten any such individuals, whether at Adelanto, in their immigration proceedings, or in any other capacity.

(6) Federal Rule of Civil Procedure 65(c)'s bond requirement is waived.

**IT IS SO ORDERED.**

# Court Exhibit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00322-SSS-SP | Date | September 11, 2026 |
| Title | *L.T., et al., v. United States Immigration and Customs Enforcement, et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) FIRST AMENDED PRELIMINARY INJUNCTION ORDER**

For ease of reference, the Court issues this First Amended Preliminary Injunction Order, which includes the entire preliminary injunction order with any modifications made at the September 1, 2026, hearing and subsequent amendments. Attached as an exhibit is the redlined version of this order.

The First Amended Preliminary Injunction Order is as follows:

* * *

(1) Defendants are immediately ordered to ensure Plaintiffs and the detainees are provided the following:

a. 24-hour access to clean potable drinking water;

b. Nutritious and sanitary meals that contain a sufficient number of calories;

c. Adequate sanitation throughout Adelanto ICE Processing Center East and West. At a minimum, Defendants must ensure that (1) the facility is cleaned daily; (2) soap and hygiene products are consistently available to detainees free of charge;

and (3) mold is identified, treated, and remediated at the facility;

d. Adequate privacy to detainees when using the restroom or showering that is consistent with the safety needs of the facility;

e. Access to clean, sanitary, and temperature-appropriate clothing;

f. Access to clean, sanitary, and temperature-appropriate mattresses, pillows, and blankets;

g. Access to outdoor recreation spaces that must include individual access to the yard (i.e., not the "mini-yard") for at least four hours per day, seven days per week, unless there are documented security risks or reasons necessitating otherwise;

h. Visits during the facility's business hours. Visits must not be subject to time limits unless such visits interfere with normal operation of the facility or visitation rooms reach capacity. Detained individuals and their families must be allowed to use the restroom during visits without the visit being subject to automatic cancellation. Physical contact (e.g., hugging, holding hands, etc.) must be allowed during visitation absent a documented security risk justifying otherwise.

(2) **Headcounts:** Defendants must ensure headcounts are conducted in a manner and at times that minimize disruption to the operation of the facility.

a. **9:00 A.M. to 8:00 P.M.:** Absent a documented security risk or reasons necessitating otherwise, headcounts conducted between 9:00 A.M. and 8:00 P.M. must be performed on an out-count basis. Out-count basis is defined as a headcount that occurs while detainees are temporarily outside their assigned housing or units. No more than two headcounts may occur between 9:00 A.M. to 8:00 P.M.

b. **8:01 P.M. TO 8:59 A.M.:** Headcounts conducted between 8:01 P.M. to 8:59 A.M. must be performed in a manner designed to minimize intrusion on the detainees while they are sleeping. No more than two headcounts can occur between 8:01 P.M. TO 8:59 A.M.

(3) **Administrative Segregation:** Defendants are enjoined from isolating detainees in the Special Housing Unit, Special Management Unit, or administrative segregation absent (1) a documented security concern that threatens the safety and/or security of the facility or staff, or (2) a request from a detainee to be placed in administrative segregation. If a detainee is placed in administrative segregation, that detainee must be given notice of (1) the reasons why they have been placed in administrative segregation within 24 hours of their placement, and (2) the process by which they can contest such placement.

Any segregation must account for the detainee's mental and physical health and evaluate whether segregated housing is likely to worsen their health. If segregation is likely to worsen a detainee's mental or physical health, alternative remedies must be considered and segregated housing should only be used if absolutely necessary.

(4) **Remedial Plan:** Within 14 calendar days of this order, Defendants are ordered to develop and file a remedial plan to implement comprehensive systems for medical care and disability accommodations at Adelanto Processing Center East and West.

a. **Medical care:** The remedial plan must specify policies, procedures, staffing, and required training sufficient to ensure the following:

i. A documented health intake screening for all new detainees within eight hours of that person's arrival at the facility. The health intake screening must be sufficient to (1) identify and begin necessary treatment of those with physical or mental illnesses or injuries, (2) ensure continuity of pre-detention treatment and medication, and (3) recognize, segregate, and treat those with communicable diseases;

ii. Access to primary, secondary, and tertiary medical care for all detainees according to their health care needs. This includes timely treatment appropriate to the severity of their physical or mental conditions, consistent with the established standards of care and required timeliness for routine, urgent and emergent cases;

iii. Timely diagnostic testing (including procedures for prioritizing the urgency of laboratory orders) and

required timeframes for review, communication to patients, and follow-up of results; and

iv. Continuous provision of ordered medications, according to the prescribed dosage regimen, from the time of intake and throughout the period of detention. If there are any medications changes, a qualified medical provider must explain immediately to the detainee the reason for the change; and

v. Provision of patients' rights materials, translated as appropriate, for all detainees that inform them of their rights as patients, including rights to confidentiality, informed consent, refusal of treatment, access to medical records, and procedures for requesting medical attention.

