TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PUSHKAL MISHRA (Cal. Bar No. 298695)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (714) 338-3503
E-mail: pushkal.mishra@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | No. 5:26-cv-00322-SSS-SP<br><br>**DECLARATION OF DANIEL POMPLUN IN RESPONSE TO ECF 146**<br><br>Honorable Sunshine Suzanne Sykes<br>United States District Judge |

**DECLARATION OF DANIEL POMPLUN**

I, Daniel A. Pomplun, hereby declare:

1. I am a Management Program Analyst and Contract Officer Representative ("COR") of the Los Angeles Field Office, Enforcement and Removal Operations ("ERO"), U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have held this position since June 2009. Prior to my current position, I also served as a COR/Branch Chief at U.S. Customs and Border Protection within DHS from 2003-2009. I also served with legacy Immigration and Naturalization Service from 2001-2003 as Director of Facilities Engineering for Central Region, and with the Federal Emergency Management Agency from 1994-2001.

2. As the COR, I review provisions of ICE contracts and Intergovernmental Service Agreements ("IGSAs") to verify that the parties' performance is compliant with contractual requirements. I have personal knowledge of the following facts, and if called upon, I would truthfully testify as set forth below.

3. The statements in this declaration are based on my personal knowledge, reasonable inquiry, and information made available to me in the course of my official duties from information obtained from records, systems, databases, other DHS employees, and/or information portals maintained and relied upon by DHS.

4. I have reviewed the Court's September 11, 2026 order setting a status conference for Monday, September 14, 2026, and also requiring the filing of a declaration regarding remote access and orientation to GEO Group, Inc.'s ("GEO Group") electronic health records ("EHR") system. This declaration is submitted pursuant to the Court's order.

5. It is my understanding that GEO Group uses an EHR system called Sapphire for medical records of detainees at the Adelanto ICE Processing Center ("APC").

6. ICE officers at APC do not have access to Sapphire and cannot grant access to Sapphire.

7. On September 2, 2026, I verbally advised GEO Group of the Medical Monitor's request for remote access and a remote orientation to Sapphire. I followed up by email on September 3, 2026, and communication between GEO Group and ICE have been ongoing since that date.

8. While no court order was in place requiring remote access to the EHR, per the Medical Monitor's requests, on September 9, 2026, GEO Group and ICE began discussing necessary contract modifications in order to secure detainee medical data given that the remote access would require third party access to confidential ICE records which GEO Group is obligated the safeguard.

9. Following the Court's September 11, 2026 order, ICE provided GEO Group the court order and have again discussed requirements to provide the Medical Monitor remote access to Sapphire. At this time, ICE and GEO Group are finalizing the required contract modifications needed to safeguard detainee medical information, and it is expected that the necessary modifications will be complete on Monday, September 14, 2026. Upon execution of the necessary contract modification, GEO Group will be able to work towards providing remote Sapphire access immediately. Based on discussions with GEO Group today, all required steps to grant the Medical Monitor access to Sapphire are expected to take no longer than 24 to 48 hours after the required contract modification.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 12, 2026, at Los Angeles County, California.

DANIEL A POMPLUN Digitally signed by DANIEL A POMPLUN
Date: 2026.09.12 11:52:52 -07'00'

Daniel A. Pomplun
Management Program Analyst/Contract Officer Representative
DHS/ICE/ERO