UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00322-SSS-SPx | Date | September 15, 2026 |
| Title | *L.T., et al., v. United States Immigration and Customs Enforcement, et al.* | | |

Present: The Honorable SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING DEFENDANTS' NONCOMPLIANCE WITH THE PRELIMINARY INJUNCTION ORDER**

On July 16, 2026, the Court entered a preliminary injunction against Defendants and ordered that Defendants "ensure that the Medical and Conditions Monitors have reasonable access to . . . any physical and electronic health records relevant to the implementation of this order, staff, and detainees." [Dkt. No. 104 at 6]. On September 11, 2026, the Court modified the preliminary injunction order and added that

> d. **Permissions:** Defendants must ensure that . . . the Medical and Conditions Monitors be allowed to bring into the facility *any* materials, items, or equipment needed to facilitate their inspections.
>
> . . .
>
> f. **Access to Electronic Records:** Defendants must guarantee that the Medical and Conditions Monitors must have read-only, 24/7 access (on-site or remote) to any electronic records that will help facilitate their general duties.

> Within 3 days of this order or on a date agreeable between Defendants and the monitors, Defendants must train the Medical and Conditions Monitors and any persons assisting the monitors on how to use any systems that house the electronic records.

[Dkt. No. 147 at 5–6 (emphasis added)].

However, it has come to the Court's attention through its communications with the Medical and Conditions Monitors that Defendants are not complying with the preliminary injunction. For example, the Medical Monitor has informed the Court that since September 1, 2026, he has requested that Defendants provide him (1) an orientation on how to navigate Defendants' electronic health records, (2) with remote access to the electronic health records, and (3) with two patient lists. On September 8, 2026, Defendants' counsel represented that ICE will provide the patient lists to the Medical Monitor by September 9, 2026. The Medical Monitor has followed up with defense counsel several times, but Defendants still have not oriented the Medical Monitor on how to navigate their electronic health records, they have not provided remote access to these records, and they have not provided him with the patient lists.

With respect to the orientation and remote access, on September 12, 2026, Defendants filed a declaration stating they anticipated finalizing the contract modifications by September 14, 2026, and that they will be able to provide remote access within 24 to 48 hours afterwards. [Dkt. No. 148, Decl. Daniel Pomplun ¶ 9]. Defendants, however, explain in a status report filed on September 14 that ICE is still negotiating the contract modification with GEO Group and "anticipates remote access will be available by Wednesday, September 16, 2026." [Dkt. No. 153 at 2].

Moreover, the Conditions Monitor has stated that she was unable to use the equipment she brought with her during her recent visit to Adelanto. Instead, the facility's warden seemingly insisted on taking the photos for her, resulting in less photos being taken had she been allowed to use her own camera. When she asked for the photos, the warden replied he needed ICE's approval before he could release them to her.

The Medical and Conditions Monitors first report is due October 1, 2026. [Dkt. No. 147 at 5]. Defendants' delay in providing access to the electronic health records and the lists has severely impeded the Medical Monitor's ability to fulfill his general duties as required under the preliminary injunction order. And their failure to ensure that the Conditions Monitor could bring and use any materials,

items, or equipment during her past visit has further hindered her ability to fulfill her assigned duties.

Accordingly, Defendants are **ORDERED TO SHOW CAUSE** in writing why they have failed to comply with the preliminary injunction order. The written response is due September 16, 2026, at 12:00 p.m. The Court sets a status conference on this matter for September 16, 2026, at 4:00 p.m. via Zoom videoconference. The Court may vacate the status conference depending on Defendants' response.

Moreover, the Court will begin imposing daily sanctions on Defendants in the amount of $500 per violation ($1,500 in total) if the following issues are not resolved by September 16, 2026, at 5:00 p.m.: (1) provide the Medical Monitor with a remote orientation on how to navigate their electronic health records; (2) provide the Medical Monitor with remote access to their electronic health records; (3) and provide the Medical Monitor with the requested lists. Defendants are **ORDERED** to file daily status reports detailing the progress they have made to resolve these issues and the anticipated resolution date, if any.

Defendants are cautioned that if the issues identified in this order are not rectified by September 21, 2026, the Court will consider holding Defendants in civil contempt.

**IT IS SO ORDERED.**