TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PUSHKAL MISHRA (Cal. Bar No. 298695)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (714) 338-3503
E-mail: pushkal.mishra@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | No. 5:26-cv-00322-SSS-SP<br><br>**DECLARATION OF DANIEL POMPLUN IN RESPONSE TO ECF 155**<br><br>Honorable Sunshine Suzanne Sykes<br>United States District Judge |

**DECLARATION OF DANIEL POMPLUN**

I, Daniel A. Pomplun, hereby declare:

1. I am a Management Program Analyst and Contract Officer Representative ("COR") of the Los Angeles Field Office, Enforcement and Removal Operations ("ERO"), U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have held this position since June 2009. Prior to my current position, I also served as a COR/Branch Chief at U.S. Customs and Border Protection within DHS from 2003-2009. I also served with legacy Immigration and Naturalization Service from 2001-2003 as Director of Facilities Engineering for Central Region, and with the Federal Emergency Management Agency from 1994-2001.

2. As the COR, I review provisions of ICE contracts and Intergovernmental Service Agreements ("IGSAs") to verify that the parties' performance is compliant with contractual requirements. I have personal knowledge of the following facts, and if called upon, I would truthfully testify as set forth below.

3. The statements in this declaration are based on my personal knowledge, reasonable inquiry, and information made available to me in the course of my official duties from information obtained from records, systems, databases, other DHS employees, and/or information portals maintained and relied upon by DHS.

4. I previously submitted a declaration regarding the Medical Monitor's requests for remote access and a remote orientation The GEO Group, Inc.'s ("GEO Group") electronic health records ("EHR") system Sapphire with details on ICE's efforts with GEO Group to comply with the Monitors' requests.

5. I have reviewed the Court's September 15, 2026 Order to Show Cause, requiring a declaration regarding remote access and orientation to the GEO Group's Sapphire system , the Court's order regarding bringing materials into the facility, the Monitors' request of detainee lists, and setting a status conference for today, September 16, 2026.

6. As indicated in my prior declaration, it is my understanding that GEO Group uses an EHR system called Sapphire for medical records of detainees at the Adelanto ICE Processing Center ("APC"). ICE personnel at APC do not have access to Sapphire and cannot grant access to Sapphire.

7. The Court specifically ordered Defendants to provide a status update on three items: (1) providing the Medical Monitor with a remote orientation on how to navigate APC detainees' EHRs; (2) providing the Medical Monitor with remote access to APC detainees' EHRs; and (3) providing the Medical Monitor with the requested lists (i.e., detainees who are receiving medications and detainees who have been transported for off-site medical care).

8. ICE and GEO Group continue to negotiate earnestly in good faith to enter into the necessary contract modifications to allow the Medical Monitor access to, and training on, Sapphire. The remote access would require third party access to confidential ICE records, which GEO Group is obligated to safeguard.

9. ICE and GEO Group are continuing to work with all due speed to finalize the required contract modification needed to safeguard detainee medical information and for required virtual training on Sapphire. However, because the contract modifications require multiple levels of approval, ICE and GEO Group require additional time to complete the modifications.

10. Both remote access to review the medical documents as well as remote training require the contract modification. For this reason, these tasks cannot be completed at this time. Upon execution of the necessary contract modification, GEO Group will be able to work towards providing remote Sapphire access immediately. Based on prior discussions with GEO Group, all required steps to grant the Medical Monitor access to Sapphire are expected to take no longer than 24 to 48 hours after the required contract modification. Once the contract modification has been executed, the monitors will be provided: 1) an orientation on how to navigate APC detainees' EHRs, and (2) with remote access to the electronic health records.

11. Until then, ICE has secured the Sapphire Health User Manual from GEO Group to provide to the Medical Monitor. Should the Medical Monitor have any questions on the use of the Sapphire, those questions can be submitted to ICE for GEO Group follow-up, until a contract modification is in place. Further, GEO Group is able to provide immediate on-site orientation for Sapphire for all monitors.

12. Additionally, ICE just received two patient lists from GEO Group identifying detainee active medication lists and offsite medical care within the last 90 days, per the Medical Monitor's request. After review (to ensure there is not any law enforcement sensitive information), those lists will be submitted to the medical monitors today, September 16, 2026.

13. Lastly, pursuant to the Court's order, ICE and GEO Group are aware that medical and conditions monitors are permitted to bring into APC any materials, items, or equipment needed to facilitate their inspections. For safety and operational reasons, materials, items, and equipment are allowed in via escort and within security protocols of GEO Group, such as prohibiting photography of civilian personnel or areas outside the scope of Court's requirements.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 16, 2026, at Adelanto, California.

DANIEL A POMPLUN Digitally signed by DANIEL A POMPLUN Date: 2026.09.16 11:53:35 -07'00'

Daniel A. Pomplun
Management Program Analyst/Contract Officer Representative
DHS/ICE/ERO
Adelanto ICE Processing Center
Adelanto, California