TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PUSHKAL MISHRA (Cal. Bar No. 298695)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (714) 338-3503
E-mail: pushkal.mishra@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | No. 5:26-cv-00322-SSS-SP<br><br>**DEFENDANTS' RESPONSE TO THE INDEPENDENT MONITORS' ANALYSIS OF DEFENDANTS' REMEDIAL PLAN (ECF 138)**<br><br>Honorable Sunshine Suzanne Sykes<br>United States District Judge |

## I. INTRODUCTION

Pursuant to the Court's order modifying the preliminary injunction, ECF 130, and following the parties' meet-and-confer, Defendants respectfully submit this response to the Independent Monitors' Analysis of Defendants' Remedial Plan, ECF 138. Together with this response, and as a further supplemental response to the Analysis, Defendants submit the Supplemental Response attached as Exhibit A, which answers each medical-care and disability-accommodation item of the Analysis using the four-element framework the Medical Monitor prescribed. For the reasons below, Defendants respectfully request that the Court defer entry of an order adopting a final remedial plan until after the Independent Monitors submit their first monthly report, which is due October 1, 2026. The Supplemental Response sets out Defendants' item-by-item positions and the concrete steps already taken, and the first monthly report will allow the Monitors to verify those representations against conditions on the ground before the Court adopts a final plan.

## II. BACKGROUND

The Court directed Defendants to develop and file a plan for implementing comprehensive systems of medical care and disability accommodations at the Adelanto ICE Processing Center. ECF 104 ¶ 4. Defendants filed their Remedial Plan on July 30, 2026. ECF 111. Under the order modifying the preliminary injunction, the Medical Monitor, Dr. Marc Stern, reviewed the plan and—together with the Conditions Monitor, Ms. Kellie Wasko, who prepared the disability-accommodations section—filed the Analysis of Remedial Plan on September 8, 2026. ECF 138; *see id.* at 4 n.1.

The Court's order sets the sequence that follows. It provides that "[t]he parties will have 14 days after receipt of the Medical Monitor's feedback to meet and confer, and if necessary, submit feedback to the Court regarding the adequacy of the remedial plan," after which "[t]he Court will then enter a separate order adopting a Remedial Plan based on the feedback from the Medical Monitor and the parties." ECF 130 ¶ 5(b). The parties have met and conferred, and Defendants submit this feedback together with the Supplemental Response attached as Exhibit A.

## III. ARGUMENT

### A. The Court Should Adopt a Final Remedial Plan Only After the Monitors' First Monthly Report

The same order that calls for the plan's review also directs the Monitors to "prepare monthly reports for the Court and the parties detailing their findings and recommendations," with "[t]he first report … due by October 1, 2026." ECF 130 ¶ 5(c). That first report—now days away—will convert the assumptions in the present Analysis into findings drawn from the facility's records and from the Monitors' own inspection. Adopting a remedial plan before that assessment issues would require the Court and the parties to build a plan on premises the Monitors have not yet tested. Defendants respectfully submit that the more orderly and efficient course—and the one the Court's own sequencing contemplates—is to allow the first report to issue, and then to calibrate any remedial obligations to the specific deficiencies, if any, that the Monitors actually document, measured against Defendants' Supplemental Response (Exhibit A).

### B. Defendants' Supplemental Response Addresses Each Item of the Analysis Under the Monitor's Four-Element Framework

On each of the medical-care items where Defendants represented that the facility is compliant—timely diagnostic testing, continuous provision of ordered medications, and patients'-rights materials—the Analysis offers no contrary finding. As to each, it states: "Defendants assert that they are already in compliance with this requirement and therefore do not offer a remedial plan. If their assertion is correct, then no remedial plan is needed. I will assess the validity of their assertion in the next and subsequent reports as necessary." ECF 138 at 3. The Analysis says the same of the disability-specific materials addressed in Section B. *Id.* at 6. A reservation of judgment is not a finding of deficiency, and on these items no remedial plan is owed unless and until the Monitors document a specific shortfall. Defendants will make the underlying documentation—including the diagnostic and medication-management procedures, and the patients'-rights and disability materials with their translation lists—available for the Monitors' verification.

Defendants' Supplemental Response, attached as Exhibit A, further addresses the Analysis item by item, tracking the four elements the Monitor prescribed—the gap between current and required performance, the resources needed to close it, how those resources will be obtained, and the timeline. For the two medical-care items the Analysis found unresponsive, the Supplemental Response supplies those elements. On the eight-hour intake screening, it explains that screenings are currently performed within the twelve-hour PBNDS standard; that ICE and GEO reviewed the governing contracts and have secured the necessary contract modifications; and that ICE approved additional registered-nurse positions on September 15, 2026, which GEO has begun to fill, to bring screenings within the Court's eight-hour standard. The Analysis had observed that it could not yet tell whether intake occurs within four hours, in which case no plan is needed, or eighteen to twenty-four hours, in which case a more vigorous plan is needed; the Supplemental Response answers that question and describes the steps underway. ECF 138 at 1; Ex. A at 1. On access to primary, secondary, and tertiary care, the Supplemental Response explains that GEO furnishes primary care while specialty and tertiary care is provided through ICE Health Service Corps contracts; that access was affected by funding constraints during the government shutdown; and that outside-provider and specialty care resumed upon passage of new appropriations. Ex. A at 1.

