UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

L.T., SEVAK MESROBIAN, JOSE MAURO SALAZAR GARZA, AND J.M., on behalf of themselves and all others similarly situated; COALITION FOR HUMANE IMMIGRANT RIGHTS,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director; JAIME RIOS, Acting Director of Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Defendants.

Case No. 5:26-cv-00322-SSS (SPx)

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE FIRST AMENDED PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT**

Before the Court is Plaintiffs' Motion to Enforce the First Amended Preliminary Injunction (the "Motion"). Having considered the Motion, the supporting declarations and exhibits, the Conditions Monitor's October 1, 2026 Report (ECF 177), the Medical Monitor's October 1, 2026 Report (ECF 176), Defendants' opposition, and the record in this action, the Court GRANTS the Motion as follows.

## I. BACKGROUND

On July 16, 2026, the Court entered a Preliminary Injunction requiring Defendants to provide specified conditions of confinement at the Adelanto ICE Processing Center. ECF 104; see ECF 121. The Ninth Circuit denied Defendants' motion for a stay pending appeal on August 20, 2026. On September 11, 2026, the Court entered the First Amended Preliminary Injunction (the "Injunction"), which modified the monitoring provisions but left the substantive conditions requirements of Paragraphs 1 and 2 unchanged. ECF 147. On October 1, 2026, the Court-appointed Conditions Monitor filed her first monthly report, based on an unannounced two-day inspection and review of Defendants' records. ECF 177.

## II. FINDINGS

Based on the Conditions Monitor's Report and the sworn declarations submitted by Plaintiffs, the Court finds that Defendants have not complied with the following provisions of the Injunction:

1. **Paragraph 1(a) (potable water).** Drinking-water dispensers are refilled only once per eight-hour shift, leaving housing units without drinking water for extended periods. ECF 177 at 3; Wrench Decl. ¶¶ 9–10.
2. **Paragraph 1(b) (meals).** Defendants have not provided the Monitor the menus, caloric values, and substitution reports necessary to verify compliance, and class members report inadequate portions and meals served at hours many detainees cannot attend. ECF 177 at 5; Wrench Decl. ¶¶ 11–13.

3. **Paragraph 1(c) (sanitation and mold remediation).** Mold is present in every general-population shower room the Monitor inspected in Adelanto West; Defendants' practice of painting over affected surfaces has not remediated it; and ductwork in both buildings is cracked and dirty. ECF 177 at 6–7, 24.
4. **Paragraph 1(d) (privacy).** In-cell toilets in Adelanto West lack privacy barriers, and staff remove barriers detainees construct. ECF 177 at 7, 18; Wrench Decl. ¶¶ 19–20.
5. **Paragraph 1(e) (clothing).** Detainees lack clothing appropriate to facility temperatures. ECF 177 at 8; Wrench Decl. ¶ 21.
6. **Paragraph 1(f) (bedding).** Mattresses are worn, cracked, and as thin as two inches, and the Monitor has concluded they must be replaced. ECF 177 at 8, 25.
7. **Paragraph 1(g) (outdoor recreation).** No detainee receives four hours of daily outdoor recreation; Adelanto West provides one hour per day, five days per week, and Adelanto East provides one and one-half to three hours per day, five days per week. Defendants have documented no security risk justifying the shortfall. ECF 177 at 8, 25.
8. **Paragraph 1(h) (visitation).** Defendants' written visitation policy prohibits physical contact between detainees and adult visitors beyond a brief greeting, visits are limited in duration, and visitors are not permitted to use the restroom in the visiting area. ECF 177 at 9–10; Wrench Decl. ¶¶ 26–27.
9. **Paragraph 2 (headcounts).** Defendants conduct six headcounts per day, including four between 8:01 p.m. and 8:59 a.m., twice the number the Injunction permits, and have not changed their count process. ECF 177 at 10–11, 26.

## III. ORDER

Accordingly, IT IS HEREBY ORDERED:

**A. Compliance Directives.** To enforce Paragraphs 1(a)–(h) and 2 of the Injunction, and consistent with the Conditions Monitor's recommendations (ECF 177 at 18, 24–26), Defendants shall take the following measures, or such other measures as achieve compliance with the identified provision, subject to the Monitors' verification:

**1. Within three (3) days of this Order:**

(a) Conform the headcount schedule to Paragraph 2, including no more than two counts between 8:01 p.m. and 8:59 a.m. and out-count daytime counts absent a documented security risk;

(b) Revise and implement a visitation policy that permits physical contact with adult visitors absent a documented, individualized security risk; begins visitation at the posted time; and permits visitors to use the restroom in the visiting area without cancellation of the visit;

(c) Ensure that drinking-water dispensers in every housing unit are refilled whenever depleted so that no unit is without potable water at any time;

(d) Serve meals at times that permit detainees to receive them, including breakfast no earlier than 6:00 a.m.;

(e) Provide temperature-appropriate clothing, including shorts and sweatshirts, to class members upon request and at no cost; and

(f) Implement a schedule providing all class members four hours of outdoor recreation in the main yard, seven days per week.

**2. Within fourteen (14) days of this Order:**

(a) Complete installation of the NSF-certified water-filtration system Defendants have prepared, ECF 177 at 4;

(b) Install quick-release privacy barriers around in-cell toilets in general-population housing, beginning with cells housing more than two occupants;

(c) Replace worn, cracked, or thin mattresses with new mattresses; and

(d) File a mold-remediation plan addressing the underlying moisture conditions in the Adelanto West shower rooms and the repair of cracked ductwork in both buildings, and complete the remediation within thirty (30) days of this Order, subject to the Conditions Monitor's verification, unless the Court orders otherwise for good cause.

Within one (1) court day after each deadline above, Defendants shall file a status report confirming completion of each item or explaining any item not completed.

**B. Order to Show Cause.** Defendants are ORDERED TO SHOW CAUSE, in writing, by **[DATE]**, why they should not be held in civil contempt for violating Paragraphs 1(a)–(h) and 2 of the Injunction. Plaintiffs may file a response by **[DATE]**. The Court will thereafter determine whether to hold Defendants in contempt and, if so, whether to impose coercive sanctions of $500 per day for each provision with which Defendants remain out of compliance, accruing from a date set by the Court, payable to the registry of the Court, and purgeable upon a sworn showing of compliance by a responsible ICE official verified by the Monitors. *See* ECF 155 at 3. If the Court imposes coercive sanctions, Defendants shall file daily sworn compliance reports as to each provision subject to sanctions, as the Court previously required, *see* ECF 155 at 3, until the sanctions are purged.

**C. Compliance Reporting.** Beginning **[DATE]** and every seven (7) days thereafter until further order or until daily reporting is required under Paragraph B above, Defendants shall file a sworn compliance report, served on the Monitors, addressing each of Paragraphs 1(a)–(h) and 2 separately. For each provision, the report shall state whether Defendants are in compliance, the specific steps taken to achieve and verify compliance, and any remaining deficiency or claimed inability to comply, and shall attach the principal records supporting Defendants' account. The Monitors may file a response to any report.

**D.** The Court retains jurisdiction to enforce this Order and the Injunction.

IT IS SO ORDERED.

Dated:

SUNSHINE S. SYKES
United States District Judge