PUBLIC COUNSEL
REBECCA BROWN (SBN 345805)
rbrown@publiccounsel.org
SOPHIA WRENCH (SBN 354416)
swrench@publiccounsel.org
AMELIA PIAZZA (SBN 342473)
apiazza@publiccounsel.org
BELINDA ESCOBOSA (SBN 214178)
bescobosa@publiccounsel.org
610 South Ardmore Avenue
Los Angeles, CA 90005
Tel: 213-385-2977

*Attorneys for Plaintiffs*
Additional Counsel Listed on Following Page

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

L.T., SEVAK MESROBIAN, JOSE MAURO SALAZAR GARZA, AND J.M., on behalf of themselves and all others similarly situated; COALITION FOR HUMANE IMMIGRANT RIGHTS,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director; JAIME RIOS, Acting Director of Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Defendants.

Case No. 5:26-cv-00322-SSS-SPx

**PLAINTIFFS' *EX PARTE* APPLICATION TO SHORTEN TIME FOR HEARING ON PLAINTIFFS' MOTION TO ENFORCE THE FIRST AMENDED PRELIMINARY INJUNCTION**

**CLASS ACTION**

**Ctrm:** 2, 2nd Floor
3470 12th Street
Riverside, CA 92501
Hon. Sunshine Sykes

Date Filed: January 26, 2026
Trial Date: November 8, 2027

IMMIGRANT DEFENDERS LAW CENTER
ALVARO M. HUERTA (SBN 274787)
ahuerta@immdef.org
CARSON ADRIANNA SCOTT (SBN 337102)
cscott@immdef.org
ALISON STEFFEL (SBN 346370)
asteffel@immdef.org
634 S. Spring Street, 10th Floor
Los Angeles, CA 90014
Tel: 213-634-0999

COALITION FOR HUMANE IMMIGRANT RIGHTS
CARL BERGQUIST (*pro hac vice*)
cbergquist@chirla.org
2351 Hempstead Road
Ottawa Hills, OH 43606
Tel: 310-279-6025

ADAM REESE (SBN 362898)
areese@chirla.org
2533 West Third Street, Suite 101
Los Angeles, CA 90057
Tel: 213-353-1333

WILLKIE FARR & GALLAGHER LLP
NICHOLAS REDDICK (SBN 288779)
nreddick@willkie.com
STEPHEN HENRICK (SBN 310539)
shenrick@willkie.com
ALYXANDRA VERNON (SBN 327699)
avernon@willkie.com
JACOB KARIM (SBN 340376)
jkarim@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Tel: 415-858-7400

VINCENT R. BIAGIOTTI (*pro hac vice*)
vbiagiotti@willkie.com
787 Seventh Avenue
New York, NY 10019-6099
Tel: 212-728-8000

*Attorneys for Plaintiffs*

Plaintiffs respectfully apply *ex parte* for an order shortening time for hearing on their concurrently filed Motion to Enforce the First Amended Preliminary Injunction (the "Motion"). Plaintiffs request a hearing on Friday, October 16, 2026, with Defendants' opposition due October 13, 2026 and Plaintiffs' optional reply due October 15, 2026. At the September 1, 2026 status conference, the Court indicated that enforcement of the Injunction should proceed by noticed motion rather than *ex parte* application. Plaintiffs have followed that guidance and seek here only an order shortening time on the noticed Motion. Plaintiffs also request that the Court excuse strict compliance with Local Rule 7-3's requirement that counsel confer at least seven days before filing. This Application is supported by the concurrently filed Declaration of Amelia Piazza and the papers filed in support of the Motion.

# I. *EX PARTE* RELIEF IS WARRANTED

*Ex parte* relief is appropriate where "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and the moving party is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both requirements are met here.

## A. Plaintiffs Would Be Irreparably Prejudiced If the Motion Were Heard on Regular Notice

The Court has already found that the conditions challenged here cause irreparable harm. ECF 121 at 36. Those harms recur every day the Injunction goes unenforced. Each night, class members are awakened for four headcounts rather than the two the Court permitted. ECF 177 at 10–11, 26. Each day, they receive less than the four hours of outdoor access the Court ordered. *Id.* at 8. Each visit, families are denied the physical contact the Court required Defendants to allow. *Id.* at 9.

