TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PUSHKAL MISHRA (Cal. Bar No. 298695)
Special Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (714) 338-3503
E-mail: pushkal.mishra@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

L.T., *et al.*,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), *et al.*,

Defendants.

No. 5:26-cv-00322-SSS-SP

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON PLAINTIFFS' MOTION TO ENFORCE THE FIRST AMENDED PRELIMINARY INJUNCTION (ECF 180)**

[Declaration of Pushkal Mishra filed concurrently]

Honorable Sunshine Suzanne Sykes
United States District Judge

## I. INTRODUCTION

Having already disregarded Local Rule 7-3 in Plaintiffs' Motion to Enforce the First Amended Preliminary Injunction ("Motion to Enforce") (ECF 179), Plaintiffs now seek through an Ex Parte Application ("Application") (ECF 180) to shorten Defendants' time to respond to the Motion to Enforce. For themselves, the Plaintiffs have taken ample time to prepare the Motion to Enforce and accompanying Application. In contrast, Plaintiffs seek to force Defendants to prepare an Opposition by October 13. Moreover, Plaintiffs refused to give Defendants more than a single day to file this Opposition to the Application. This comes after the Court already expressly indicated that any request to enforce the First Amended Preliminary Injunction should be made by noticed motion. *See* ECF 150 at 1-2 (stating at the September 1 hearing on Plaintiffs' last *ex parte* application to enforce the preliminary injunction that a request to enforce should be made as a noticed motion).

The Application should be denied as a matter of fundamental fairness. This Court has already indicated that Plaintiffs must use a properly noticed motion to seek enforcement of the First Amended Preliminary Injunction. A properly noticed motion means complying with Local Rule 7-9 and affording Defendants sufficient time to respond. Instead, Plaintiffs ignored Local Rule 7-9 and now seek to shorten Defendants' time to respond.

If Plaintiffs truly believe that this Motion requires expedited consideration, the Defendants are amenable to a compromise: Defendants propose that Defendants file their Opposition brief by October 16 (which would be the minimum normal time provided to file an opposition brief), and that the deadline for Plaintiffs' optional reply brief and hearing date then be advanced as quickly as the Defendants and the Court see fit. This would minimize the prejudice to Defendants, while still permitting Plaintiffs to pursue the expedited hearing they seek. Plaintiffs, for example, do not need to file a reply if they wish to expedite matters. But having taken all the time they wish to prepare their own moving papers, the Plaintiffs cannot properly cut short the Defendants' time to oppose.

## II. FACTUAL BACKGROUND

Plaintiffs did not notify Defendants of the Motion to Enforce or this Application until October 6, the day before they were filed. Declaration of Pushkal Mishra ("Mishra Decl.") at ¶ 4. On that October 6, 2026, call, Defense Counsel reminded Plaintiffs' Counsel of this Court's instruction that any request to enforce the First Amended Preliminary Injunction should be made via noticed motion. Mishra Decl. at ¶ 4. Defense Counsel specifically cited the September 1 hearing (ECF 150, 1-2) on Plaintiffs' prior *ex parte* motion to enforce the preliminary injunction at which this Court gave that instruction. *Id*. Defense Counsel also raised the Local Rule 7-3 requirement that a meet and confer conference take place at least a week prior to filing a noticed motion. *Id*. at ¶ 5. Plaintiffs' Counsel indicated that this Application is designed to bypass Local Rule 7-3. *Id*.

Defense Counsel requested that the parties stipulate to a briefing schedule, but Plaintiffs declined to do so. *Id*. at ¶ 4. Defense Counsel also requested that Plaintiffs grant Defendants 48 hours to respond to this Application, or, at minimum, indicate in the Application that Defendants made a request for a 1-day extension to respond; again, Defendants did not do so. *Id*. at ¶ 6.

## III. LEGAL STANDARD

The well-recognized standard for reviewing *ex parte* applications in this District is *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), which this Court summarized as follows:

> *Ex parte* applications are "rarely justified." The abbreviated procedures allowed by the granting of an *ex parte* application circumvent the "safeguards that have evolved over many decades [ ] built into the Federal Rules of Civil Procedure and the Local Rules." These safeguards include the timelines for "submission of responding papers and for the setting of hearings [ ] intended to provide a framework for the fair, orderly, and efficient resolution of disputes."

*Paige, LLC v. Shop Paige LLC*, No. 2:22-CV-07800-HDV, 2024 WL 4436899, at *1 (C.D.

Cal. Aug. 1, 2024) (denying *ex parte* application to shorten time) (citations omitted).[1]

*Ex parte* relief requires two showings. *First*, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). *Second*, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* "It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* (cleaned up).

The showing must also rest on competent evidence. The reasons offered "must be supported by deposition transcripts or by affidavits or declarations whose contents would be admissible if the deponents, affiants, or declarants were testifying in court. A statement 'on information and belief' by the lawyer preparing the papers is insufficient." *Id.* at 492. The Ninth Circuit likewise rejects a conclusory assertion as a basis to bypass notice; otherwise, *ex parte* orders "would be the norm" and Rule 65's notice requirement would be gutted. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006).

