UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00322-SSS-SP | Date | October 19, 2026 |
| Title | *L.T., et al. v. U.S. Immigration and Customs Enforcement, et al.* | | |

Present: The Honorable SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING DEFENDANTS' *EX PARTE* APPLICATION FOR STAY PENDING APPEAL OF ECF 130 AND ECF 147 [DKT. NO. 185]**

Before the Court is Defendants' *Ex Parte* Application for Stay Pending Appeal of ECF 130 and ECF 147. [Dkt. No. 185, *Ex Parte* Appl.]. Plaintiffs oppose. [Dkt. No. 190, Opp'n]. Having reviewed the parties' arguments, relevant legal authority, and record in this case, the *Ex Parte* Application is **DENIED**.

On July 16, 2026, the Court issued a preliminary injunction ordering Defendants to provide adequate medical care and constitutionally sufficient conditions of confinement to two classes of detainees at Adelanto ICE Processing Center. [Dkt. No. 104]. The Court modified the preliminary injunction twice: once on August 28, 2026, [Dkt. No. 130], and another on September 11, 2026, [Dkt. No. 147]. Defendants now apply *ex parte* to stay the modifications to the preliminary injunction pending resolution of the appeal.

*Ex parte* applications are solely for extraordinary relief, rarely justified, and should be filed sparingly. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490–92 (C.D. Cal. 1995); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (recognizing that the "circumstances justifying the issuance of an ex parte order are extremely limited"). To

justify *ex parte* relief, Defendants must show that they are "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492.

Defendants have not shown this crisis is not their fault because they fail to meaningfully explain why they waited 42 days after the August 28 order and 29 days after the September 11 order to apply for *ex parte* relief.

At best, they contend they are without fault in creating this crisis because they objected to the proposed modifications at the September 4, 2026 status conference, and because they orally requested a stay at the October 9, 2026 status conference. [Dkt. No. 185-1, Decl. of Pushkal Mishra ¶ 5]. This argument is unavailing. *First*, even if Defendants objected to the substance of the proposed modifications at the September 4 status conference, they did not orally request to stay the modifications for the reasons stated in this *Ex Parte* Application. [*Compare* Dkt. No. 157, *with Ex Parte* Appl.]. *Second*, although true that Defendants orally requested a stay on October 9, what they leave unanswered is *why* they waited 40 days after the August 28 order and 27 days after the September 11 order to make this oral request.

For these reasons, the Court finds *ex parte* relief is not justified and **DENIES** the *Ex Parte* Application.

**IT IS SO ORDERED.**