UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

L.T., SEVAK MESROBIAN, JOSE MAURO SALAZAR GARZA, AND J.M., on behalf of themselves and all others similarly situated; COALITION FOR HUMANE IMMIGRANT RIGHTS,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director; JAIME RIOS, Acting Director of Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Defendants.

Case No. 5:26-cv-00322-SSS (SPx)

**[PROPOSED] ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO ENFORCE THE FIRST AMENDED PRELIMINARY INJUNCTION**

Before the Court is Plaintiffs' Renewed Motion to Enforce the First Amended Preliminary Injunction (the "Motion"). Having considered the Motion, the supporting declarations and exhibits, including the October 21, 2026 Declaration of Sophia Wrench, October 21, 2026 Declaration of Alison Steffel, and the October 22, 2026 Declaration of Amelia Piazza, the Conditions Monitor's October 1, 2026 Report (ECF 177), the Medical Monitor's October 1, 2026 Report (ECF 176), Defendants' opposition, and the record in this action, the Court GRANTS the Motion as follows.

## I. BACKGROUND

On July 16, 2026, the Court entered a Preliminary Injunction requiring Defendants to provide specified conditions of confinement at the Adelanto ICE Processing Center. ECF 104; *see* ECF 121. The Ninth Circuit denied Defendants' motion for a stay pending appeal on August 20, 2026. On September 11, 2026, the Court entered the First Amended Preliminary Injunction (the "Injunction"), which modified the monitoring provisions but left the substantive conditions requirements of Paragraphs 1 and 2 unchanged. ECF 147. On October 1, 2026, the Court-appointed Conditions Monitor filed her first monthly report, based on an unannounced two-day inspection and review of Defendants' records. ECF 177.

## II. FINDINGS

Based on the Conditions Monitor's Report and the declarations submitted in support of the Motion, the Court finds that Defendants have failed to comply with the following provisions of the Injunction:

1. **Paragraph 1(a) (potable water)**. Detained individuals continue to report inadequate access to clean drinking water. ECF 177 at 3–5; Wrench Oct. 21 Decl. ¶ 8; Steffel Decl. ¶¶ 27–28.

2. **Paragraph 1(b) (meals)**. Detained individuals continue to report inadequate portions and unsanitary meals. ECF 177 at 5; Wrench Oct. 21 Decl. ¶¶ 9–11; Steffel Decl. ¶¶ 29–31.

3. **Paragraph 1(c) (sanitation and mold remediation)**. Mold and related sanitation deficiencies persist in Adelanto West, and detained women report repeated sewage water flooding in Adelanto East. ECF 177 at 6–7, 24; Steffel Decl. ¶¶ 4–26.

4. **Paragraph 1(d) (privacy)**. Adequate bathroom privacy remains unavailable in portions of Adelanto West, and women at Adelanto East report that overhead surveillance cameras defeat the privacy afforded by toilet curtains. ECF 177 at 7, 18; Wrench Oct. 21 Decl. ¶¶ 18–19; Steffel Decl. ¶¶ 33–34.

5. **Paragraph 1(e) (clothing)**. Detained individuals continue to report insufficient temperature-appropriate clothing. ECF 177 at 8; Steffel Decl. ¶¶ 40–41.

6. **Paragraph 1(f) (bedding)**. Mattresses remain inadequate, and detained individuals report receiving wet bedding. ECF 177 at 8, 25; Steffel Decl. ¶ 42.

7. **Paragraph 1(g) (outdoor recreation)**. Defendants continue to provide substantially less than the four hours of daily outdoor recreation required by the Injunction. ECF 177 at 8, 25; Steffel Decl. ¶¶ 37–39.

8. **Paragraph 1(h) (visitation)**. Defendants continue to restrict physical contact during visitation and impose limitations inconsistent with the Injunction. ECF 177 at 9–10; Wrench Oct. 21 Decl. ¶¶ 25–26; Steffel Decl. ¶¶ 47–48.

9. **Paragraph 2 (headcounts)**. Defendants continue to conduct more than the permitted number of headcounts, including during nighttime hours. ECF 177 at 10–11, 26; Steffel Decl. ¶¶ 44–46.

## III. ORDER

Accordingly, IT IS HEREBY ORDERED:

**A. Compliance Directives.** To enforce Paragraphs 1(a)–(h) and 2 of the Injunction, and consistent with the Conditions Monitor's recommendations (ECF 177 at 18, 24–26), Defendants shall take the following measures, or such other measures as achieve compliance with the identified provision, subject to the Monitors' verification:

**1. Within three (3) days of the Court's Order:**

(a) Conform the headcount schedule to Paragraph 2, including no more than two counts between 8:01 p.m. and 8:59 a.m. and out-count daytime counts absent a documented security risk;

(b) Implement a visitation policy that permits physical contact with adult visitors absent a documented, individualized security risk; begins visitation at the posted time and with unlimited duration pending availability; and permits visitors to use the restroom in the visiting area without cancellation of the visit;

(c) Ensure that the new filtration system provides 24-hour access to clean drinking water;

(d) Serve nutritious meals prepared and delivered in a sanitary manner at times that permit detained individuals to receive them, including breakfast no earlier than 6:00 a.m.;

(e) Provide temperature-appropriate clothing, including shorts and sweatshirts, to class members upon request and at no cost; and

(f) Implement a schedule providing all class members four hours of outdoor recreation in the main yard, seven days per week.

**2. Within fourteen (14) days of the Court's Order:**

(a) Complete installation in all units of the NSF-certified water-filtration system Defendants have prepared, and attest that the system is up to proper standard, ECF 177 at 4;

(b) Install quick-release privacy barriers around in-cell toilets in general-population housing, beginning with cells housing more than two occupants, and remove surveillance cameras pointing directly toward toilets;

(c) Replace worn, cracked, or thin mattresses with new mattresses; and

(d) File a mold-remediation plan addressing the underlying moisture conditions in the Adelanto West shower rooms and the repair of cracked ductwork in both buildings,

and complete the remediation within thirty (30) days, subject to the Conditions Monitor's verification, unless the Court orders otherwise for good cause.

Within one (1) court day after each deadline above, Defendants shall file a status report confirming completion of each item or explaining any item not completed.

**B. Order to Show Cause.** Defendants are ORDERED TO SHOW CAUSE, in writing, by **[DATE]**, why they should not be held in civil contempt for violating Paragraphs 1(a)–(h) and 2 of the Injunction. Plaintiffs may file a response by [DATE]. The Court will thereafter determine whether to hold Defendants in contempt and, if so, whether to impose coercive sanctions of $500 per day for each provision with which Defendants remain out of compliance, accruing from a date set by the Court, payable to the registry of the Court, and purgeable upon a sworn showing of compliance by a responsible ICE official verified by the Monitors. *See* ECF 155 at 3. If the Court imposes coercive sanctions, Defendants shall file daily sworn compliance reports as to each provision subject to sanctions, as the Court previously required, *see* ECF 155 at 3, until the sanctions are purged.

**C. Compliance Reporting**. Beginning **[DATE]** and every seven (7) days thereafter until further order or until daily reporting is required under Paragraph B above, Defendants shall file a sworn compliance report, served on the Monitors, addressing each of Paragraphs 1(a)–(h) and 2 separately. For each provision, the report shall state whether Defendants are in compliance, the specific steps taken to achieve and verify compliance, and any remaining deficiency or claimed inability to comply, and shall attach the principal records supporting Defendants' account. The Monitors may file a response to any report.

**D.** The Court retains jurisdiction to enforce this Order and the Injunction.

IT IS SO ORDERED.

Dated:

SUNSHINE S. SYKES
United States District Judge