b. **Disability accommodations:** The remedial plan must also specify policies, procedures, staffing, and required training to ensure the following:

i. A system to identify and track all detainees who have qualifying disabilities, as defined by Section 504 of the Rehabilitation Act and its implementing regulations, upon intake and throughout the period of detention;

ii. A system for identifying and tracking the reasonable accommodations necessary for detainees with qualifying disabilities to participate in programs, services, and activities at the facility; and

iii. Disabled detainees are provided reasonable accommodations; and

iv. Provision of disability-specific materials, translate as appropriate, for all detainees that inform them of their right to reasonable accommodations and procedures to request reasonable accommodations.

(5) **Independent Monitors:** To ensure compliance with ~~the remedial plan described in paragraph 4~~ this order (namely, paragraphs 1 through 4), Defendants are ordered to provide access to two qualified, independent, third-party monitors for the duration of this litigation or until terminated by court order. One independent monitor will observe and report on the systems for medical care and disability

accommodations ("Medical Monitor"), and the other will focus on the conditions of confinement ("Conditions Monitor").

a. **Selection of independent monitors:** The parties are ordered to meet and confer regarding the selection of the independent monitors and file a written proposal within 14 days of this order identifying the proposed monitors. After receiving the parties' written proposal(s), the Court will then appoint the Medical and Conditions Monitors.

b. **Remedial plan review:** Within 14 days after their appointment or receipt of the remedial plan, whichever is later, the Medical Monitor must review the plan and provide feedback to the Court and the parties regarding the plan.

The parties will have 14 days after receipt of the Medical Monitor's feedback to meet and confer, and if necessary, submit feedback to the Court regarding the adequacy of the remedial plan.

The Court will then enter a separate order adopting a Remedial Plan based on the feedback from the Medical Monitor and the parties. That subsequent order will be incorporated by reference into this order.

c. **General duties:** The Medical and Conditions Monitors must prepare monthly reports for the Court and the parties detailing their findings and recommendations. The status reports are due on the 1st of every month. The first report is due by October 1, 2026. The Medical and Conditions Monitors may file any additional reports if they deem it necessary to apprise the Court of a particular situation.[1]

d. **Permissions:** Defendants must ensure that (1) the Medical and Conditions Monitors and any additional persons assisting the monitors are able to conduct unannounced, independent inspections of Adelanto Processing Center East and West; (2)

---

[1] Language highlighted in yellow reflects changes from the Court's oral order on Plaintiffs' *ex parte* application at the hearing on September 1, 2026. Language highlighted in green reflects additional changes based on the Court's conversations with the monitors. Deletions are indicated with ~~strikethroughs~~.

the Court and its staff, including the United States Marshals have access to accompany the Medical and Conditions Monitors during any inspection, as needed; ~~and~~ (3) the Medical and Conditions Monitors have reasonable access to (a) any relevant physical location within Adelanto Processing Center East and West, (b) any physical and electronic ~~health~~ records relevant to the implementation of this order, (c) staff, and (d) detainees; (4) the Medical and Conditions Monitors be allowed to bring into the facility any materials, items, or equipment needed to facilitate their inspections.

The monitors and any additional persons assisting the monitors must comply with Defendants' applicable security protocols and system configurations when accessing electronic records.

Within 24 hours of this order, Defendants must send an authorization letter to its officers, agents, employees, attorneys, and other persons at Adelanto Processing Center East and West that approves expedited security screening and entry into the facility within 10 minutes of arrival for any person authorized in this subsection. A copy of this letter must be placed at every entrance point.

The monitors must be allowed to have confidential conversations with (1) detainees that is inaudible to Defendants or the facility's staff; (2) family members; (3) and/or facility staff. Defendants must also ensure the monitors have access to a qualified interpreter upon request for translation assistance.

e. **Confidentiality:** The Medical and Conditions Monitors must keep any sensitive and/or medical records confidential to this case. If the Medical or Condition Monitors believe any ~~medical~~ records need to be filed on the public docket, that monitor must first consult with the parties' counsel to determine whether such documents need to be filed under seal as required under Local Rule 79-5.2.2.

f. **Access to Electronic Records:** Defendants must guarantee that the Medical and Conditions Monitors must have read-only, 24/7 access (on-site or remote) to any electronic records that will help facilitate their general duties.