For the items on which Defendants represented compliance—timely diagnostic testing, continuous provision of ordered medications, patients'-rights materials, and disability-specific materials—the Supplemental Response confirms that there is no gap between current and required performance and, accordingly, that no remedial plan is needed. *Id.* at 2–3, 5. That is consistent with the Analysis, which, as noted above, reserved judgment on these items pending verification. ECF 138 at 3, 6. The first monthly report is where that assessment would occur.

### C. Defendants Have Provided Both Monitors the Access and Information Needed to Verify These Representations

The request to defer is not a request for delay; it is a request to let the assessment

the Monitors are about to make do its work—and Defendants have equipped both Monitors to make it. As reflected in Defendants' recent status reports, Defendants provided the Medical Monitor the lists he requested—including patient lists of active medications and recent offsite medical care—and the Sapphire Health User Manual, and, working with GEO Group, arranged remote access to and remote training on the Sapphire electronic health record, with GEO Group working to extend access to Dr. Lara Strick pursuant to the Court's order appointing her to assist the Medical Monitor. ECF 156 ¶ 12; ECF 159; ECF 163; ECF 165; ECF 167. Defendants likewise provided the Conditions Monitor written responses to her questions, together with the requested facility information as attachments. The Monitors may also conduct unannounced, independent inspections of Adelanto East and West. ECF 130 ¶ 5(d). With that access, the Monitors can verify Defendants' medical and disability records—and the representations in the Supplemental Response—directly, and ground their first report in the actual conditions at the facility.

### D. The Supplemental Response Answers the Analysis's Disability-Accommodation Questions

The Supplemental Response resolves the questions the Analysis raised about disability identification, tracking, and accommodation. It explains that GEO's Health Services Department has a designated Special Accommodations Coordinator responsible for ADA compliance and for ensuring that individuals with disabilities have equal access to programs, services, and accommodations; that a Disability Accommodations Notification form is created during triage, used at intake, and made part of the detainee's medical record; and that the ICE Field Office Director reviews accommodation requests and maintains visibility over the disability list throughout detention. Ex. A at 3–4. It responds to the Monitor's question whether the requested coordinator would be a first or a supplementary position: The facility already has an employee designated as the coordinator, and ICE approved making that role a dedicated position on September 15, 2026. *Id.* at 3–4. And it describes the interactive accommodation process—housing-unit notices posted in English and Spanish, requests routed through the duty officer to the

coordinator, and the range of assistive resources provided, from communication aids to mobility and medical supports. *Id.* Exhibit A addresses items B(i) and B(ii) separately, correcting the inadvertent repetition the Analysis noted in the Remedial Plan. *See* ECF 138 at 5 n.3; Ex. A at 3–4.

### E. Any Plan for the Grievance and Comment System Should Await the Court's Ongoing Review

The Analysis expressly deferred any assessment of the grievance and comment system because that system, "as originally designed, is under review by the Court." ECF 138 at 7. Defendants agree that a plan directed at the original design would be premature. The point is underscored by the First Amended Preliminary Injunction, which has since added the mechanism for detainee comments to the Monitors: Detainees may now submit a written comment through a locked box in their housing unit or an electronic comment submitted confidentially to Plaintiffs' counsel via a tablet. ECF 147 ¶ 5(h).

## IV. RESERVATION OF RIGHTS

Defendants submit this response and the accompanying Supplemental Response, and participated in the meet-and-confer, as a matter of compliance and without waiver. Nothing in this response or in Exhibit A concedes any generalized operational duty, waives Defendants' pending appeal, No. 26-4902, or waives any objection to the scope of paragraphs 4 and 5 of the preliminary injunction.

## V. CONCLUSION

Defendants respectfully request that the Court (1) consider Defendants' Supplemental Response, attached as Exhibit A, as Defendants' further response to the Analysis; (2) defer entry of an order adopting a final remedial plan until after the Independent Monitors submit their first monthly report on October 1, 2026; and (3) permit Defendants to supplement the Remedial Plan, as necessary, within a reasonable time after that report to address any specific deficiencies the Monitors identify and document.

Respectfully submitted,

Dated: September 22, 2026

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section

*/s/ Pushkal Mishra*
PUSHKAL MISHRA
Assistant United States Attorney

Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for Defendants, certifies that the memorandum of points and authorities contains approximately 1,642 words, which complies with the word limit of Local Rule 11-6.1.

Dated: September 22, 2026

*/s/ Pushkal Mishra*
PUSHKAL MISHRA