Ordinary noticed-motion practice would leave those harms in place for weeks. Plaintiffs have noticed the Motion for November 6, 2026, the first available hearing date consistent with ordinary motion practice. By then, class members would have

endured weeks more of the very conditions the Injunction was designed to stop. A later hearing cannot restore sleep already interrupted, outdoor time already denied, or physical contact already withheld during a family visit. *See Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017); *cf. Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality).

**B. Plaintiffs Did Not Create the Need for Expedited Relief**

The urgency is not of Plaintiffs' own making. Plaintiffs obtained the Preliminary Injunction in July, asked Defendants to confirm compliance and received no meaningful response, ECF 123-2, and sought emergency relief on August 27 after receiving reports of continuing violations. ECF 123. Since then, the Court has amended the monitoring provisions, appointed independent Monitors, and twice issued orders to show cause concerning Defendants' compliance with the monitoring requirements. *See* ECF 147; ECF 155; ECF 178.

What Plaintiffs could not do was create the independent record now before the Court. The Injunction places compliance verification in the hands of the Court's independent Monitors, ECF 147 ¶ 5, and the Conditions Monitor's first report—confirming that substantive violations persisted through September—was filed on October 1. ECF 177. Plaintiffs provided Defendants notice on October 6 and filed their Motion to Enforce the next day–six days after the report. The timing reflects when the Monitor's findings became available and the Court's direction that enforcement proceed by noticed motion—not delay by Plaintiffs.

**II. THE REQUESTED SCHEDULE IS REASONABLE**

The requested schedule balances the need for prompt enforcement with Defendants' opportunity to be heard. Plaintiffs propose that Defendants file their opposition by Tuesday, October 13, that Plaintiffs may file an optional reply by Thursday, October 15, and that the Court hear the Motion on Friday, October 16. Six days to oppose is adequate here. Defendants have had the Conditions Monitor's Report since October 1; they are already preparing a written response to the Court's

October 2 Order to Show Cause, due October 7, ECF 178 at 4; and the conditions at issue have been before the Court since Plaintiffs' August 27 application, ECF 123. Plaintiffs do not object to the Court deciding the Motion without oral argument under Local Rule 7-15, and are prepared to address the schedule at the October 9 status conference if the Court finds that convenient.

**III. NOTICE TO OPPOSING COUNSEL (L.R. 7-19, 7-19.1)**

Plaintiffs' counsel notified Defendants' counsel of this Application and the underlying Motion by telephone on October 6, 2026. Piazza Decl. ¶ 2. Defendants' counsel have not stated a position on this Application. *Id.* ¶ 3.

Pursuant to Local Rule 7-19, Defendants' counsel's contact information is copied below:

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK (Cal. Bar No. 204496)
Assistant United States Attorney
Acting Chief, Civil Division
Telephone : (213) 894-2574
Email: Daniel.Beck@usdoj.gov
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PUSHKAL MISHRA (Cal. Bar No. 298695)
Special Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (714) 338-3503
E-mail: pushkal.mishra@usdoj.gov

## IV. CONCLUSION

Plaintiffs respectfully request that the Court shorten time and hear the Motion to Enforce on October 16, 2026, with Defendants' opposition due October 13 and any reply due October 15.

Dated: October 7, 2026

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

By: */s/ Nicholas Reddick*
Nicholas Reddick
Stephen Henrick
Alyxandra Vernon
Jacob Karim
Vincent R. Biagiotti (*pro hac vice*)

PUBLIC COUNSEL

By: */s/ Rebecca Brown*
Rebecca Brown
Sophia Wrench
Amelia Piazza
Belinda Escobosa

IMMIGRANT DEFENDERS LAW CENTER

By: */s/ Alvaro M. Huerta*
Alvaro M. Huerta
Carson Adrianna Scott
Alison Steffel

COALITION FOR HUMANE IMMIGRANT RIGHTS

By: */s/ Carl Bergquist*
Carl Bergquist (*pro hac vice*)
Adam Reese