## IV. ARGUMENT

### A. Plaintiffs Have Already Violated The Local Rules By Not Meeting And Conferring In Advance On Their Preliminary Injunction Motion; Granting The Ex Parte Application Would Further Prejudice The Government

Plaintiffs did not notify Defendants of the Motion To Enforce or this Application

---

[1] *See also Arredondo v. Univ. of La Verne*, 618 F. Supp. 3d 937, 943 (C.D. Cal. Aug. 2, 2022) ("Ex parte applications are solely for extraordinary relief and are rarely justified."); *Est. of Wuxi Chenhwat Almatech Co. v. Prestige Autotech Corp.*, 2022 WL 17363058, at *2 (C.D. Cal. Nov. 3, 2022) ("Ex parte applications are nearly always improper, and the opportunities for legitimate ones are extremely limited"); *MAG Aerospace Indus., LLC v. Precise Aerospace Mfg., Inc.*, 2019 WL 1427272, at *1 (C.D. Cal. Jan. 25, 2019) ("[a]n ex parte application … is appropriate in only rare circumstances").

until October 6, the day before they were filed. Even at that time, Plaintiffs still did not explain the substance of their intended motion. In doing so, Plaintiffs unilaterally cut short Defendants' time to investigate, respond, and potentially narrow the issues in the Motion to Enforce through the meet and confer process.

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution," and that "[t]he conference shall take place at least seven (7) days prior to the filing of the motion." While there is no meet and confer requirement for *ex parte* applications for PIs (*see* L.R. 7-3), movant's counsel must meet and confer at least seven days in advance for a motion for preliminary injunction. Especially because the Court already instructed that motions to enforce the preliminary injunction should be brought as fully noticed motions, it would be entirely appropriate for the Court to outright deny the Motion to Enforce for failure to meet and confer. [2]

**B. Plaintiffs Have Not Shown They Will Be Irreparably Injured**

Plaintiffs cannot show—as they must—that they "will be irreparably prejudiced" if the Motion to Enforce is "heard according to regular noticed motion procedures." *Mission Power*, 883 F. Supp. at 492. This is particularly true given Defendants' offer to shorten the time for Defendants' reply brief and until the hearing date, so long as Defendants receive the time provided under the Local Rules to prepare an Opposition. Defendants merely request 3 additional days, days which Defendants are entitled to under the Local Rules, beyond what Plaintiffs demand to prepare an Opposition. Moreover, the harmful

[2] *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1087 (C.D. Cal. 2015) ("When a party fails to comply with Local Rule 7-3, the court can, in its discretion, refuse to consider the motion."); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 486 (C.D. Cal. 2007) (court may deny a motion where Local Rule 7-3 meet and confer requirement not satisfied); *Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009) (denying motion for failure to comply with Local Rules and warning "that nothing short of strict compliance with the local rules will be expected in this Court.").

conditions that Plaintiffs allege at the Adelanto facility are disputed and do not accurately describe current conditions. Conditions at the Adelanto facility can be more accurately evaluated after the October 9 hearing.

**C. Plaintiffs Manufactured The Exigency They Now Invoke**

Any prejudice to Plaintiffs (if any exists) is self-inflicted and results from Plaintiffs' Counsels' lack of due diligence. *Goldenwest Logistics, LLC v. Elevation Trucking Servs., Inc.*, 2023 WL 5667861, at *1 (C.D. Cal. July 13, 2023) ("First of all, Plaintiff has failed to establish that it would be 'irreparably prejudiced' absent *ex parte* relief.") (quoting *Mission Power*, 883 F. Supp. at 492). Courts in this District routinely deny *ex parte* applications where, as here, it could have been heard as a regularly noticed motion. *See, e.g.*, *A.J.P. v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 125405, at *4 (C.D. Cal. July 16, 2024) ("*ex parte* relief is still not justified because this matter could have been filed as a regularly noticed motion").

Here, if the issues in the Motion to Enforce were genuinely urgent, then Plaintiffs' Counsel should have raised their requested relief with Defendants and the Court much earlier. Plaintiffs have been contemplating the Motion to Enforce and this Application since at least as early as October 2nd. *See* Mishra Decl. at ¶ 7, Exhibit 1.

**V. CONCLUSION**

Defendants respectfully request that the Court deny Plaintiffs' *ex parte* application. In the alternative, Defendants request that the deadline for Defendants to file an Opposition to the Motion to Enforce remain set for October 16, and that the Court only advance the reply and hearing dates as appropriate. Indeed, a reply is not required if Plaintiffs genuinely desire to proceed expeditiously.

Respectfully submitted,

Dated: October 8, 2026

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Pushkal Mishra*
PUSHKAL MISHRA
Special Assistant United States Attorney

Attorneys for Defendants

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2**

The undersigned, counsel of record for Defendants, certifies that the memorandum of points and authorities contains approximately 1,764 words, which complies with the word limit of Local Rule 11-6.1.

Dated: October 8, 2026

*/s/ Pushkal Mishra*
PUSHKAL MISHRA