Within 3 days of this order or on a date agreeable between Defendants and the monitors, Defendants must train the Medical and Conditions Monitors and any persons assisting the monitors on how to use any systems that house the electronic records.

g. **Duration:** The Medical and Conditions Monitors will be appointed for the duration of this litigation if and until (1) this preliminary injunction order is dissolved by this Court or an intermediate appellate court, (2) a permanent injunction is entered, or (3) if this action is dismissed.

h. **~~Grievance~~ Comment System:** Defendants ~~are ordered to ensure there is~~ will implement a process by which detainees can submit ~~complaints or~~ comments directly to the Medical or Conditions Monitors. Detainees will ~~must~~ have ~~free~~ reasonable access to this system, subject to the facility's legitimate security and operational requirements. The system will be available to detainees at no cost. Detainees must be able to submit ~~a complaint or comment through~~ either

(1) a physical written ~~grievance~~ comment submitted via locked box in their housing unit; ~~directly to the monitor or a locked box that is only accessible by the Medical or Conditions' Monitors,~~ or

(2) ~~through~~ an electronic ~~grievance~~ comment submitted confidentially to Plaintiffs' counsel via ~~a~~ tablet ~~that is only accessible by the Medical or Conditions Monitors~~.

The comment system must be implemented within a reasonable time. Defendants will file a status report with the Court when the system is available. As an initial measure, Plaintiffs may provide their own secure boxes for detainees to place comments, which Defendants will place in each housing unit.

Plaintiffs' counsel must retrieve written comments from the locked boxes every 15 days, at a minimum. Plaintiffs must forward copies of all written and electronic comments to the Monitors and Defendants' counsel. Plaintiffs' counsel may categorize or prioritize comments for the Monitors' review. Comments and the identities of those who submit them must

not be disclosed to the persons other than the Monitors or counsel.

~~Federal~~ Defendants ~~must~~ will post written information about how to use this system ~~throughout the facility~~ in every housing unit in English and Spanish. The information should note that the comments (1) are not a substitute for the grievance system; (2) will not be reviewed by GEO or ICE; (3) not to expect a reply; (4) that the information is intended solely to help the parties' counsel and the monitors understand current conditions; (5) will not be investigated through this comment; and (6) does not exhaust any administrative complaint requirements required under other federal or state laws (e.g., Prison Litigation Reform Act, etc.). The information should further indicate that this comment system does not replace the existing official grievance system—meaning, if a detainee seeks relief for a specific issue, that detainee must also submit an official grievance.

Defendants ~~must~~ will also ensure that the ~~same~~ information on how to submit a comment is provided to a detainee upon their request.

The parties will strive to agree on a one-page form to be provided to detainees to submit their written comments. ~~Posters should not that the complaints or comments go directly to (1) the monitor or a locked box or (2) through an electronic grievance. Defendants must ensure that all staff are trained to answer any questions about this system from the detainees.~~

i. **Payment of Costs and/or Fees:** Defendants must pay the Medical and Conditions Monitors' reasonable rates. The monitors will submit their billing invoices to the Court and will be paid to Defendants upon court order.

j. ***Ex Parte* Communications:** The Medical and Conditions Monitors must be permitted to engage in *ex parte* communications in the following circumstances:

1. **The Court:** The Medical and Conditions Monitors are permitted to confer *ex parte* with the Court regarding any issue arising under or relating to the preliminary injunction order. All communications will be privileged and are not subject to discovery.

2. **The Parties:** The Medical and Conditions Monitors are allowed to communicate *ex parte* with the parties' counsel relating to the performance of their duties. Each party must designate the attorney who will serve as the primary contact for the Medical and Condition Monitors. The parties must provide that attorney's contact information to the Medical and Condition Monitors within 14 days of this order and must notify the Court of the parties' designee.

3. **Class Members or Their Representatives:** The Medical and Conditions Monitors must be allowed to speak with the Adelanto Class and Disability Subclass members or their representatives. The parties must meet and confer to draft a notice that will be disseminated to detainees in the Adelanto ICE Processing Center. The notice must include the Medical and Condition Monitors' contact information, including their names and emails, so that a class members or their representative may report any compliance issues with the preliminary injunction order.

4. **Notice of *Ex Parte* Communications:** The Medical and Conditions Monitors must provide quarterly reports listing those persons involved in any *ex parte* communications, except those with the Court and the parties' primary contacts. The first quarterly report is due 90 days from the date of this order, and every 90 days after. Defendants are enjoined from retaliating in any form against the named Plaintiffs, any declarant, or any class member for complaining about any violation of this order, participating in this case, or otherwise asserting their constitutional or statutory rights with respect to medical care, disability accommodations, and conditions at Adelanto ICE Processing Center East and West. Defendants may not harass, intimidate, or threaten any such individuals, whether at Adelanto, in their immigration proceedings, or in any other capacity.

(6) Federal Rule of Civil Procedure 65(c)'s bond requirement is waived.

**IT IS SO ORDERED.**